**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

FLOYD'S OF LEADVILLE, INC.,                      :
N/K/A VALUED, INC.,                              :
                                                 :
       Plaintiff,                           :
                                                 :
       vs.                                  :    Case No.:  1:22-cv-03318-MKV
                                                 :
ALEXANDER CAPITAL, L.P., NESA                    :
MANAGEMENT, LLC, JOSEPH ANTHONY                  :
AMATO, ROCCO GERARD GUIDICIPIETRO,               :
JONATHAN GAZDAK, GREGORY HURLEY,                 :
HOWARD DASILVA, RONALD BARRIE                    :
CLAPHAM, MARK LEONARD, THIEN                      :
TRUONG, PROVISION HOLDING, INC.,                 :
TIMOTHY KELLY, and THREE DDD, LLC,               :
                                                 :
       Defendants.                          :
                                                 :

------------------------------------------------------------------

<u>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ALEXANDER**
**CAPITAL, L.P., NESA MANAGEMENT, LLC, JOSEPH ANTHONY AMATO, ROCCO**
**GUIDICIPIETRO, AND JONATHAN GAZDAK**</u>

       Pursuant to Fed. R. Civ. P. 8, Defendants Alexander Capital, L.P. ("Alexander Capital"),

NESA Management, LLC ("NESA"), Joseph Amato, Rocco Guidicipietro, and Jonathan Gazdak

(collectively "Defendants"), by and through their undersigned counsel, hereby submit their

Answer to Plaintiff's Complaint and assert the following defenses.

    **I.**      **Plaintiff's Allegations**

    1.       Denied.

2.    Denied.

3.    Denied.

4.    Defendants lack sufficient personal knowledge to admit or deny this allegation.

5.    Admitted that Alexander Capital is a Delaware limited partnership with its principal place of business in New York, NY.  Admitted that Alexander Capital is a broker-dealer registered with FINRA and the SEC.  Admitted that Alexander Capital's partners are domiciled in and citizens of New York, New Jersey, and Pennsylvania and that none of Alexander Capital's partners are domiciled in or are citizens of Colorado.  Denied that Alexander Capital has any partners who are domiciled in or citizens of Florida and Georgia.

6.    Admitted.

7.    Admitted that Defendant Amato is domiciled in and a citizen of the State of New Jersey.  Denied that Defendant Amato has been a partner of Alexander Capital since March 2013.

8.    Admitted that Defendant Guidicipietro is domiciled in and a citizen of the State of New Jersey.  Denied that Defendant Guidicipietro has been a partner of Alexander Capital since April 2012.  Admitted that Defendants Amato and Guidicipietro have indirect ownership interests in Alexander Capital.  Denied that Defendants NESA, Amato, and Guidicipietro are liable jointly and severally for all obligations of the partnership. Defendants deny all remaining allegations of this paragraph.

9.    Admitted.

10.    Defendants lack sufficient personal knowledge to admit or deny this allegation.

11.    Defendants lack sufficient personal knowledge to admit or deny this allegation.

2

12.     Defendants lack sufficient personal knowledge to admit or deny this allegation.

13.     Defendants lack sufficient personal knowledge to admit or deny this allegation.

14.     Defendants lack sufficient personal knowledge to admit or deny this allegation.

15.     Defendants lack sufficient personal knowledge to admit or deny this allegation.

16.     Defendants lack sufficient personal knowledge to admit or deny this allegation.

17.     Defendants lack sufficient personal knowledge to admit or deny this allegation.

18.     Defendants admit that this Court has subject matter jurisdiction.

19.     Defendants admit that venue is proper.

20.     Defendants lack sufficient personal knowledge to admit or deny this allegation.

21.     Defendants lack sufficient personal knowledge to admit or deny this allegation.

22.     Defendants admit that Frank DiMartini was a FINRA-registered broker with Alexander Capital. Defendants lack sufficient personal knowledge to admit or deny the remaining allegations of this paragraph.

23.     Denied.

24.     Defendants admit that Frank DiMartini was Plaintiff's primary contact at Alexander Capital until his registration with Alexander Capital ended.  Defendants deny that Timothy Kelly was an authorized broker and/or agent of Alexander Capital.

