PAUL RACHMUTH LAW OFFICE PLLC
265 SUNRISE HIGHWAY, STE. 1515
ROCKVILLE CENTRE, NEW YORK 11570
TELEPHONE: (516) 330-0170     FACSIMILE: (516) 543-0516     PAUL@PARESQ.COM

Paul A. Rachmuth
Bryan McKenna of Counsel

June 21, 2022

*Via ECF Filing*

Hon. Mary Kay Vyskocil
United States District Court – Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: <u>Floyd's of Leadville, Inc. v. Alexander Capital LP</u>, *et al*. – 1:22-cv-03318-MKV

Dear Hon. Vyskocil:

This office represents two defendants in the above referenced action; Mark Leonard and Ronald Barrie Clapham, both of whom appear on a limited basis to contest personal jurisdiction and sufficiency of service of process (as to Mr. Clapham). We write to request a pre-motion conference for each of the two defendants on separate grounds discussed below. We have consulted with counsel for plaintiff, Ryan Matthew Billings, Esq., but were only able to do so yesterday, as we were recently retained and Mr. Billings was away and unable to receive emails or telephone calls until yesterday. In any event, Mr. Billings' response to our informing him of our intent to file these motions is discussed below.

**Mark Leonard intends to Move to Dismiss Pursuant to FRCP 12(b)(2)**

Defendant Mark Leonard is a citizen and resident of the state of California. He did not reach out to parties in New York to conduct any business with plaintiff. Rather, Mr. Leonard was contacted in California and met with plaintiff's principal only in California. Plaintiff has not specifically alleged facts in the complaint demonstrating personal jurisdiction over Mr. Leonard in New York. Moreover, from the facts made available to us, plaintiff, a corporation based in Colorado, cannot allege that its contacts with Mr. Leonard provide sufficient minimum contacts under the Due Process Clause of the United States Constitution, or the narrower New York State Long Arm statute (New York CPLR 301).

Plaintiff objects to the relief to be sought in the motion.

Although circumstance has admittedly resulted in this request being made at the eleventh hour, Mr. Leonard is prepared to file this motion as early as tomorrow and respectfully requests permission to file this motion.

**Ronald Barrie Clapham intends to Move to Dismiss Pursuant to FRCP 12(b)(5)**

Mr. Clapham is a citizen and resident of Gibraltar, United Kingdom, which is a signatory of the Hague Convention on international service of process. Mr. Clapham intends to move to dismiss for insufficiency of service of process. According, to the Affidavit of Service filed with the Court, Mr. Clapham was personally served at an address in Gibraltar by a process server from California.

Hon. Mary Kay Vyskocil
June 21, 2022
Page 2 of 2

Service does not appear to have been made pursuant to the rules of either the Hague Convention or Gibraltar, and therefore is already a nullity. Most remarkable, however, is that Mr. Clapham was not in Gibraltar when he was alleged to have been personally served with process in Gibraltar. As such, and giving plaintiff the benefit of doubt, at best plaintiff improperly served the wrong person with process while violating an international treaty.

Plaintiff's counsel stated he will look into these facts and get back to us, but currently is not in a position to consent to the relief to be sought in the motion.

It should also be noted that the Docket Entry No. 72 appears to have been made in error. The filed affidavit of service alleges that Mr. Clapham was served on June 6, 2022. Mr. Clapham's response, therefore, is not due until June 27, 2022.

Mr. Clapham respectfully requests permission to move pursuant to FRCP 12(b)(5).

Thank you for your consideration in this matter.


Respectfully Submitted,

Paul Rachmuth (PR-1566)