USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FLOYD'S OF LEADVILLE, INC., N/K/A VALUED, INC., | : |
| Plaintiff, | : |
| vs. | : Case No.: 1:22-cv-03318-MKV |
| ALEXANDER CAPITAL, L.P., NESA MANAGEMENT, LLC, JOSEPH ANTHONY AMATO, ROCCO GERARD GUIDICIPIETRO, JONATHAN GAZDAK, GREGORY HURLEY, HOWARD DASILVA, RONALD BARRIE CLAPHAM, MARK LEONARD, THIEN TRUONG, PROVISION HOLDING, INC., TIMOTHY KELLY, and THREE DDD, LLC, | : |
| Defendants. | : |

---

**STIPULATED PROTECTIVE ORDER**

WHEREAS the undersigned parties believe that in the course of this action certain documents, information, material, and testimony are likely to be disclosed and produced through discovery that may constitute or incorporate confidential commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS the parties believe that entry of a Stipulated Protective Order is necessary to protect such confidential information;

IT IS HEREBY AGREED that the discovery taken by the Parties in the above-captioned case shall be conducted under the following terms:

1

1. This Stipulated Protective Order governs the handling and use of any document, information, testimony, or other material exchanged by the Parties or received from third parties in response to any discovery or other method authorized or permitted by the Federal Rules of Civil Procedure, including but not limited to, responses to requests for production of documents, answers to interrogatories, responses to requests for admission, and depositions.

2. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure.

3. As used herein:

   a. ''Producing Party'' shall mean the Parties to this action and any third parties producing documents, information, or material in connection with depositions, document production, or otherwise in this action, or the party asserting the confidentiality thereof, as the case may be. Third parties who designate under the terms of this Order shall be deemed Producing Parties in every respect.

   b. "Receiving Party" shall mean any Party to this action receiving documents, information, or material in connection with depositions, document production, or otherwise in this action.

   c. "Documents" shall mean all documents, electronically stored information, and tangible things within the scope of Federal Rules of Civil Procedure 26(a)(1)(A)(ii) and 34(a)(1), as well as information derived from such.

4. Any Producing Party may designate materials as "Confidential" or "Attorneys'

Eyes Only" under this Order based on a good faith determination that there is good cause to designate such materials under the terms of this Order and pursuant to Fed. R. Civ. P. 26(c). All documents or other material designated as "Confidential" or "Attorneys' Eyes Only" shall be stamped, labeled or designated by the Producing Party at the time of production. All deposition testimony designated as "Confidential" or "Attorneys' Eyes Only" will be designated within 30 days of receipt of the written transcript. In the case of an inadvertent omission to so designate, the Producing Party may subsequently designate by a writing addressing the specific material to be so designated that is sent promptly upon learning of the omission.

     5.    The following information contained in documents shall be deemed "Confidential" for purposes of this Order:

        a.    Non-public information that could be harmful to the business, commercial, financial or personal interests of the Producing Party if publicly disclosed; and

        b.    Such other information that the parties mutually agree in good faith meets the good cause standard and should be considered "Confidential."

     6.    The following information may be designated "Attorneys' Eyes Only" by the Producing Party: Any documents, information, or material produced or otherwise furnished by any Producing Party in discovery that is not generally known and the Producing Party believes in good faith that it (i) meets the criteria of paragraph 5 above and (ii) constitutes or reveals a trade secret or information that would cause severe competitive harm to the Producing Party

or confer a substantial competitive advantage if disclosed to one or more other Parties in this action.

7. "Confidential" material may be disclosed only to the categories of persons and under the conditions described in this Order. "Confidential" material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. Unless otherwise permitted in writing by the Producing Party, any material designated "Confidential" may only be disclosed to:

   a. counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

   b. experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Non-Disclosure Agreement" (Exhibit A);

   c. the Court, court personnel, court reporters and their staff, and anyone employed to record the testimony of any witness as a stenographer or videographer;

   d. outside vendors or service providers, such as copy or imaging services retained by counsel to assist in the duplication of "Confidential" material and E-discovery vendors;

   e. during, or in preparation for, their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Non-

        Disclosure Agreement" (Exhibit A);

    f.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    g.    the Parties;

    h.    Any mediator that the Parties engage in this matter or that this Court appoints, only after they have signed the "Non-Disclosure Agreement" (Exhibit A); and

    i.    employees, officers, representatives, and directors of Parties to whom disclosure is reasonably necessary, only after they have signed the "Non-Disclosure Agreement" (Exhibit A)

8.    "Attorneys' Eyes Only" material may be disclosed only to the categories of persons and under the conditions described in this Order. "Attorneys' Eyes Only" material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. Unless otherwise permitted in writing by the designating party, any material designated "Attorneys' Eyes Only" may only be disclosed to:

    a.    counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b.    experts and consultants to whom disclosure is reasonably necessary for

      this litigation and who have signed the "Non-Disclosure Agreement" (Exhibit A);

  c. the Court, court personnel, and court reporters and their staff and anyone employed to record the testimony of any witness as a stenographer or videographer;

  d. outside vendors or service providers, such as copy or imaging services retained by counsel to assist in the duplication of "Attorneys' Eyes Only" material and E-discovery vendors;

  f. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  g. any Mediator that the Parties engage in this matter or that this Court appoints, only after execution of the "Non-Disclosure Agreement" (Exhibit A).

9. Any Party who objects to any designation of "Confidential" or "Attorneys' Eyes Only" material at any time prior to the trial of this action may serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute with the Court in accordance with this Court's Individual Rules of Practice in Civil Cases. The burden of proving that materials qualify as "Confidential" or "Attorneys' Eyes' Only" is on the Producing Party, and the Court may award costs at its discretion to the losing party on any

motions contesting designations.

