


November 3, 2023

<u>*Via ECF Filing*</u>
Hon. Dale E. Ho
District Court Judge
United States District Court for the Southern District of New York

    re:    *Floyd's of Leadville, Inc., v. Alexander Capital, L.P., et al.,*
           Case No. 1:22-CV-03318-DEH
           *Joint Letter as directed by Court's 8/18/22 Notice of Initial Pretrial Conference*

Dear Judge Ho,

As directed by the Court's October 23, 2023 Notice of Reassignment (ECF No. 146) in the above-referenced action, the parties respectfully submit this Joint Letter.

**1.**     <u>**Names of counsel and current contact information, if different from the information currently reflected on the docket.**</u>

All names of counsel and contact information indicated on the docket remain accurate. However, the claims against several Defendants have been fully resolved due to a settlement in the related Colorado Litigation (discussed below), and the claims against the following Defendants have been dismissed with prejudice as a result of that settlement: Gregory Hurley, Howard DaSilva, and Thien Truong.

The remaining Defendants are Alexander Capital, L.P., NESA Management, LLC, Jonathan Gazdak, Joseph Amato, and Rocco Guidicipietro (the "Alexander Defendants"); as well as Defendants Mark Leonard and Ronald Barrie Clapham.

**2.**     <u>**A brief statement of the nature of the case and/or the principal defenses thereto.**</u>

*Plaintiff's position:* Plaintiff Floyd's of Leadville, Inc., n/k/a Valued, Inc. ("FOL"), is a startup CBD company. In the fall of 2017, FOL engaged Alexander Capital, L.P. ("Alexander Capital") to serve as FOL's fiduciary, financial advisor, securities broker and agent, in connection with funding FOL needed to raise as a startup company to grow. Plaintiff alleges that Alexander Capital and its agents defrauded FOL by promising the investors terms that materially differed from the terms Alexander Capital described to FOL (none of which were reduced to writing and signed by FOL). Further, FOL alleges that Alexander Capital and its agents breached their fiduciary duties to FOL by simultaneously acting as FOL's and the investors' agent without disclosing this conflict of interest and damaging FOL by negotiating with itself (on behalf of both lender and borrower) terms that favored the investors at FOL's expense.

FOL further alleges that, having secretly bound FOL to onerous loans, Alexander Capital and its agents committed a series of tortious acts running the gamut from complicated securities fraud to



Honorable Dale E. Ho
November 3, 2023
Page 2

outright theft, and culminating in ongoing efforts to acquire all of FOL's assets through wrongful means. Accordingly, FOL brings claims for Common Law Fraud, Securities Fraud, violation of the Investment Advisors Act, Aiding and Abetting Fraud, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Intentional Interference, Conversion, Breach of Contract, and Conspiracy. Having fully resolved FOL's obligations to the investors, FOL now seeks recompense from the remaining Defendants for wrongdoing that caused the failure of those investments.

*Alexander Defendants' Position:* Plaintiff's claims stem from FOL's attempts to avoid its obligations to repay $4.3 million in secured loans facilitated on FOL's behalf by Alexander Capital. After the investors sued FOL in state court in Colorado and that court denied FOL's repeated attempts to add third-party claims against Alexander Capital, FOL filed the subject Complaint in this Court.

Alexander Capital entered into an Engagement Agreement with FOL on October 20, 2017, providing that Alexander would serve as placement agent and financial advisor to FOL in connection with a private placement in senior secured debt. In exchange, FOL agreed to pay Alexander Capital a placement fee of 10% of the net proceeds raised by Alexander Capital. FOL subsequently agreed to increase the amount of capital raised through both debt and equity. Ultimately, Alexander raised $4,338,565 in funds from over 60 investors between December 2017 and October 2018. FOL accepted the money without complaint and then defaulted on the loans after failing to make interest and principal payments and FOL's negotiations to restructure the debt were unsuccessful.

