UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Floyd's of Leadville, Inc., n/k/a Valued, Inc.,

      Plaintiff,

v.

Alexander Capital, L.P., et al.,

      Defendants.

---

1:22:cv-3318(DEH)
CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER

DALE E. HO, United States District Judge:

 This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Rule 26(f)(3).[1]

1. All parties [☐ consent / X do not consent ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within **three business days** of submitting this Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2. The case [☐ is / ☐ is not ] to be tried to a jury.

The parties disagree over whether this matter should be tried to a jury.  Plaintiff Floyd's of Leadville, Inc. n/k/a Valued, Inc. ("FOL") has filed a jury demand.  Of the defendants who have answered, Defendant Mark Leonard ("Leonard") has demanded a jury trial.  Defendants Alexander Capital, LP; Joseph Amato; Jonathan Gazdak; Rocco Guidicipietro; and NESA Management, LLC (the "AC Defendants") have denied that FOL is entitled to a jury trial based on contractual waiver.  Defendant Ronald Barrie Clapham ("Clapham") has not yet filed an answer.

3. The parties [ X have / ☐ have not ] conferred pursuant to Rule 26(f).

4. Settlement discussions [ X have / ☐ have not] taken place.

  a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within

   \_\_\_\_\_ days/weeks:

The parties have previously exchanged a significant amount of information and documents. FOL and the AC Defendants have previously engaged in mediation with a private mediator. It was unsuccessful. FOL has informally discussed settlement with Defendants Leonard and Clapham. Those discussions are ongoing.

  b. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

   ☐ Immediate referral to the District's Mediation Program

   ☐ Immediate referral to a Magistrate Judge

   ☐ Referral to the District's Mediation Program after the close of fact discovery

   ☐ Referral to a Magistrate Judge after the close of fact discovery

   ☐ Retention of a private mediator

   x Other: Prior attempts at reaching a resolution in this case have been unsuccessful. The parties remain hopeful that a resolution may be reached at some point and will continue to discuss those possibilities in good faith.

  **c. The use of any alternative dispute resolution mechanism does not stay or modify any date in this order.**

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than <u>January 18, 2024</u>. [*Absent exceptional circumstances, a date not more than **14 days** following the Initial Pretrial Conference.*]

6. Unless a party amends a pleading as a matter of course pursuant to Rule 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than <u>February 5, 2024</u>. [*Absent exceptional circumstances, a date not more than **30 days** following the date of this Order. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Rule 16(b)(4) rather than the more lenient standards of Rule 15 and 21.*]

7. Fact Discovery                July 19, 2024
  a. All fact discovery shall be completed no later than ~~September 20, 2024.~~ [*A period not to exceed **120 days** from the date of this Order, unless approved by the Court due to exceptional circumstances.*]

The parties have agreed to an extended period of fact discovery due to the number of witnesses (including numerous third-party witnesses), volume of documents already produced (and to be produced), period of time involved, number of claims at issue, and complexity of the facts and law involved.

    b. Plaintiff and the Alexander Capital Defendants have already exchanged their initial requests for production of documents. Additional requests for production of documents pursuant to Rule 34 shall be served no later than <u>February 5, 2024</u>. [*Absent exceptional circumstances, a date not more than **30 days** following the Initial Pretrial Conference.*]

    c. Interrogatories pursuant to Rule 33 shall be served no later than <u>March 1, 2024</u>.

    d. Depositions pursuant to Rules 30 and 31 shall be completed by the date set forth in paragraph 7(a).

    e. Requests to admit pursuant to Rule 36 shall be served no later than <u>March 1, 2024</u>. [*Absent exceptional circumstances, a date not more than **30 days** following the Initial Pretrial Conference.*]

    f. Any of the deadlines in paragraphs 7(b)–(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

8. Expert Discovery

    a. Anticipated types of experts: Plaintiff expects expert witnesses in the areas of damages, standard of care for investment advisors, and a forensic accountant establishing the relationship between the Defendants. Plaintiff anticipates that there will likely be only one expert in each category, but there may be more than one expert for damages accounting for the different claims and defendants answerable to those claims. AC Defendants anticipate two expert witnesses, one for the relevant standard of care and another to refute Plaintiff's damage estimates.

    b. All expert discovery, including expert reports and depositions, shall be completed no later than ~~December 6, 2024~~. October 4, 2024 [*Absent exceptional circumstances, a date no later than **45 days** from the end of fact discovery deadline set forth in paragraph 7(a).*]

    c. Plaintiff's expert disclosures pursuant to Rule 26(a)(2) shall be made no later than ~~October 4, 2024~~. August 2, 2024

    d. Defendant's expert disclosures pursuant to Rule 26(a)(2) shall be made no later than ~~November 1, 2024~~. September 2, 2024

3

    e.    The interim deadlines in paragraphs 8(c)–(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(b).

9. The Court will conduct a case management conference following the close of discovery on <ins>October 18, 2024, at 10:00 a.m. (E.T.). The parties shall dial 646-453-4442, enter the meeting code 145659216, and press pound (#).</ins> No later than **one week** in advance of the conference, the parties shall submit a joint status letter (1) stating whether any party intends to file a dispositive motion; (2) describing the efforts the parties have made to settle the action; and (3) stating whether the parties request a referral for settlement discussions before the assigned Magistrate Judge or through the District's Mediation Program.

10. Unless otherwise ordered by the Court, the parties shall submit to the Court for its approval a Joint Pretrial Order—prepared in accordance with the Court's Individual Trial Rules and Procedures and Rule 26(a)(3)—by ~~January 3, 2025~~. <ins>November 4, 2024</ins>

11. The parties shall be ready for trial as of **two weeks** following the deadline for the proposed Joint Pretrial Order.

12. Counsel for the parties have conferred and their best estimate of the length of trial is <u>Ten Days</u>.

    The parties anticipate that the length of trial may vary depending on whether all, some, or no claims are tried to a jury.

13. Other issues to be addressed at the Initial Case Management Conference, including those set forth in Rule 26(f)(3), are set forth below:

A. Timing and deadline for briefing whether all, some, or none of the claims should be tried to a jury.

B. Increased number of depositions.

C. Increased limits of written discovery.

14. This Order may not be modified or the dates herein extended, except as provided in paragraphs 7(f) and 8(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraphs 7(f) and 8(e), shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than **two business days** prior to the expiration of the date sought to be extended.

Dated: <u>January 9, 2024</u>

5

New York, New York

                                      SO ORDERED.

                                      DALE E. HO
                                      United States District Judge