UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLOYD'S OF LEADVILLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDAR CAPITAL LP, et al., <br><br> Defendants. | 22-CV-3318 (DEH) <br><br> ORDER |

DALE E. HO, United States District Judge:

**WHEREAS** on December 12, 2023, the Court ordered Defendant Ronald Barrie Clapham to file an Answer to the Complaint by no later than January 11, 2024. ECF No. 154. That date passed, and Defendant failed to file a submission. Accordingly, the Court *sua sponte* extended Defendant Clapham's deadline to file an Answer to January 18, 2024. ECF No. 161.

**WHEREAS** on December 21, 2023, and on January 9, 2024, counsel for Defendants Clapham and Leonard failed to appear before the Court to participate in scheduled conferences. *See* ECF No. 154 and January 8, 2024 Minute Entry. Counsel was warned that failure to comply with the Court's Orders, including failure to appear at Court-ordered conferences, may result in sanctions. *See* ECF Nos. 154, 161.

**WHEREAS** on May 10, 2024, Plaintiff filed a letter-motion requesting that the Court (1) compel Defendants Clapham and Leonard to produce certain documents, and (2) "award attorney fees as sanctions for Leonard and Clapham's failure to comply with the very basic requirements of disclosure." ECF No. 174. On May 13, 2024, the Court ordered Defendants Leonard and Clapham to respond to Plaintiff's letter by May 15, 2024. ECF No. 176. Defendants filed their one-page response on May 15, 2024. ECF No. 176.

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **DENIED AS MOOT**, without prejudice to renewal, in light of Defendants' representation that they have now complied with Plaintiff's discovery requests. *See* ECF No. 176. If Plaintiff disputes this representation, Plaintiff may file a renewed motion to compel within **one week** of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions is **GRANTED**.

The Federal Rules of Civil Procedure hold that "if the disclosure or requested discovery is provided after the motion [to compel] was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ P. 37(a)(5)(A). The Rules provide that there are three circumstances where the Court must not award these otherwise mandatory sanctions, i.e., if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A)(i-iii).

Here, on May 10, 2024, Plaintiff filed a motion to compel that explained Defendants' failure to comply with their discovery obligations as follows:

> On February 5, 2024, Plaintiff served requests for production of documents on both Leonard and Clapham. The thirty-day deadline to object and respond to the requests came and went, and Leonard and Clapham did nothing. On March 14, 2024, Plaintiff's counsel notified counsel for Leonard and Clapham of this fact, received a promise to respond, and then got nothing. No documents, no written responses, no objections. Nothing. . . . [Additionally, n]either Leonard nor Clapham has provided complete disclosure documents.

ECF No. 174. Plaintiff's good faith attempts to obtain the disclosure or discovery without this Court's intervention evidently failed. Defendants' failure to provide complete responses to

Plaintiff's discovery requests constitutes counsel's fourth sanctionable offense. Counsel for Defendants states without elaboration that he had "informally exchanged discovery with Plaintiff through his counsel." ECF No. 176. Other than stating that these documents were "provided months ago," he fails to note when, exactly, this "informal[] exchange[]" occurred; he provides no details on what, exactly, was produced; and he declines to note whether this "informal[] exchange[]" was in compliance with the Federal Rules of Civil Procedure. *See generally id*.

Since Plaintiff filed its motion to compel, Defendants' counsel "engaged in a followup [*sic*] meet and confer and have responded to the Requests for Production and provided [Plaintiff's counsel] with all the documents provided to us by our client." *Id*. Counsel neither explains how this belated compliance "was substantially justified," nor details any "other circumstances [that would] make an award of expenses unjust." Fed. R. Civ P. 37(a)(5)(A)(i-iii).

Accordingly, Defendants are hereby **ORDERED** to pay Plaintiff's reasonable expenses incurred in making its motion, including attorney's fees. Plaintiff is **ORDERED** to provide an accounting of fees and costs associated with submitting its motion within **two weeks** of this Order. Defendants may file a response within **two weeks** of Plaintiff's submission, and Plaintiff may file a reply within **one week** of Defendants' response.

The Clerk of Court is respectfully requested to terminate ECF No. 174.

SO ORDERED.

Dated: May 16, 2024
       New York, New York

_____
DALE E. HO
United States District Judge
