# Ex. C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

FLOYD'S OF LEADVILLE, INC.,
n/k/a VALUED, INC.,

                                  Plaintiff,         Civil Action No.1:22-cv-3318

                   -against-

ALEXANDER CAPITAL, L.P.; NESA
MANAGEMENT, LLC; JOSEPH ANTHONY
AMATO; ROCCO GERARD GUIDICIPIETRO;
JONATHAN GAZDAK; GREGORY HURLEY;
HOWARD DASILVA; RONALD BARRIE
CLAPHAM; MARK LEONARD; THIEN
TRUONG; PROVISION HOLDING, INC.;
TIMOTHY KELLY; AND THREE DDD LLC,

                                  Defendants.

---------------------------------------------------------X

**RESPONSE OF MARK LEONARD TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedures, Defendant, Mark Leonard,

for his response to plaintiff's First Set of Requests for Production of Documents.

## **RESERVATION OF RIGHTS\**

Defendant reserves all objections to the admissibility of any information produced in response to the

interrogatories. Inadvertent disclosure of any information shall not be a waiver of any claim of privilege, work-

product protection, or any other exemption.

## **OBJECTIONS TO DEFENDANT'S DEFINITIONS/INSTRUCTIONS**

Defendant objects to plaintiff's instructions on how to produce and/or identify documents to the extent

that they are unduly burdensome and oppressive and/or attempt to impose an obligation upon Defendant not

required by the Federal Rues of Civil Procedure or the Local Rues of this Court.

## **GENERAL OBJECTIONS**

1

The following General Objections apply to all of the requests contained in the Interrogatories, irrespective of whether the general objections are expressly referred to in the specific responses. The specific objections are intended to amplify the general objections, and neither limit the applicability of any of the General Objections nor waive any objections which may be applicable to each request.

1.      Defendant incorporates by reference the General Objections set forth in their responses to the Interrogatories.

2.      Defendant objects to the Requests because they seek information outside the scope of discovery permitted under the Court's Local Rules and the Federal Rules of Civil Procedure and seek to impose obligations in excess of those required by the FRCP, Local Rues, and/or applicable case law.

3.      Defendant objects to the Requests because they seek information protected from discovery by the attorney-client privilege, by the work product doctrine, as material prepared in anticipation of litigation, or by other doctrines, privileges, rules or laws. No responsive document produced shall result in the waiver or limitation of any privilege.

4.      Defendant objects to the Requests to the extent they seek information that is protected under confidentiality obligations or agreements with third parties.

5,      Defendant objects to the Requests because they are vague and use undefined and ambiguous terms.

6.      Defendant objects to the Requests because the lack specificity and fail to describe each requested item and category with reasonable particularity

7.      Defendant objects to the Requests because they seek information that is not relevant or material to the subject matter of the pending action, and that is not reasonably calculated to lead to the discovery of admissible evidence.

8.      Defendant objects to the Requests to the extent that they seek documents that do not exist or seek the creation of documents.

9.      Defendant objects to the Requests to the extent that they seek information already in

Defendant's possession, information available in the public domain, or information that has been filed of record in this action. Providing such information would be duplicative and unduly burdensome, and the responsive information is more easily obtained through other means.

10.     Defendant objects to the Requests to the extent they are premature and/or inconsistent with the Court's Case Management Plan and Local Rules, including the scheduling for expert disclosures.

11.     Defendants object to the Requests to the extent they contain multiple subparts. Defendant will count each of these sub-parts as separate Interrogatories for purposes of determining the limit of Interrogatories allowed by Defendant.

12.     By responding to the Requests, Defendant do not waive any objections based upon lack of authenticity, hearsay, or otherwise, and does not waive any evidentiary objections whatsoever as to the documents, responses or information contained in or accompanying these responses. In addition, Defendant specifically reserves Defendant's right to challenge the competency, relevancy, materiality and admissibility of such information in any proceeding, hearing, motion or trial in this or any other action.

13.     Defendant's responses are based upon documents presently available to and located by Defendant.  Defendant reserves the right to supplement or modify their responses to the Requests at any time up to and including the time of trial.

14.     The objections set forth above are incorporated in each response below and shall be deemed to be continuing although not specifically referred to in each response.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.     All correspondence with Lenders relating in any way to FOL, including all communications with lenders concerning FOL's offer to resume payments on the loans in July 2020.

   **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure," and the categorized subparts thereto for documents responsive thereto.  Notwithstanding the foregoing response, defendant has no documents

responsive to the request.

