PAUL A. RACHMUTH
ATTORNEY AT LAW
265 SUNRISE HIGHWAY, STE. 1515
ROCKVILLE CENTRE, NEW YORK 11570
TELEPHONE: (516) 330-0170    FACSIMILE: (516) 543-0516    PAUL@PARESQ.COM

May 24, 2024

Via ECF
Hon. Dale E. Ho
United States District Court
Southern District of New York

       Re: Floyd's of Leadville, Inc. N/K/A Valued, Inc. v. Alexander Capital L.P., et al.
       Case No. 1:22-CV-03318-DEH

Dear Judge Ho:

    The undersigned represents defendants, Ronald Barrie Clapham and Mark Leonard and write in response to the May 20, 2024, letter motion of plaintiff.

    From the outset, it must be noted that plaintiff made no attempt to meet and confer and explain what he believed was missing from defendants' disclosures and to ask why that is the case. As such, we believe that plaintiff's second motion is premature and should be denied. Moreover, had such a meeting occurred, we would have informed plaintiff's counsel that defendant Mr. Clapham, due to a change in his business, lost access to a great deal of his emails and other documentation, and that he is in the process of having a computer files expert attempt to retrieve them.[1] This process is ongoing, and we will supplement Mr. Clapham's response with whatever relevant documents are recovered.

    Secondly, if Mr. Vedra had sought to meet and confer, he would have learned that Mr. Leonard has informed us he has provided us with all documents in his possession. Mr. Vedra also would have learned that Mr. Leonard, was not a manager at Provision and did not have access to the kind of documents that plaintiff requested.

    Thirdly, we note that this office has provided plaintiff with every document received from Messrs. Leonard Clapham. Nothing was withheld.

    Substantively, we plaintiff has included in his letter motion demands for documents where defendants have stated they do not have, and plaintiff has no basis to believe otherwise. An example, is No. 13 on plaintiff's "Leonard Discovery Chart."

---

[1] Mr. Clapham has undertaken to retrieve these documents notwithstanding that they are no longer in his care, custody or control. As such, in our opinion, those documents are outside the scope of the discovery demands.

| RFP | Content | Was it Provided [sic] | How do we know it exists? | Reference |
|---|---|---|---|---|
| 13 | All contracts between You and any of the Advisory Board, Fox Rothschild, Redemption, Hurley, Leonard, Alexander Capital, Truong, CMD, DaSilva or Kelly. | No | Unknown | |

The same is true for plaintiff's complaints about defendant Clapham (below). Only here, plaintiff does not even claim to know whether anything was provided in response.

Clapham Discovery Chart

| RFP | Content | Was it Provided [sic] | How do we know it exists? | Reference |
|---|---|---|---|---|
| 20 | All documents related to Your involvement in the FOL loan to and purchase of advertising services from Provision | Unknown | | |

These charts are verbatim from plaintiff's second motion and more such examples exist. Thus, for some of these requests, plaintiff has no basis to claim a document exists and is not aware of whether or not it was provided yet seeks to compel there disclosure.

In sum, plaintiff has not sought to meet and confer ahead of plaintiff's second motion; plaintiff has received every single document received from Messrs. Clapham and Leonard; Mr. Leonard is continuing his search for responsive documents and plaintiff has failed to state a basis to compel the disclosure of many of the documents on listed on plaintiff's own chart.

Accordingly, we respectfully request that plaintiff's motion should be denied, and that plaintiff be ordered to meet and confer ahead of any further motion practice.

Respectfully submitted,

Paul Rachmuth