



**Daniel J. Vedra**
Attorney

dan@vedralaw.com
www.vedralaw.com

**VEDRA LAW LLC**

T. (303) 937-6540
F. (303) 937-6547

1444 Blake Street
Denver, CO 80202

May 10, 2024

VIA CM/ECF
Hon. Dale E. Ho
District Court Judge
United States District Court for the Southern District of New York

      Re:    Floyd's of Leadville, Inc. N/K/A Valued, Inc. v. Alexander Capital L.P. &
               Clapham - Case No. 1:22-CV-03318-DEH
               Status Report *re: Discovery Dispute*

Dear Judge Ho:

      In accordance with the Court's order dated June 7, 2024, Plaintiff Floyd's of Leadville, Inc. n/k/a Valued, Inc. ("Plaintiff") and Defendants Ronald Barrie Clapham ("Clapham") and Mark Leonard ("Leonard") submit the following status letter concerning their ongoing efforts to resolve pending discovery disputes.

Plaintiff's Position

*Introduction*

      On February 5, 2024, Plaintiff duly served requests for production of documents on Defendants Clapham and Leonard.

      On March 6, 2024, the deadline for responding to the requests, Defendants Clapham and Leonard failed to respond with written discovery responses, producing responsive documents, or permitting the inspection of the responsive documents.

      On May 10, 2024, Plaintiff filed a letter motion seeking sanctions and an order compelling production of documents.

      On May 15, 2024, Defendants produced their initial disclosure documents, submitted written responses to the requests for production, and produced some documents responsive to the requests for production. On the same day, Defendants Clapham and Leonard responded to Plaintiff's letter motion advising the Court that they had complied with their outstanding discovery obligations. The Court awarded sanctions against Clapham and Leonard and denied Plaintiff's letter motion as moot with leave to re-file within one week.

On May 20, 2024, Plaintiff renewed its motion on the grounds that Defendants Leonard and Clapham had not complied with their discovery obligations and had improperly objected to the discovery requests after having waived any objections by not timely responding. Defendants Clapham and Leonard argued that Plaintiff had failed to confer on the renewed motion.

On June 7, 2024, the Court conducted a hearing on the motion and ordered the parties to confer.

On June 11th, 13th, and 14th, counsel for Plaintiff and Defendants conferred regarding the outstanding discovery disputes. After two full hours of conferral, below are the outstanding issues from the perspective of Plaintiff and Defendants Clapham and Leonard. As of today, Defendants Clapham and Leonard's full responses are exactly **one hundred days late**. This is not pre-mature; it is overdue.

Despite being one hundred days late on discovery responses, Defendants Clapham and Leonard refuse to commit to a specific date to provide documents to Plaintiff. Instead, the continue to temper their commitments with room to create further delay. Further, Clapham and Leonard have each given varying excuses for why they have been either unwilling or unable to produce responsive documents. To date, they have not stated in writing precisely what they have done to locate the responsive documents or even when they attempted to locate them. Their responses have been vague and evasive. They continue to promise to do things in the future that will likely require additional evaluation from Plaintiff and cause further delay.

*Clapham*

There is no dispute that Clapham's responses are incomplete and untimely. The dispute with Clapham is over when he is going to produce responsive documents and whether he may withholding anything on the basis of an objection.

Defendant Clapham has asserted that he lost access to his e-mail containing the relevant communications. The dates are vague, but the story is that Clapham sold his "Management Company" to "Company A" and sometime in the last two years, Company A sold the Management Company to Company B. And although Clapham stated that he was able to set up access to e-mail for himself on a going forward basis, he claims that this second sale to Company B has made it difficult for him to access his e-mails. Notwithstanding this alleged difficulty, he has the practical ability to obtain the relevant communications and those communications are allegedly being retrieved and delivered.

After receiving conflicting information about the status of this production, Clapham states that he will be able to deliver the responsive e-mails to his counsel on July 5, 2024, one hundred and twenty-one days after they were due. His counsel *should* be able to review these documents and produce them within one week, or one hundred twenty-eight days after they were due. Assuming that Clapham meets these self-imposed deadlines, Clapham's discovery responses will be a full four months late. And based on Clapham's responses below, there is not



a firm commitment to get those documents to Plaintiff even 121 days overdue. Plaintiff has its doubts that this production will be made when promised or in full.

First, Clapham has been unable or unwilling to give detailed information about his precise efforts to deliver this production four months after it was due.

