**Bryan Ward**
Direct Line: 404.892.5695
bryan.ward@holcombward.com

September 26, 2024

***Via ECF Filing***

Hon. Dale E. Ho
District Court Judge
United States District Court for the Southern District of New York

   re: *Floyd's of Leadville, Inc., n/k/a Valued, Inc. v. Alexander Capital, L.P., et al., Civil Action No. 1:22-CV-03318-DEH*

Dear Judge Ho:

  Defendant Alexander Capital, L.P. ("ACLP") seeks a protective order limiting the scope of Plaintiff Floyd's of Leadville, Inc.'s ("FOL") Notice of Deposition directed to ACLP pursuant to FRCP 30(b)(6), as amended on September 18, 2024. *See* Exhibit A.

  ACLP objects to FOL's Rule 30(b)(6) Notice on the following grounds: (1) FOL took a 30(b)(6) deposition of ACLP corporate representatives, lasting approximately six hours, on September 19, 2022 in the related Colorado action while this case was pending before this Court; (2) the parties agreed that the depositions in the Colorado case, including ACLP's 30(b)(6) deposition, can be used in this case; (3) the Notice is cumulative and duplicative of the topics previously covered in the prior 30(b)(6) deposition; and (4) the scope of the Notice is overly broad, unduly burdensome, duplicative, and is not proportional to the needs of the case as it requires ACLP to prepare a witness to testify regarding 42 topics and 102 subtopics, covering a breadth of information spanning seven years' time as well as the full scope of ACLP's interactions with dozens of individuals and entities.

  The parties met and conferred regarding this dispute by telephone on September 18 at 4:30 p.m. and on September 22 at 4:00 p.m. Those calls followed the exchange of written correspondence on September 17 and 19.[1]    The first call resulted in FOL

---

[1] The parties' written correspondence regarding this dispute are attached as follows: email correspondence of September 17, attached as Exhibit B; first letter correspondence of September 17, attached as Exhibit C; second letter correspondence of September 19 attached as Exhibit D; and email correspondence of September 19, attached as Exhibit E.

Judge Dale E. Ho
September 26, 2024
Page 2

amending the Notice to correct the ambiguities ACLP noted, but neither call resulted in FOL's agreeing to reduce the number of topics, avoid duplicative topics, or decrease the length of the deposition. FOL has taken the position that it is entitled to a full Rule 30(b)(6) deposition of ACLP in this matter, notwithstanding the prior 30(b)(6) deposition of ACLP and the parties' cross-use agreement with regard to that deposition. FOL stated it would not agree to remove any of the topics in the notice, including those that were part of the previous 30(b)(6) deposition. FOL indicated it would agree to not ask any questions that were "identical" to questions asked at the previous deposition, so long as FOL's counsel believed FOL had received an "adequate" response to those questions during the prior deposition. It further stated that it would "in no circumstance" agree to take the deposition by written questions, nor would it agree to limit the time of the deposition to less than seven hours.

ACLP is entitled to relief under Rule 26(c)(1)(C) providing that the Court may, for good cause, issue an order to protect a party or person from undue burden or expense, including an order "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(C). The Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required," *Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 459 (S.D.N.Y. 2019), and "the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectible interests of the party from whom discovery is sought," *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 9 (S.D.N.Y. 2015).

