# Exhibit C



**Bryan Ward**
Direct Line: 404.892.5695
bryan.ward@holcombward.com

September 17, 2024

**VIA EMAIL**

Daniel J. Vedra, Esq.
Vedra Law, LLC
1444 Blake Street
Denver, CO 80202
dan@vedralaw.com

   Re:  *Floyd's of Leadville, Inc., n/k/a Valued, Inc. v. Alexander Capital, L.P., et al.;* Civil Action No. 1:22-cv-03318-DEH

Dear Dan:

  Thank you for sending us the draft notice for a 30(b)(6) deposition of Alexander Capital, L.P. ("ACLP") by Floyd's of Leadville ("FOL"). We have taken the time to review the draft and now write to inform you of the issues that we see with this proposed notice.

  One of the largest concerns we have is that FOL has already taken a 30(b)(6) deposition of ACLP in the Colorado action. A rough calculation of the time on record shows that ACLP's corporate witnesses testified for approximately six full hours in FOL's prior 30(b)(6). The parties have agreed that the depositions in the Colorado case, including ACLP's 30(b)(6) deposition, can be used in this case since both FOL and ACLP have opted into the cross-use provision of the Stipulated Protective Order in this case. Therefore, although ACLP is not taking the position at this time, it would be within its rights to refuse to sit for any further questioning. Instead, ACLP is willing to agree to sit for additional 30(b)(6) time and is willing to work with you in determining exactly how much extra time your client will have.

Daniel J. Vedra, Esq.
September 17, 2024
Page 2

ACLP is also asking that you narrow the list of topics to be covered by the 30(b)(6) deposition down to topics that were not already covered in the Colorado case. Your client can use the deposition testimony it already took on September 19, 2022 for the subjects that were noticed for the Colorado case.

An additional issue with FOL's proposed notice is its size. Putting aside the other issues, it is simply not practical or possible to prepare corporate witnesses to testify on 28 topics and 107 subtopics. This is particularly true since these subtopics are a non-exhaustive list of what the topic purports to cover and as many of these subtopics do not appear to fall under their stated topic. This notice would leave ACLP unsure what topics it needed to prepare for and unable to prepare for the topics listed. Were the final notice to take this form, ACLP would be forced to object that the notice is overly broad, unduly burdensome, vague, and ambiguous. To address this and the other concerns, we would be willing to discuss handling the deposition, in whole or part, by written question.

In addition, as detailed below, many of the topics and subtopics in the draft notice call upon ACLP to offer a legal opinion or to testify to facts known to others but not to ACLP. The proper scope of any Rule 30(b)(6) deposition is facts and information known to the corporate entity. ACLP is not a lawyer and cannot interpret the law. Nor is ACLP capable of knowing facts held by third parties. Should the final notice contain such topics, ACLP would be forced to object.

The following are lists of specific concerns related to specific topics:

**Topics that cover the same ground as the deposition topics from the Colorado litigation**:
- Topic 1 covers the same ground as Colorado Topics 4, 5, and 10.
- Topic 2 covers the same ground as Colorado Topics 5 and 7.
- Topic 3 fully duplicates Colorado Topic 16.

Daniel J. Vedra, Esq.
September 17, 2024
Page 3

- Topic 5 covers the same ground as Colorado Topics 2, 3, 8, 9, and 15. It may also cover the same ground as Colorado Topics 6 and 7.
- Topic 6 covers the same ground as Colorado Topics 2, 3, 8, 9, and 15. It may also cover the same ground as Colorado Topics 6 and 7.
- Topic 7 fully duplicates Colorado Topic 2.
- Topic 9 covers the same ground as Colorado Topics 1, 3, 5, 6, and 9.
- Topic 10 covers the same ground as Colorado Topics 1, 3, 5, 6, and 9.
- Topic 11 covers the same ground as Colorado Topics 1 and 10.
- Topic 12 covers the same ground as Colorado Topics 1 and 10.
- Topic 13 covers the same ground as Colorado Topic 1.
- Topics 16, 17, and 18 cover the same ground as Colorado Topic 5.
- Topic 20 covers the same ground as Colorado Topics 2-4, 5-8, 10-14, and 16-17.
- Topic 21 covers the same ground as Colorado Topic 5.
- Topic 22 covers the same ground as Colorado Topic 5.
- Topic 26 covers the same ground as Colorado Topic 5.

**Subtopics that appear to be outside of the scope of their parent topic:**
- Topic 1, subtopics e, f, I and j.
- Topic 2, subtopics f and g.
- Topic 5, subtopic d.
    - Topic 5, subtopic a is also partially outside the scope of its parent topic.
- Topic 6, subtopic a is partially outside the scope of its parent topic.
- Topic 13, subtopic b.
- Topic 18, subtopic d.
- Topic 20, subtopics b and c.
- Topic 21, subtopics f – k.

**Topics and Subtopics that are vague and ambiguous:**
- Topic 1, subtopic h.
- Topic 2, subtopic f.

Daniel J. Vedra, Esq.
September 17, 2024
Page 4

- Topic 8.
- Topic 13, subtopic b.
- Topic 14.
- Topic 15.
- Topic 27.

**Topics and subtopics that call for a legal opinion:**

- Topic 7.
- Topic 8.
- Topic 14.
- Topic 25.

**Topics and subtopics that call for Alexander Capital to testify as to the knowledge or intent of others:**

- Topic 1, subtopics e and f.
- Topic 2, subtopic g.
- Topic 6, subtopic c.
- Topic 9.
- Topic 10.
- Topic 18, subtopics b and c.
- Topic 21, subtopics b, e – k
- Topic 22, subtopics b – f.
- Topic 24, subtopic c.
- Topic 28.

In addition to the foregoing, I note that many of the topics and subtopics contained in the draft notice rest on implicit or explicit facts or assumptions that are not in evidence. We do not believe that noticed topics are objectionable for that reason and will not object based on that issue. Nevertheless, we note that, because ACLP knows or believes these facts or assumptions to be false in many instances and does not have any

Daniel J. Vedra, Esq.
September 17, 2024
Page 5

reason to believe them true in others, questions based on these facts or assumptions are unlikely to be a productive use of any party's time. We ask that, in preparing the final notice, you remove the various topics based on these assumptions.

I hope this letter provides you with the information needed to formulate your final notice. Should you need to do so, we remain willing to work with you on further modifications of the proposed notice.

Sincerely,

Bryan Ward

cc: Paul Rachmuth, Esq.
Bryan McKenna, Esq.
Aaron Wright, Esq.
Holly Cole, Esq.