

**Bryan Ward**
Direct Line: 404.892.5695
bryan.ward@holcombward.com

October 11, 2024

<u>*Via ECF Filing*</u>

Hon. Dale E. Ho
District Court Judge
United States District Court for the Southern District of New York

    Re:    *Floyd's of Leadville, Inc., n/k/a Valued, Inc. v. Alexander Capital, L.P., et al.*, Civil Action No. 1:22-CV-03318-DEH

Dear Judge Ho:

    Pursuant to Section 6(c) Your Honor's Individual Rules and Practices in Civil Cases, Defendants Alexander Capital, L.P., NESA Management LLC, Joseph Amato, Rocco Guidicipietro, and Jonathan Gazdak ("ACLP Defendants"), seek leave to file documents under seal. ACLP Defendants have met and conferred with counsel for Plaintiff Floyd's of Leadville, Inc. n/k/a Valued, Inc. ("FOL"), who have objected to filing this motion under seal.

    Corporate agents of FOL, Bob Bell and Floyd Landis, have repeatedly initiated direct contact with parties, attorneys, and witnesses in this case, for the purpose of intimidation and harassment. Contemporaneous with this request to seal, the ACLP Defendants have filed a motion for an order: (1) enjoining Plaintiff Floyd's of Leadville, Inc. n/k/a Valued, Inc. ("FOL"), including but not limited to its agents Bob Bell and Floyd Landis, from communicating directly with parties, attorneys, and potential witnesses in this case; and (2) enjoining FOL and its agents, including Mr. Bell and Mr. Landis, from threatening or harassing any defendant, attorneys, or potential witness in this case.

    ACLP Defendants' motion to enjoin this conduct details the specific nature of the communications, which are inflammatory and defamatory and are injurious to the recipients of the communications. Requiring the filing of these improper communications on the public case docket is not in the public interest. Rather, the protection of the privacy interests of those individuals outweighs the default presumption in favor of providing public access to court documents and does not further the goal of providing public access to judicial documents. Countervailing factors that may outweigh the presumption of public access include "the privacy interests of those who resist disclosure." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). Indeed, "courts have the power to

Judge Dale E. Ho
October 11, 2024
Page 2

insure that their records are not 'used to gratify private spite or promote public scandal,' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption.'" *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *United States v. Chandler*, 220 F. Supp. 2d 165, 169-70 (E.D.N.Y. 2002) (sealing affirmation containing scandalous allegations that were apparently false where their release to the public could harm the reputation and lives of those mentioned).

For these reasons, ACLP Defendants respectfully request that this Court allow the filing of their motion to enjoin further communications and threats by FOL and the attached exhibits under seal.

Sincerely,

Bryan Ward