25.     Denied.

26.     Defendants admit that Alexander Capital and Plaintiff entered into an Engagement Agreement on October 20, 2017, and that Defendant Gazdak signed the Agreement on behalf of Alexander Capital.  Defendants deny that this paragraph accurately reflects the contents of the

Engagement Agreement. The document speaks for itself.   Defendants deny the remaining allegations of this paragraph.

27.     Defendants deny that this paragraph accurately reflects the contents of the Engagement Agreement. The document speaks for itself.   Defendants deny the remaining allegations of this paragraph.

28.     Defendants deny that this paragraph accurately reflects the contents of the Engagement Agreement. The document speaks for itself.

29.     Denied.

30.     Defendants deny that this paragraph accurately reflects the contents of the Engagement Agreement. The document speaks for itself.  Admitted that Alexander Capital raised and Plaintiff accepted more than $4 million in funds.

31.     Denied.

32.     Defendants lack sufficient personal knowledge to admit or deny this allegation. Defendants deny that Defendant Gazdak, Amato, or Guidicipietro were involved in the initial negotiation of the terms of the lending documents.

33.     Denied.

34.     Denied.

35.     Denied as to Defendants Alexander Capital, NESA, Amato, Guidicipietro, and Gazdak.   Defendants lack sufficient personal knowledge regarding representations made by DiMartini to Plaintiff.

36.     Denied.

4

37.     Denied.

38.     Denied.

39.     Defendants deny that CMD was representing Alexander Capital in connection with the Floyd's engagement.  Defendants deny that CMD or DiChiara prepared lending documents on Alexander Capital's behalf for use in connection with its solicitation of investments for Plaintiff. Defendants deny the remaining allegations of this paragraph.

40.     Defendants deny that Alexander Capital "wanted to create a false record suggesting that DiChiara and CMD were FOL's lawyers when they were drafting the lending documents on Alexander Capital's behalf" and that "CMD and DiChiara drafted the lending documents for Alexander Capital's benefit."  Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

41.     Defendants deny that Alexander Capital colluded with CMD and DiChiara to benefit Alexander Capital at FOL's expense.  Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

42.     Denied that Alexander Capital was retained as FOL's agent under the terms of the Engagement Agreement.  The Engagement Agreement explicitly provides that "Neither Alexander nor the Company shall represent itself as the agent or legal representative of the other for any purpose whatsoever nor shall either have the power to obligate or bind the other in any manner whatsoever. Alexander in performing its services hereunder, shall at all times be an independent contractor." (Ex. A to Engagement Agreement, Standard Terms and Conditions, ¶ 9.) Defendants admit that the lending documents prepared by Plaintiff's counsel and executed by Plaintiff

contained a provision appointing Alexander Capital as "agent" of the noteholders to "act solely as an administrative representative" and should "not be deemed to have assumed any obligation toward or relationship of agency or trust with or for" the noteholders or Plaintiff.   Defendants deny the remaining allegations of this paragraph.

43.    Denied.

44.    Denied.

45.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

46.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied that Alexander Capital did not place Plaintiff's interests first.  Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Defendants admit that Alexander Capital received a 10% commission on all funds raised for Plaintiff.  Defendants deny the remaining allegations of this paragraph.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    This allegation asserts a hypothetical example.  Defendants deny that they are liable to Plaintiff under any claims for any damages.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.      Denied.

76.      Denied.

77.      Denied.

78.      Denied.

79.      Defendants deny there was any secret side-deal.  Defendants deny that Defendant Gazdak has a supervisory role over brokers who serve retail clients at the firm.  Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph regarding representations made by DiMartini to Plaintiff or the investors.  Defendants deny the remaining allegations of this paragraph.

80.      Denied.

81.      Denied.

82.      Denied.

83.      Defendants deny that they are liable to Plaintiff under any claims for any damages.

84.      This allegation asserts legal conclusions.  Defendants deny that they are liable to Plaintiff under any claims for any damages.