10. Recipients of "Confidential" or "Attorneys' Eyes Only" material may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitation) may not use such material for any business, commercial, or competitive purpose. However, with respect to the litigation pending in the District Court, City and County of Denver, State of Colorado, captioned *Redemption Holdings, Inc., v. Floyd's of Leadville, Inc., et al.*, and assigned Case Number 2020-CV-032866 (the "Colorado Litigation"), any Party to this Order or to the Protective Order governing the Colorado Litigation may agree in writing that materials they have designated in this action may be used in the Colorado Litigation, and vice versa. Parties who opt in to that agreement will then be permitted to use in both actions materials that Party has designated in either action and (with respect to materials designated by any Party who has also opt-ed in) use and receive designated materials in both actions, subject to the limitations of this Order and (to the extent used in connection with the Colorado Litigation) the Colorado Litigation Protective Order. Further, nothing contained in this Protective Order will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

11. Should any Party subject to this Protective Order receive a subpoena or other lawful, compulsory demand for, or is required by law or any government agency having

jurisdiction, to produce any "Confidential" or "Attorneys' Eyes Only" material received from another Party, such Party receiving the request will provide written notice to the Producing Party before disclosure and as soon as reasonably possible, and at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will have the right to oppose compliance if the Producing Party deems it appropriate to do so.

12. All persons seeking to file materials that have been designated as "Confidential" or "Attorneys' Eyes Only," or that have been derived from materials designated as "Confidential" or "Attorneys' Eyes Only," must do so under seal subject to a motion to seal. After filing of the motion, the Producing Party (if different from the filing Party) shall be afforded the opportunity to explain and justify the basis of sealed treatment. However, all designating Parties are on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford sealed treatment to any designated material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain sealed treatment.

13. In the event any Receiving Party learns or receives notice that any "Confidential" or "Attorneys' Eyes Only" material has been exposed in a data breach or otherwise inadvertently disseminated, that Party shall immediately notifying the Producing Party of the same and cooperate with the Producing Party to address and remedy the breach or dissemination. Nothing herein shall preclude the Producing Party from asserting legal claims

or constitute a waiver of legal rights or defenses in the event litigation arises out of the Receiving Party's failure to appropriately protect "Confidential" or "Attorneys' Eyes Only" material from unauthorized disclosure.

14. This Protective Order shall survive the termination of this action. Within 30 days of the final disposition of this action, all materials that have been designated as "Confidential" or "Attorneys' Eyes Only," and all copies thereof and information derived therefrom, shall be promptly returned to the Producing Party or destroyed.

15. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. ~~This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt hereof.~~

10. This Agreement of the parties entered into for the purpose of facilitating discovery shall not be construed by any Party as a prior judicial determination that any materials designated as "Confidential" or "Attorneys' Eyes Only" are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

It is SO STIPULATED and AGREED, this  25th  day of October, 2022.

(signature lines begin next page).

/s/ Ryan M. Billings
Ryan M. Billings, SDNY Bar # RB0378
KOHNER, MANN & KAILAS, S.C.
4650 N. Port Washington Road
Milwaukee, WI 53212
P: (414) 962-5110
rbillings@kmksc.com

Matthew J. Smith, #32043 (CO)
(admitted *pro hac vice* 5/2/22)
Nicholas W. Katz, #55136 (CO)
(admitted *pro hac vice* 5/2/22)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
(303) 295-8010
mjsmith@hollandhart.com
nwkatz@hollandhart.com

***Attorneys for Plaintiff Floyd's of Leadville, Inc., n/k/a Valued, Inc.***

/s/ Bryan Ward
Bryan Ward (pro hac vice)
Holly Cole (pro hac vice)
Holcomb + Ward, LLP
3455 Peachtree Road NE, Suite 500
Atlanta, GA 30326
404-601-2803
Bryan.Ward@holcombward.com
Holly@holcombward.com

***Attorneys for Defendants Alexander Capital, L.P., NESA Management, LLC, Joseph Amato, Rocco Guidicipietro, and Jonathan Gazdak***

SO ORDERED

Dated: 10/25/2022
New York, New York

Hon. Mary Kay Vyskocil
United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| FLOYD'S OF LEADVILLE, INC., <br> N/K/A VALUED, INC., | : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | Case No.: 1:22-cv-03318-MKV |
| ALEXANDER CAPITAL, L.P., NESA MANAGEMENT, LLC, JOSEPH ANTHONY AMATO, ROCCO GERARD GUIDICIPIETRO, JONATHAN GAZDAK, GREGORY HURLEY, HOWARD DASILVA, RONALD BARRIE CLAPHAM, MARK LEONARD, THIEN TRUONG, PROVISION HOLDING, INC., TIMOTHY KELLY, and THREE DDD, LLC, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

---

### EXHIBIT A
### NON-DISCLOSURE AGREEMENT

I hereby acknowledge that I have read and understand the Stipulated Protective Order entered by the Court in this action governing the non-disclosure of those portions of discovery material that have been designated as "Confidential" and/or "Attorneys' Eyes Only." I agree that I will not disclose information designated as "Confidential" and/or "Attorneys' Eyes Only" to anyone except in accordance with this Order and that at the conclusion of the litigation I will return (or securely destroy) all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Protective

11

Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder. I also understand that I may be subject to penalties or sanctions (including contempt) if I convey "Confidential" and "Attorneys' Eyes Only" information in violation of the Stipulated Protective Order and this Non-Disclosure Agreement.

Date:_____    Signature:_____

Name:       _____

Address:    _____
            _____