Plaintiff's Complaint contains a host of fantastical allegations and falsehoods, attributing the conduct and alleged misdeeds of third parties to Alexander Capital and blaming the Alexander Capital Defendants for FOL's financial woes. Contrary to these allegations, FOL was aware of the terms of loans, was provided written documentation of those terms, and manifested its acceptance of the terms by executing (and/or authorizing its counsel to execute on its behalf) each of the lending documents. In addition, the promissory notes executed by FOL, and drafted by FOL's counsel, contained an express provision appointing Alexander Capital as "agent" of the noteholders to "act solely as an administrative representative" and "not be deemed to have assumed any obligation toward or relationship of agency or trust with or for" the noteholders. In addition, the contention that the Alexander Defendants orchestrated a conspiracy to take all of FOL's assets and use them to run a new, lucrative CBD business in FOL's place is nonsensical. Among other things, it makes no sense that a broker-dealer would raise money from its customers to invest in a company that is likely to fail only to acquire it. Alexander Capital did not have any interest or direct rights to the collateral securing the promissory notes. It was the noteholders who had the right to seek to foreclose on the collateral when FOL defaulted on its payment obligations. Alexander Capital stood to gain nothing from FOL's potential default. This is evidenced by the facts that actually occurred here – after the noteholders directed Alexander Capital to issue the



Honorable Dale E. Ho
November 3, 2023
Page 3

notice of default, they replaced Alexander Capital as their agent and sued FOL, without Alexander Capital's involvement.

The Alexander Defendants have asserted several affirmative defenses, including: whether Plaintiff's claims are barred by laches, whether Plaintiff's claims in Counts III, VI, and IX are barred by the applicable statutes of limitation, whether by accepting payment of the funds, Plaintiff intentionally relinquished its rights to assert the claims in this action, whether Plaintiff was contributorily negligent and/or assumed the risk with regard to the damages claimed, whether Plaintiff failed to mitigate damages, whether Plaintiff, by entering into the loans and accepting the funds without any intention to satisfy its obligations, acted with unclean hands, and whether Plaintiff's claim for indemnification in Count X is ripe.

3.   **A brief explanation why jurisdiction and venue lie in this Court.**

All parties agree that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III (Securities Fraud under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)) and IV (Violation of the Investment Advisors Act, 15 U.S.C. § 80b-6(2)) of the Complaint, and may exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a). In addition, all parties agree that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to FOL's claims occurred in this District, and several Defendants signed agreements requiring disputes to be brought exclusively in the federal or state courts located in New York. (Compl., ¶ 19.)

Further, Plaintiffs contend that the Court additionally has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exclusive of interest and costs exceeds $75,000 and there is complete diversity of citizenship. Plaintiff is a citizen of the state of Colorado, as it is a corporation that is incorporated in Colorado and has its principal place of business in Colorado. The remaining individual Defendants are citizens of the states of New Jersey, New York, the United Kingdom and California. The remaining company Defendants are citizens of New York, New Jersey, and Pennsylvania, as the partners of Alexander Capital, L.P., are citizens of New York, New Jersey and Pennsylvania, and the members of NESA Management, LLC, are citizens of New Jersey. (Compl., ¶¶ 18, 4-17; Alexander Capital Answer, ¶ 5.) Defendants disagree that Plaintiff has satisfied the amount in controversy requirement necessary to establish diversity jurisdiction pursuant to § 1332 as the Complaint is silent as to the nature and amount of damages sought.

4.   **A statement of all existing deadlines, due dates, and/or cut-off dates.**

There are no existing deadlines applicable to this case. For context, this case involves one dispute broken into two parts. In 2017 and 2018, Alexander Capital solicited a group of more than 60 outside investors to invest more than $4.3 million in the startup company FOL through two-year



Honorable Dale E. Ho
November 3, 2023
Page 4

term notes. FOL alleges that these investments were secured through fraud and were not repaid due to fraud and other wrongdoing by the Defendants (Defendants deny these allegations). When the notes matured, the investors assigned their loans to a third-party (Redemption Holdings, Inc.), who brought suit against FOL in 2020 in the District Court, City and County of Denver, State of Colorado, seeking repayment of their loans. That action (the "Colorado Litigation") was captioned *Redemption Holdings, Inc. v. Floyd's of Leadville, Inc., n/k/a Valued, Inc., et al.*, and pending as Case No. 2020-CV-32866.