       2.       All correspondence with FOL, from October 1, 2017, to the present.

       **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure," and the categorized subparts thereto for documents responsive thereto.

       3.       All documents and communications related to Your interactions with and participation in the Advisory Board.

       **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure," and the categorized subparts thereto for documents responsive thereto.  Notwithstanding, the foregoing, defendant has no documents responsive to this request.

       4.       All communications concerning FOL, any of the Lenders, the Advisory Board, Redemption or the Colorado Litigation.

       **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure,"

       5.       All communications with Alexander Capital concerning FOL, any of the Lenders, the Advisory Board, Redemption, or the Colorado Litigation.

       **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure,"

       6.       All communications with Provision concerning FOL.

       **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure,"

       7.       All documents related to Redemption, including but not limited to all

correspondence with Redemption.

        **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure," with specific reference to "Leonard – Emails with Greg Hurley."

        8.     All correspondence with Fox Rothschild related to the SDNY Litigation or the Colorado Litigation.

        **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure," with specific reference to "Leonard – Emails with Greg Hurley."

        9.     All correspondence with Hurley, Leonard, Alexander Capital, DaSilva, Fox Rothschild, DiMartini or Kelly relating in any way to FOL, any of the Lenders, the Advisory Board, Redemption, the Colorado Litigation or the SDNY Litigation.

        **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure,"

        10.    All correspondence with the FBI, FINRA or the SEC or any other state or federal regulator or agency related in any way to FOL, and all documents related to any inquiries, by the SEC, FINRA or any other state or federal regulator or agency related in any way to FOL.

        **Response:** Defendant has no documents responsive to this request.

        11.    All communications between You and DiMartini.

        **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure," with specific reference to "Leonard – Emails with Greg Hurley," with specific reference to Gmail – COIL 4, Gmail – FWD – Operating Agreement, Gmail - coil contract, Gmail – Provision Payment to FOL.pdf, and Leonard - Emails with Greg Hurley.

12.     All contracts between You and FOL.

**Response:** Defendant has no documents responsive to this request.

13.     All contracts between You and any of the Advisory Board, Fox Rothschild, Redemption, Hurley, Leonard, Alexander Capital, Truong, CMD, DaSilva or Kelly.

**Response:** Defendant has no documents responsive to this request.

14.     All communications related to Your alleged investment in FOL.

**Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure" and to the documents previously delivered to plaintiff's counsel enclosed in the Folder entitled "Previously Disclosed."

15.     All documents reflecting Your alleged investment in FOL.

**Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure and to the documents previously delivered to plaintiff's counsel.

16.     All communications with CMD related to Your alleged investment in FOL.

**Response:** Defendant has no documents responsive to this request.

17.     All documents reflecting the persons or entities who contributed to Your alleged investment in FOL.

**Response:** Defendant has no documents responsive to this request.

18.     All account documents and statements with Alexander Capital.

**Response:** Defendant has no documents responsive to this request.

19.     All communications You have had with or including DiMartini concerning any investment.

Plaintiff is directed to defendant's response to RFP 11.

20.     Documents showing all compensation provided to DiMartini related in any way to

6

FOL.

Plaintiff is directed to defendant's response to RFP 11.

21.     All documents related to Provision's agreement to provide advertising services to FOL and borrow funds from FOL or intent to perform or not perform under Provision's contract with FOL.

Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure, with specific reference to documents entitled SPA between FOL and Provision Holding, Emails Squilla Muscarell Leonard and FOL Personnel 2018 to 2019, and Leonard - Emails with Greg Hurley.

22.     All documents related to Your involvement in the FOL loan to and purchase of services from Provision.

**Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure, with specific reference to documents entitled "SPA between FOL and Provision Holding," "Emails Squilla Muscarell Leonard," "FOL Personnel 2018 to 2019," and "Leonard - Emails with Greg Hurley."

23.     All documents related to Your contribution or investment in Provision.

**Response:** Defendant has no documents responsive to this request.

24.     All documents concerning any business dealings on which You have worked that involved Kelly in any way.

**Response:** RFP 24 is objected to as overbroad, and not relevant to the subject matter of this litigation, but notwithstanding said objection, Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

25.     All documents concerning any business dealings on which You have worked that involved Clapham in any way.

**Response:** RFP 25 is objected to as overbroad, and not relevant to the subject matter of this litigation, but notwithstanding said objection, Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

26.     All documents concerning any business dealings on which You have worked that involved DaSilva in any way.

**Response:** RFP 26 is objected to as overbroad, and not relevant to the subject matter of this litigation, but notwithstanding said objection, Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

27.     All documents concerning any business dealings on which You have worked that involved Hurley in any way.

**Response:** RFP 27 is objected to as overbroad, and not relevant to the subject matter of this litigation, but notwithstanding said objection, Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

28.     All documents concerning any business dealings on which You have worked that involved Truong in any way.

**Response:** RFP 28 is objected to as overbroad, and not relevant to the subject matter of this litigation, but notwithstanding said objection, Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

29.     All documents relating to prior interactions or transactions with Peter DiChiara or the CMD firm, including but not limited to all engagement agreements You have signed with CMD.