- Clapham has not stated when he started looking for the responsive documents.
- He has not stated where precisely they are located.
- He has not stated exactly when his former company was sold a second time.
- He has not stated how he is looking for them and what search terms he is using to attempt to locate the documents.
- He has not stated why he failed to preserve his own access to these documents when he had already been served with this lawsuit.

These are just some of the questions that remain after two hours of conferral. These questions have been asked and re-asked, and the closest thing to an answer is the promise of an affidavit in a week's time. This is just more delay.

Second, Plaintiff is concerned that Clapham will withhold relevant documents based on improperly asserted objections and claims of privilege. All objections have already been waived based on Clapham's failure to respond on time. *Cohalan v. Genie Indus.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."). And even if they have not been waived, the boilerplate objections offered by Clapham are insufficiently articulated and ineffective. *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

At bottom, it is clear that Clapham has not produced everything that is responsive to Plaintiff's requests. Plaintiff believes that Clapham will commit to a firm deadline to produce those documents, but Plaintiff has reservations that the production will be complete.

*Leonard*

Conferral regarding Leonard's production has generated more confusion and concern than results. Some background is necessary.

Leonard was the Chief Executive Officer of a company called Provision, a defaulted defendant in this case. Plaintiff invested in Provision as a result of the scheme to defraud Plaintiff. To avoid responding to Plaintiff's discovery requests concerning Provision, Leonard initially represented to the Court that Leonard was "not a manager" of Provision and therefore, did not have access to the types of documents sought by the request. During the Court's conference call on June 7th, Leonard himself corrected that misrepresentation to the Court. Now, his counsel claims that he was just a salesman.

Having corrected the record that Leonard was indeed the CEO of Provision, the story has now shifted to a story similar to Clapham's. First, Leonard asserts that notwithstanding his title, he needs another officer of Provision to provide the documents. Like Clapham, he has the



practical ability to obtain the responsive documents. As the CEO of the company, he has the practical and actual ability to obtain the documents. There is no officer with greater authority than his, even if this company is no longer active. Second, Leonard claims that the e-mails are on a server that has alternatively been thrown away by Provision's former landlord or is no longer active. These vague and non-specific reasons are not satisfactory. They do not explain why Leonard, the CEO of Provision, did not preserve documents after litigation was imminent. And they do not explain whether these documents have or have not been destroyed as a consequence of Leonard's failure to preserve them. It also does not explain exactly when the documents were lost. And it does not explain why emails that appear to have been hosted on a cloud server cannot be retrieved.

At bottom, Plaintiff still does not know exactly what Leonard did to attempt to obtain documents that are responsive to Plaintiff's requests and are within Leonard's possession, custody, or control. Although Leonard's counsel has represented that Leonard has searched his personal files for records, it is unclear how thorough that search was without further information from Leonard. Moreover, Leonard has been unwilling to state in writing exactly what he did to look for the e-mails or when. Plaintiff maintains that Leonard should be compelled to produce responsive documents as requested in Plaintiff's renewed letter motion dated May 20, 2024.

Defendant's Position

Plaintiff seems to want to "win" a status report on a meet and confer. Defendants Barrie Clapham and Mark Leonard have produced to Plaintiffs all documents responsive to the Plaintiff's discovery demands in their possession, custody or control. During the multiple conferral meetings with Mr. Vedra, Plaintiff's counsel, I (Paul Rachmuth), Defendants' counsel, explained in great detail exactly why no additional documents now exist.

Barrie Clapham

I explained to Mr. Vedra that Mr. Clapham was the founder and majority owner of London and Scottish Investment LTD ("LSIL"). In 2018, LSIL sold its management services subsidiary ("LSIM"), which had control of LSIL's computer systems, including its email servers. After the sale, Mr. Clapham maintained access to his emails but had no physical control over the servers.

In 2022/2023, however, LSIM was sold again; this time to ARA, a Singapore based property investment management company. After the sale of the company to ARA, Mr. Clapham lost access to his old emails. Though we believe Mr. Clapham has no obligation to do so, he has since retained an IT professional to work with ARA to retrieve Mr. Clapham's emails. The IT professional has informed Mr. Clapham that he expects to retrieve all responsive documents and provide them to Mr. Clapham within three weeks.



  Mr. Clapham has also searched all of his emails that he does have access to, along with his texts and WhatsApp messages and has produced every document responsive to the discovery demands without claiming privilege over any such document.