A Rule 30(b)(6) deposition notice, like other forms of discovery, is subject to the limitations under Rule 26. *E.g., Ingram v. City of N.Y.*, No. 21-CV-9050 (NRB), 2023 U.S. Dist. LEXIS 175377, at *4-5 (S.D.N.Y. Sep. 26, 2023). In reviewing a Rule 30(b)(6) deposition notice, courts consider "whether the topics are proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity." *E.g., Wilmington Tr., Nat'l Ass'n v. Samcom 48 (DE) LLC*, No. 22-CV-2720 (RPK) (RLM), 2022 U.S. Dist. LEXIS 232565, at *4-5 (E.D.N.Y. Dec. 28, 2022). This Court has the power to limit depositions that would be "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2); *see also Sheehy v. Ridge Tool Co.*, No. 3:05 CV 1614 (CFD)(TPS), 2007 U.S. Dist. LEXIS 37787, 2007 WL 1548976, at *4 (D. Conn. May 24, 2007) (noting that a protective order was particularly appropriate in that "numerous witnesses who have first-hand information" already had been deposed and plaintiff had produced thousands of documents). A Rule 30(b)(6) deposition "should not be a 'memory contest' of topics better suited to a written response or a supplemental document production." *E.g., Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, 14-CV-09371 (KPF)(SN), 2017 U.S. Dist. LEXIS 133373, 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017) Therefore, "[a] court should strike notice topics that would result in a witness merely testifying to information readily available through document production" and "topics better suited to a written response[.]" *Id.*; *see also Nycomed US, Inc. v. Glenmark Generics, Ltd.*, No. 08-CV-5023 (CBA), 2009 U.S. Dist. LEXIS 97410, 2009 WL 3463912, at *1 (E.D.N.Y. Oct. 21, 2009) (observing that

contention interrogatories are "a more appropriate means of obtaining the information sought than the blunderbuss 30(b)(6) topics at issue here").

Two officers of ACLP testified as Rule 30(b)(6) corporate representatives of Alexander Capital on September 19, 2022 pursuant to a Subpoena served by FOL in the Colorado case: Jonathan Gazdak, Managing Director and Head of Investment Banking, and Michele Misiti, Chief Compliance Officer. FOL and ACLP have agreed that the depositions of relevant witnesses taken in the related Colorado Action may be used in this case. Additionally, FOL and ACLP opted in to a "cross-use provision" under paragraph 10 of the Stipulated Protective Order in this case and agreed that "materials they have designated in this action may be used in the Colorado Litigation, and vice versa." (Dkt. 119 ¶ 10.)

Moreover, counsel for FOL and ACLP represented to the Court in two separate motions that they have agreed that the depositions of relevant witnesses taken in the related Colorado action may be used in this case for the purpose of streamlining discovery. (*See* Dkt. 172, Unopposed Motion for Order of Production of Deposition Transcripts from the Related Colorado Action ¶ 9; Dkt.180, Joint Motion for Extension of Discovery ¶ 8.) FOL has already taken one Rule 30(b)(6) deposition of ACLP that may be used in this case.

ACLP spent substantial time and money preparing for the 30(b)(6) deposition topics in response to the subpoena in the Colorado action when that deposition was taken in 2022. To prepare witnesses on those same topics a second time would reduplicate the work and expense in a way that places an undue burden on ACLP. This is exactly the kind of duplication of effort that the Parties' cross-use agreement was intended to prevent.

Having already been deposed once by FOL, ACLP should not be required to sit for a second deposition. At a minimum, ACLP should not be required to submit to another examination on topics that were already addressed during the 30(b)(6) deposition on September 19, 2022. These include Topics 1 – 3, 5 – 7, 9 – 13, 16 – 18, 20 – 22, 26, 28 – 33, 35 – 37, and 39 – 41 of FOL's Amended Notice of Deposition.

To address ACLP's concerns and to avoid additional unnecessary burden and expense, we request that this Court enter a Protective Order:

(a) limiting the scope of notice to topics not previously covered in the September 19, 2022 Rule 30(b)(6) deposition; and

(b) ordering that the examination be made by written question pursuant to FRCP 31(a)(4).

A 30(b)(6) deposition by written questions would be a more efficient manner for FOL to obtain binding corporate testimony on issues that FOL believes were not adequately addressed during the first 30b6 deposition. Alternatively, ACLP requests that the Court limit the time for an oral deposition to no more than three hours.

Judge Dale E. Ho
September 26, 2024
Page 4

Sincerely,

Bryan Ward