85.      Denied.

86.      Denied.

87.      Denied.

88.      Denied.

89.      Denied.

90.      Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     This allegation asserts a conclusion of law; the law speaks for itself.  The allegation that "the investments were to provide" certain requirements is ambiguous.  Defendants deny that this allegation accurately states the content of the lending documents as executed by Plaintiff and the investors. Section 22, "Restrictions Against Transfer or Assignment," of the Senior Secured Promissory Note for each investment provides: "This Note may not be sold, transferred, assigned, pledged, hypothecated or otherwise disposed of by the Registered Holder hereof, in whole or in part, unless and until either (i) the Note has been duly and effectively registered for resale under the Securities Act of 1933, as amended, and under any then applicable state securities laws; or (ii) the Registered Holder delivers to the Company a written opinion acceptable to the Company's counsel that an exemption from such registration requirements is then available with respect to any such proposed sale or disposition. Any transfer of this Note otherwise permissible hereunder shall be made only at the princip[al] office of the Company upon surrender of this Note for cancellation and upon the payment of any transfer tax or other government charge connected therewith, and upon any such transfer a new [] Note will be issued to the transferee in exchange therefor."

95.     Denied.

96.     Denied.

97.     Denied.

9

98.     Denied.

99.     Denied.

100.     Defendants deny that Alexander Capital has a history of manipulating and fabricating documents.  Defendants deny the allegations asserted against Alexander Capital in *Aquino v. Alexander Capital, LP, et al.*, Case No. 1:21-cv-01355-JSR.  Defendants deny all other remaining allegations of this paragraph.

101.     Defendants admit that plaintiff in the *Aquino* matter is suing Alexander Capital for fraud, fraudulent inducement, breach of contract, and breach of fiduciary duty.  Defendants deny the allegations and have moved for summary judgment on all claims.

102.     Denied.

103.     Denied.

104.     Defendants admit that the funds received from investors were temporarily held in an escrow account maintained by CMD before being distributed to Plaintiff.  Denied that Kelly was a party to the escrow agreement.

105.     Denied.

106.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

107.     Defendants deny that this paragraph accurately reflects the contents of the Engagement Agreement.  The document speaks for itself.

108.     Defendants deny that Alexander Capital utilized Kelly's services.  Kelly worked for Plaintiff.

109. Denied.

110. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

111. Defendants admit that Alexander Capital received a commission of 10% of the funds raised pursuant to the engagement. Defendants deny the remaining allegations of this paragraph.

112. Denied.

113. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

114. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

115. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

116. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

117. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

118. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

119. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

120.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

121.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

122.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

123.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

124.    Denied that Alexander Capital received any warrants in connection with Plaintiff's loan to Provision. Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

125.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

126.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

127.    Denied that Alexander Capital received a kickback of $50,000 in connection with Plaintiff's loan to Provision. Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

128.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

129. Admitted that Alexander Capital had an agreement with Leonard to broker the sale of some of his shares. The cap tables maintained and produced by CMD as Plaintiff's counsel showed Kelly as an owner of shares. Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

130. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

131. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

132. Denied.

133. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

134. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

135. Denied that Burgess was a non-accredited investor. Burgess executed documents attesting to the fact that he was an accredited investor. Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

136. Denied.

137. Denied

138. Admitted that this is a common method for a privately held company to go public. Otherwise denied.

139. Denied.

140.    Denied.

141.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

142.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Admitted that DiMartini was on the Advisory Board created for the purpose of attempting to resolve Plaintiff's defaults. Defendants deny the remaining allegations of this paragraph.

147.    Admitted that the purpose of the Advisory Board was to assist Plaintiff with improving its financial condition and to attempt to resolve Plaintiff's defaults. Defendants deny the remaining allegations of this paragraph.

148.    Denied.

149.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

150.    Denied.

151.    Denied.

152.    Defendants deny they were involved in direct conversations with investors about what renegotiation terms were acceptable.  To the extent necessary, Defendants deny the remaining allegations of this paragraph.

153.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph regarding Plaintiff's perspective.  Defendants deny that the Covid-19 pandemic, which had its first U.S. death in February of 2020, would have affected Plaintiff's 2019 revenues.  To the extent necessary, Defendants deny the remaining allegations of this paragraph.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied as to the allegations regarding Defendant Gazdak. Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

158.    Denied.

159.    Denied that Plaintiff did not have direct contact with the investors. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph regarding what Clapham expressed.  To the extent necessary, Defendants deny the remaining allegations of this paragraph.

160.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

161. Defendants lack sufficient personal knowledge to either admit or deny whether Hurley, DaSilva, and John DiMartini accepted Plaintiff's offer. Defendants deny the remaining allegations of this paragraph.