In the Colorado Litigation, FOL attempted to assert claims against the Defendants in this action, but the Colorado court did not permit FOL to add those parties and claims, so FOL initiated suit in this Court in April 2022 to pursue those claims. At the Status Hearing held before this Court on September 20, 2022 (the Honorable Mary Kay Vyskocil, presiding), the parties discussed the fact that the Colorado Litigation was significantly more advanced (trial had been scheduled for March 2023) and resolution of that litigation might significantly advance the proceedings in this action. In addition, several Defendants had moved to dismiss FOL's claims in this action, and the parties believed that resolution of those motions would be helpful in advance of substantial discovery and depositions, which otherwise could give rise to the need to redo discovery or depositions if parties were added later. Judge Vyskocil decided not to enter a detailed Scheduling Order, to allow the Colorado Litigation to proceed and the pending motions in this action to be resolved in advance of further discovery.

After a series of lengthy marathon negotiations, FOL was able to reach a settlement agreement as to all claims in the Colorado Litigation, which fully resolved all claims by the investors who had been solicited by the Alexander Defendants to invest in FOL. As noted, this settlement resulted in the dismissal with prejudice of all claims in this action against Defendants Gregory Hurley, Howard DaSilva and Thein Truong. After the lengthy Colorado Litigation settlement papers had been executed and the Colorado Litigation was fully resolved, the parties explored an amicable resolution of the remaining aspects of this dispute. As between FOL and the Alexander Defendants, this culminated in a Mediation before the Honorable Frank Maas (Ret.) on September 13, 2023. In addition, FOL has had ongoing discussions with the two additional remaining Defendants (Mark Leonard and Ronald Barrie Clapham) concerning potential resolution of claims.

Unfortunately, the Mediation between FOL and the Alexander Defendants was unsuccessful. Discussions between FOL and Mark Leonard and Ronald Barrie Clapham continue and were facilitated by the Court's recent Order (ECF No. 145) denying Mr. Clapham's motion to dismiss. FOL seeks some additional time to complete those discussions in advance of further proceedings. Should those discussions be successful, the parties can further narrow this dispute before additional costly litigation.

As to FOL's claims against the Alexander Defendants, counsel believe that further proceedings are necessary to bring the parties closer together. Counsel for the Alexander Defendants, however,



believe settlement is unlikely. FOL proposes that FOL be permitted an additional 30 days to complete discussion with Defendants Mark Leonard and Ronald Barrie Clapham, after which the parties should discuss and submit a joint proposed schedule to the Court for remaining proceedings.

5.  **A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed.**

No such conferences were scheduled.

6.  **A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought.**

There are no outstanding motions.

7.  **A statement and description of any pending appeals.**

There are no pending appeals.

8.  **A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations.**

Plaintiff FOL, the Alexander Defendants, and Defendant Mark Leonard have exchanged Initial Disclosures. In addition, FOL and the Alexander Defendants have each exchanged one round of written discovery and have produced more than 200,000 pages of documents. Defendant Ronald Barrie Clapham, whose motion to dismiss was recently denied (ECF No. 145), has not answered the Complaint or served initial disclosures. No depositions have yet been taken in this litigation. However, in the Colorado Litigation, 12 depositions were taken before that action was resolved.

Depositions, expert discovery, and dispositive motion practice will be required for FOL and the Alexander Defendants to continue meaningful settlement negotiations.

9.  **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

FOL and the defendants in the Colorado Litigation settled all of their claims, which fully resolved all of the claims of the underlying investors solicited by the Alexander Defendants, resulted in the full dismissal of all claims in this action against Gregory Hurley, Howard DaSilva and Thien Truong, and partially resolved the claims in this action against Mark Leonard. FOL and the Alexander Defendants participated in a Mediation on September 13, 2023, with the Honorable



Honorable Dale E. Ho
November 3, 2023
Page 6

Frank Maas (Ret.) serving as Mediator. The Mediation was unsuccessful. As noted above, it is Plaintiff's counsel's view that further proceedings are required to bring the parties closer together. It is the Alexander Defendants' counsel's view, however, that settlement is unlikely in light of FOL's unreasonable view of the merits of its case.