**Response:** RFP 29 is objected to as overbroad, and not relevant to the subject matter of this litigation, but notwithstanding said objection, defendant has no documents

responsive to this request.

30.    All due diligence provide to You by Alexander Capital concerning FOL or that You requested from Alexander Capital concerning FOL.

**Response:** Defendant has no documents responsive to this request.

31.    Records of all amounts paid by You to Redemption.

Defendant has no documents responsive to this request.

32.    All documents reflecting the creation or operation of Coil.

**Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

33.    All communications with Rainmaker Retail Group, LLC.

**Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

34.    All documents reflecting the use of funds paid by FOL to Provision.

**Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure," with specific reference to the Provision bank statements included therein and previously provided to plaintiff's counsel.

35.    All documents reflecting the ownership of Provision.

**Response:** Defendant has no documents responsive to his request.

36.    All documents reflecting the existence of any agreement between Provision and Coinstar.

**Response:** Defendant has no documents responsive to his request.

37.    All communications with Coinstar regarding any use of Provision's goods or services.

**Response:** Defendant has no documents responsive to his request.

38.     All documents reflecting Ronald Barrie Clapham's contribution to Provision.

       **Response:** Defendant has no documents responsive to his request.

39.     All documents reflecting the existence of secured loans owed by Provision.

       **Response:** Defendant has no documents responsive to his request.

40.     All documents reflecting any obligation of Provision to pay Alexander Capital

commissions or other remuneration for moneys loaned or paid by FOL to Provision.

       **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL

Litigation – Mark Leonard Disclosure," with specific reference to the Provision bank statements

included therein and previously provided to plaintiff's counsel and the document entitled "Gmail -

ProVision paymnet [sic] to FOL."

41.     All documents reflecting the basis for your acquisition of alleged equity in FOL.

       **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL

Litigation – Mark Leonard Disclosure," with specific reference to the folder entitled "Previously

Disclosed," the Provision bank statements included therein, the Charles Schwab statement included

therein all of which was previously provided to plaintiff's counsel.

42.     All documents reflecting Your purchase and sale of equity in FOL.

       **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL

Litigation – Mark Leonard Disclosure."  Defendant is continuing to search for responsive

documents and will provide them if located.

43.     All communications with DiMartini concerning FOL or FOL's products.

       **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL

Litigation – Mark Leonard Disclosure."

44.     All communications with Alexander Capital concerning Your alleged ownership of

shares of FOL.

**Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."  Defendant is continuing to search for responsive documents and will provide them if located.

45.     All communications with Truong regarding FOL or Redemption.

**Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

46.     All communications with Truong regarding Limelight Automated Retail.

**Response:** Defendant has no documents responsive to this request.

47.     All documents reflecting Your ownership in Redemption.

**Response:** Defendant has no documents responsive to this request.

48.     All communications with any of the Lenders.

**Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

49.     All engagement agreements between You and CMD.

**Response:** Defendant has no documents responsive to this request.

50.     All communications with Mark Ward or Wasatch Labs concerning the manufacture of CBD products.

**Response:** Defendant has no documents responsive to this request.

51.     All documents related to the formation of Above Holdings Inc., including documents showing the owners of the aforementioned company.

**Response:** Defendant has no documents responsive to this request.

52.     All communications with Connie Kondick, Nael Karim Kassar, Antoine Sacy, or

Tony Ettinger concerning the creation or operation of a CBD brand or company.

      **Response:** Defendant has no documents responsive to this request.

    53.    All communications with Hurley concerning the settlement between Redemption and FOL.

      **Response:** Plaintiff is directed to the documents disclosed and entitled "FOL Litigation – Mark Leonard Disclosure."

    Dated this 15th day of May 2024.

                    */s/ Paul A. Rachmuth*
                    *Attorneys for Defendant*
                    *Mark Leonard*
                    265 Sunrise Highway – Suite 1515
                    Rockville Centre, NY 11570
                    (516) 330-0170