  After this information was provided Mr. Vedra at our first meet and confer, he asked me to confirm when the documents located by the IT professional would be produced. In email exchanges after the meet and confers, I committed to (a) provide Plaintiff with an affidavit from Barrie Clapham within one week, spelling out the above facts and include a list of search terms provided to the IT professional; (b) agreeing to supplement the search if the Plaintiff presented reasonable additional terms to be employed; and (c) use best efforts to produce all documents within one week of receiving them from the IT Professional.

  Not until today did Plaintiff raise the questions listed above regarding Mr. Clapham's production (most of which were raised for the first time in drafts of this letter). Notwithstanding my agreeing to include responses to those questions in Mr. Clapham's affidavit, Plaintiff still insists that Mr. Clapham is unwilling to provide the information that plaintiff's counsel has just requested.

  With regard to Mr. Vedra's concern that Mr. Clapham may raise defenses of privilege to the production of documents, I believe it is too early to address this issue as we have not even seen any of the documents, let alone asserted they are subject to privilege.

  Based on the foregoing, Mr. Clapham does not agree with Plaintiff's position that he has not produced all documents in his possession, custody or control. Further, Mr. Clapham has committed to producing all available documents notwithstanding they are beyond the scope of his disclosure obligations.

  <u>Mark Leonard</u>

  Mr. Vedra again makes incorrect and accusatory statements. As explained to Mr. Vedra in the meet and confers, Mr. Leonard was hired by ProVision to act as a salesman. He was given the title of CEO but did not manage the company. The company was controlled and managed by its principal, Curt Thornton. During COVID in Spring, 2020, ProVision ceased its operations. At that time ProVision leased certain office space. When it stopped paying rent, its landlord evicted ProVision and discarded the contents of the space, including the computers it used as email servers. Mr. Leonard has not been employed by ProVision since 2020 and he has not had access to the ProVision emails since 2020, nor, to his knowledge, has anyone else.

  Mark has searched all of his emails, texts and WhatsApp messages and has produced every document responsive to the discovery demands in his possession, custody or control and has provided Plaintiff with the name of ProVision's email hosting service.



After this information was provided Mr. Vedra in a meet and confer, we agreed to adjourn it for a day so Mr. Leonard could confirm the search terms used and the services searched. In the meet and confer held today, that information was then given to Mr. Vedra. And, just as for Mr. Clapham, I agreed to provide Plaintiff with an affidavit from Mr. Leonard within one week detailing the above information and all search terms used.

It is therefore more than confusing for Mr. Vedra to state Mr. Leonard is unwilling to put in writing what he did to search for discovery documents or that "Plaintiff still does not know exactly what Leonard did to attempt to obtain documents that are responsive to Plaintiff's requests and are within Leonard's possession, custody, or control." It is also confusing why, given that Mr. Leonard states he has no additional responsive documents and will provide an affidavit to the same effect, "Plaintiff maintains that Leonard should be compelled to produce responsive documents…."

Based on the foregoing, Mr. Leonard does not agree with Plaintiff's position that he has not produced all documents in his possession, custody or control. It appears more that Plaintiff is seeks some upper hand by portraying Defendants as uncooperative or noncompliant, when the facts confirm the opposite.

Defendant Clapham is **ORDERED** to (1) provide an affidavit within **one week**, articulating the above facts and including a list of search terms provided to the IT professional, and (2) produce responsive documents within **three weeks** of this Order.

Defendant Leonard is **ORDERED** to provide an affidavit within one week, articulating the above facts and including a detailed inventory of all efforts made to date to comply with Plaintiff's discovery requests.

To the extent Plaintiff seeks additional relief, that application is **DENIED**. The parties are on notice that the Court will not consider future discovery disputes if the parties do not first meet and confer on the issues. SO ORDERED.

Sincerely,

**VEDRA LAW LLC**

By:    /s/ Daniel J. Vedra
         Daniel J. Vedra

**PAUL RACHMUTH LAW OFFICE, PLLC**

By:    /s/ Paul Rachmuth
         Paul Rachmuth (pr1566)

Dale E. Ho
United States District Judge
New York, New York
Dated: June 18, 2024

CC:    2023169/Floyd's of Leadville, Inc. N/K/A Valued, Inc.
         All Parties of Record

**VEDRA LAW LLC**