162. Denied.

163. Admitted that Clapham copied Gazdak, DiMartini, and Shawn Weadock on an email with a proposed alternative course of action for consideration by the noteholders to secure repayment by Plaintiff. Denied that Alexander Capital or Gazdak were involved in the creation of the proposal.

164. Other than being released as the administrative agent under the lending documents, Defendants deny having any involvement with Redemption. Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

165. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

166. Defendants deny they formed or executed a plan to acquire FOL. Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

167. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

168. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

16

169.    Other than being released as the administrative agent under the lending documents, Defendants deny having any involvement with Redemption.  Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

170.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

171.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

172.    Defendants deny that Alexander Capital participated in creating the asset schedules. CMD, as Plaintiff's counsel, created the asset schedules that Plaintiff confirmed were accurate. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

173.    Denied as to Alexander Capital.  Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

174.    Admitted that the court in the Colorado litigation denied FOL's motion to bring third-party clams against Defendants in the Colorado litigation.  Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

175.    Defendants deny that they are liable to Plaintiff under any claims for any damages. Defendants lack sufficient personal knowledge to either admit or deny the allegations as to the other named Defendants.

176.    Denied.

177.    Denied.

17

178.     Denied.

179.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

180.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

181.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

182.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

183.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

184.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

185.     Denied.

186.     Defendants deny any acts of wrongdoing.  Defendants further deny that they are liable to Plaintiff under any claims for any damages.  Defendants lack sufficient personal knowledge to either admit or deny the allegations as to the other named Defendants.

187.     Denied.

## COUNT I: FRAUD
### (AGAINST ALEXANDER CAPITAL, GAZDAK, AND THE ALEXANDER CAPITAL PARTNERS)

188.    Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 187.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

## COUNT II: FRAUD
### (AGAINST PROVISION)

198.    Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 197.

199.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

200.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

19

201. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

202. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

203. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

204. Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

**COUNT III: SECURITIES FRAUD**
**(AGAINST ALEXANDER CAPITAL, GAZDAK,**
**AND THE ALEXANDER CAPITAL PARTNERS)**

205. Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 204.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

20

215.     Denied.

216.     Denied.

217.     Denied.

218.     Denied.

## COUNT IV: VIOLATION OF THE INVESTMENT ADVISERS ACT
## (AGAINST ALEXANDER CAPITAL AND THE ALEXANDER CAPITAL PARTNERS)

219.     Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 218.

220.     Defendants admit that Alexander Capital and Plaintiff entered into an Engagement Agreement on October 20, 2017.  Defendants deny that this paragraph accurately reflects the terms of the Engagement Agreement. The document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

221.     Defendants deny that this paragraph accurately reflects the terms of the Engagement Agreement. The document speaks for itself.  Defendants deny the remaining allegations of this paragraph.

222.     Denied.

223.     Denied.

224.     Denied.

225.     Denied.

226.     Denied.

227.     Denied.

228.    Denied.

## COUNT V: AIDING AND ABETTING FRAUD
### (AGAINST HURLEY, DASILVA, CLAPHAM, LEONARD, TRUONG, KELLY, AND THREE DDD)

229.    Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 228.

230.    Denied.

231.    Denied.

232.    Defendants deny they had any involvement in the alleged fraudulent scheme. Defendants lack sufficient personal knowledge to either admit or deny the allegations as to the other named Defendants.

233.    Defendants deny they had any involvement in the alleged fraudulent scheme. Defendants lack sufficient personal knowledge to either admit or deny the allegations as to the other named Defendants.

234.    Defendants deny they had any involvement in the alleged fraudulent scheme. Defendants lack sufficient personal knowledge to either admit or deny the allegations as to the other named Defendants.

235.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

236.    Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

## COUNT VI: BREACH OF FIDUCIARY DUTY
### (AGAINST ALEXANDER CAPITAL, GAZDAK,
### AND THE ALEXANDER CAPITAL PARTNERS)

237.    Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 236.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

## COUNT VII: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (AGAINST HURLEY, DASILVA, CLAPHAM, LEONARD,
### TRUONG, KELLY, AND THREE DDD)

243.    Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 242.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Defendants deny they breached any fiduciary duty allegedly owed to Plaintiff. Defendants lack sufficient personal knowledge to either admit or deny the allegations as to the other named Defendants.