FOL and Defendants Mark Leonard and Ronald Barrie Clapham have been engaged in informal discussions of a possible settlement. Those discussions continue, but it is unknown if they will be successful.

10. **A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case the use of such a mechanism would be appropriate.**

FOL and the Alexander Defendants participated in a Mediation utilizing a privately retained Mediator on September 13, 2023. Given the parties' positions, the Alexander Defendants' counsel do not believe it likely that the parties will be able to narrow the gap between their respective valuations of the case. Plaintiff's counsel believe that further proceedings are warranted to narrow the gap between the parties' valuations of the case. It is unclear when it may be appropriate to continue settlement discussions, but it is likely that further proceedings, in the form of depositions, expert discovery and/or dispositive motions are necessary before productive discussions can resume. While FOL is open to continuing Mediation before Judge Maas if appropriate given further developments in the case, Alexander Defendants are skeptical that mediation would be worthwhile.

The discussions between FOL and Defendants Mark Leonard and Ronald Barrie Clapham continue. If those discussions do not bear fruit, then likely the same path as above (depositions, expert discovery and/or dispositive motions) would be helpful in narrowing disputes.

11. **An estimate of the length of trial.**

The parties estimate that trial of this action will take approximately two weeks.

12. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issues raised by the case.**

As noted, FOL would like an additional 30 days to either complete or reach an impasse on settlement discussions with Defendants Mark Leonard and Ronald Barrie Clapham. After this, the

 

Honorable Dale E. Ho
November 3, 2023
Page 7

parties believe that further prosecution of the parties' claims and defenses are needed to narrow the dispute.

Respectfully Submitted,

/s/ Ryan M. Billings
Ryan M. Billings, SDNY Bar # RB0378
KOHNER, MANN & KAILAS, S.C.
4650 N. Port Washington Road
Milwaukee, WI 53212
P: (414) 962-5110
rbillings@kmksc.com

Matthew J. Smith, #32043 (CO)
(admitted *pro hac vice* 5/2/22)
Nicholas W. Katz, #55136 (CO)
(admitted *pro hac vice* 5/2/22)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
(303) 295-8010
mjsmith@hollandhart.com
nwkatz@hollandhart.com

**Attorneys for Plaintiff Floyd's of Leadville, Inc., n/k/a Valued, Inc.**

/s/ Bryan Ward
Bryan Ward (pro hac vice)
Holly Cole (pro hac vice)
Holcomb + Ward, LLP
3455 Peachtree Road NE, Suite 500
Atlanta, GA 30326
404-601-2803
Bryan.Ward@holcombward.com
Holly@holcombward.com

**Attorneys for Defendants Alexander Capital, L.P., NESA Management, LLC, Joseph Amato, Rocco Guidicipietro, and Jonathan Gazdak**

/s/ Paul Rachmuth
Paul Rachmuth



Honorable Dale E. Ho
November 3, 2023
Page 8

Bryan McKenna
PAUL RACHMUTH LAW OFFICE PLLC
265 Sunrise Highway, Suite 1515
Rockville Centre, New York 11570
(516) 330-0170
paul@paresq.com
bmckennalegal@gmail.com

*Attorneys for Defendants Mark Leonard and Ronald Barrie Clapham*


It is hereby ordered that FOL and Defendants Mark Leonard and Ronald Barrie Clapham shall update the Court on the status of settlement discussions by **December 9, 2023**. All remaining parties are directed to file a joint proposed civil case management plan and scheduling order by **December 14, 2023**. The case management form may be found on the Court's website (https://nysd.uscourts.gov/hon-dale-e-ho). Additionally, the parties shall confer with the Court on **December 21, 2023**, at **10:30 a.m. (E.T.)**. The conference will be held on Microsoft Teams. The parties are directed to dial 646-453-4442, enter the meeting ID code (868575895), and press pound (#).

SO ORDERED.

*(signature)*

Dale E. Ho
United States District Judge
Dated: November 8, 2023
New York, New York