248.     Defendants deny they breached any fiduciary duty allegedly owed to Plaintiff. Defendants lack sufficient personal knowledge to either admit or deny the allegations as to the other named Defendants.

249.     Defendants deny they had any involvement in the alleged fraudulent scheme. Defendants lack sufficient personal knowledge to either admit or deny the allegations as to the other named Defendants.

250.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

<h3 style="text-align:center"><u>COUNT VIII: INTENTIONAL INTERFERENCE WITH<br>PROSPECTIVE ECONOMIC RELATIONS</u><br>(AGAINST HURLEY, DASILVA, CLAPHAM, LEONARD, AND TRUONG)</h3>

251.     Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 250.

252.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

253.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

254.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

255.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

256.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

257.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

258.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

## COUNT IX: CONVERSION
### (AGAINST ALEXANDER CAPITAL, KELLY, LEONARD, AND THE ALEXANDER CAPITAL PARTNERS)

259.     Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 258.

260.     Denied.

261.     Denied.

262.     Denied.

263.     Denied.

264.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

265.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

266.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

25

267.    Defendants further deny that they are liable to Plaintiff under any claims for any damages.

268.    Denied as to Alexander Capital.  Defendants lack sufficient personal knowledge to either admit or deny the allegations as to the other named Defendants.

269.    Denied.

### COUNT X: BREACH OF CONTRACT
### (AGAINST ALEXANDER CAPITAL AND THE ALEXANDER CAPITAL PARTNERS)

270.    Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 269.

271.    Admitted.

272.    Denied.

273.    Defendants deny that Plaintiff has accurately characterized the terms of the Engagement Agreement.  The Engagement Agreement speaks for itself.

274.    Defendants deny making any misrepresentations. Defendants lack sufficient personal knowledge to either admit or deny the remaining allegations of this paragraph.

275.    Denied.

276.    Admitted.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

## COUNT XI: BREACH OF CONTRACT
### (AGAINST PROVISION)

281.     Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 280.

282.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

283.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

284.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

285.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

286.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

287.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

288.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

289.     Defendants lack sufficient personal knowledge to either admit or deny the allegations of this paragraph.

## COUNT XII: CONSPIRACY
### (AGAINST ALL DEFENDANTS)

290.    Defendants reassert the admissions and denials set forth above in Paragraphs 1 – 289.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

## JURY DEMAND

Defendants deny that Plaintiff is entitled to a trial by jury, as it waived that right pursuant to the Engagement Agreement executed on October 23, 2017, attached as Exhibit 1 to Plaintiff's Complaint. (Dkt. 1-1 at 3, ¶ 10; Ex. 1 ¶ 17.)

## REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to judgment in its favor as follows:

1.    Defendants deny that Plaintiff is entitled to compensatory damages.

2.    Defendants deny that Plaintiff is entitled to punitive damages.

3.    Defendants deny that Plaintiff is entitled to attorney fees and costs.

4.    Defendants deny that Plaintiff is entitled to recission.

5.      Defendants deny that Plaintiff is entitled to pre- and post-judgment interest.

6.      Defendants deny that Plaintiff is entitled to any other relief.

## II.    Affirmative Defenses

Pursuant to Fed. R. Civ. P. 12(b) and NY CLS CPLR § 3018 Defendants assert the following affirmative defenses:

### a.    First Affirmative Defense – Laches

Plaintiff's claims are barred by the doctrine of laches.  Plaintiff's claims arise out of an Engagement Agreement executed four-and-a-half years ago in November 2017and funds it secured pursuant to that agreement in 2017 and 2018.  Plaintiff never complained to Defendants about the amount of funds raised or terms of the loan documents prior to its default.  Plaintiff unreasonably and inexcusably delayed in bringing claims against Defendants and has brought such claims only after defaulting on the promissory notes and being sued by some of the noteholders in an unrelated litigation in Colorado state court.  Allowing Plaintiff to bring these claims at this late date would injure and prejudice Defendants.

### b.    Second Affirmative Defense – Statute of Limitations

Plaintiff's claim in Count III is barred by the statute of limitations applicable to claims under 28 U.S.C. § 1658(b) because Plaintiff failed to assert its claims within the earlier of either 2 years after the discovery of the facts constituting the violation or 5 years after the alleged violation.

Plaintiff's claim in Count IV is barred by the statute of limitations applicable to claims under 15 U.S.C. § 78c(a)(47) and 28 U.S.C. § 1658(b) because Plaintiff failed to assert its claims

within the earlier of either 2 years after the discovery of the facts constituting the violation or 5 years after the alleged violation.

Plaintiff's claim in Count VI is barred by the statute of limitations applicable to claims for breach of fiduciary duty under New York law because Plaintiff failed to assert its claim within three years of the alleged breach.

Plaintiff's claim in Count IX is barred by the statute of limitations applicable to claims for conversion under New York law because Plaintiff failed to assert its claim within three years of the alleged conversion.

### c.     Third Affirmative Defense – Waiver

Plaintiff's claims are barred by the doctrine of waiver.  By executing the lending documents and accepting payment of the investment funds from each of the investors, Plaintiff intentionally relinquished its rights to assert the claims in this action.

### d.     Fourth Affirmative Defense – Contributory Negligence and/or Assumption of the Risk.

Pursuant to NY CLS CPLR § 1411, Defendants assert that Plaintiff was contributorily negligent and/or assumed the risk with regard to the damages claimed. Plaintiff agreed to the terms of the lending documents, accepted payment of the investment funds from each of the investors and defaulted on the notes by failing to make required quarterly interest payments and by failing to repay the principal upon maturity.  Plaintiff, not Defendants, is responsible for defaulting on the notes.  Plaintiff's actions contributed individually and collectively to the damages now claimed.

Plaintiff's actions came with inherent risks, which Plaintiff assumed. Any damages awarded ought to be reduced in proportion to the percentage of harm caused by Plaintiff's actions.

### e.   Fifth Affirmative Defense – Failure to Mitigate Damages

By failing to satisfy the terms of the promissory notes, make required quarterly interest payments, and repay the principal amount of the funds received pursuant to the promissory notes upon maturity thereby resulting in Plaintiff's default, Plaintiff failed to take reasonable steps necessary to mitigate its damages. Any damages awarded ought to be reduced by the amount the damages could have been reduced by, had Plaintiff taken reasonable steps to do so.

### f.   Sixth Affirmative Defense – Unclean Hands

Plaintiff's claims are barred by the doctrine of unclean hands.  When Plaintiff entered into the transactions with the investors and accepted payment of the investment funds, Plaintiff, unbeknownst to Defendants, never intended to satisfy its obligations under the promissory notes.

### g.   Seventh Affirmative Defense – Plaintiff's Claim for Breach of Indemnification Provision is Not Ripe

Plaintiff's claim in Count X for indemnification is not ripe. Under the express terms of the indemnification provision, Alexander Capital "shall not be liable in respect of any Claims that a court of competent jurisdiction has judicially determined by final judgment (and the time to appeal has expired or the last right of appeal has been denied) resulted solely from the gross negligence or willful misconduct of the [Plaintiff]." Plaintiff's claim for contractual indemnification has not yet accrued because Plaintiff's liability to the third parties in the Colorado litigation is not fixed and no payment in connection with any third party claim has been made by Plaintiff.

### III.   Relief Requested

Wherefore, Defendants respectfully request that the Court grant the following relief:

1.      Enter judgment in favor of Defendants and against Plaintiff on Counts I, III, IV, VI, IX, X, and XII of Plaintiff's Complaint;

2.      Enter judgment in favor of Defendants and against Plaintiff on Affirmative Defenses 1 – 6 as set forth herein; and

3.      Grant such other and further relief in favor of Defendants as may be just and proper.


Respectfully submitted this 2nd day of June 2022.

/s/ Michael Scott Holcomb
Michael Scott Holcomb
New York Bar No. 4972964
Holcomb + Ward, LLP
17 State Street, 5th Floor
New York, NY 10004
scott@holcombward.com
(404) 601-2803 (office)
(404) 393-1554 (fax)

*Attorneys for Defendants Alexander Capital, L.P.,*
*NESA Management, LLC, Joseph Amato, Rocco*
*Guidicipietro, and Jonathan Gazdak*

32