UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FLOYD'S OF LEADVILLE, INC., N/K/A VALUED, INC., : : : Plaintiff, : : vs. : : ALEXANDER CAPITAL, L.P., NESA MANAGEMENT, LLC, JOSEPH ANTHONY AMATO, ROCCO GERARD GUIDICIPIETRO, JONATHAN GAZDAK, RONALD BARRIE CLAPHAM, MARK LEONARD, PROVISION HOLDING, INC., TIMOTHY KELLY, and THREE DDD, LLC, : : : : : : : : : : Defendants. : : | Case No.: 1:22-cv-03318-DEH |

---

## DEFENDANTS ALEXANDER CAPITAL, L.P., NESA MANAGEMENT, LLC, JOSEPH ANTHONY AMATO, ROCCO GERARD GUIDICIPIETRO, AND JONATHAN GAZDAK'S MOTION TO ENJOIN HARASSING AND THREATENING COMMUNICATIONS

COME NOW Defendants Alexander Capital, L.P., NESA Management, LLC, Joseph Anthony Amato, Rocco Guidicipietro, and Jonathan Gazak ("ACLP Defendants"), and move for an order enjoining Plaintiff Floyd's of Leadville, Inc. n/k/a Valued, Inc. ("FOL") and its agents, including but not limited to Bob Bell and Floyd Landis, from communicating, other than through counsel, with parties, counsel, and potential witnesses in this case, other than those witnesses associated with Plaintiff. Further, ACLP Defendants ask this Court to enjoin FOL and its agents, including Mr. Bell and Mr. Landis, from threatening or harassing any defendant, attorney, or potential witness in this case.

ACLP Defendants do not seek this order lightly. Unfortunately, FOL and its agents, Mr. Bell and Mr. Landis, have repeatedly initiated direct contact with parties, counsel, and witnesses in this case with no apparent purpose other than to intimidate or harass.

The first instance of threatening behavior known to ACLP Defendants occurred on August 13, 2024. On that date Mr. Bell attended the remote deposition of Defendant Gazdak in the same office as FOL's counsel. On that date a potential witness in this case – identified in the Initial Disclosures of FOL and Defendants Clapham and Leonard – Frank Squilla filed a police report indicating that he had received a threatening and harassing call from Mr. Bell. (*See* Exhibit A, 10/9/24 Correspondence from P. Rachmuth) Further, counsel for Mr. Leonard has been informed that Mr. Bell communicated that the threats made to Mr. Squilla were intended to be conveyed to Mr. Leonard as well. (*Id.*) Mr. Squilla's police report indicated that Mr. Bell threatened to "give [Mr. Squilla] the biggest beating of his life." (*See* Exhibit A, F. Squilla Police report). Concerningly, the report suggests that Mr. Bell made the threatening call while attending Mr. Gazdak's deposition with FOL's counsel. (*See id.*)

Second, on September 23, 2024, Mr. Landis sent a series of four inappropriate, harassing, and threatening email communications to Defendant Gazdak, Defendant Clapham, counsel for ACLP Defendants and Defendant Clapham, and several non-party potential witnesses (and copied FOL's counsel on each email). (*See* Exhibits B-E.) In the first email of the day, Mr. Landis made derogatory comments concerning several witnesses, Defendants, and counsel for Defendants Leonard and Clapham, including: (1) referring to potential witness Greg Hurley as "Pedo Greg" and attaching a background check on Mr. Hurley which included an arrest warrant for possession of child pornography; (2) referring to ACLP as "nothing but a grift by a couple of Jerkey Boys sounding dipshits;" (3) referring to counsel for Leonard and Clapham as "Mickey Mouse esquire" and "this rodent who calls himself a lawyer;" and (4) insulting Defendant Leonard and attaching a screen shot taken from Mr. Leonard's wife's Facebook. (Exhibit B, F. Landis 1st email.)

After Defendant Clapham responded and requested that Landis stop sending him emails and to direct all communication through the attorneys, Mr. Landis responded, "Fuck straight off, asshole." (Exhibit C, F. Landis 2nd email.) Minutes later, in a third email to Defendant Clapham, Mr. Landis wrote, "We are all very impressed that you figured out how to access your email account. Congratulations." (Exhibit D, F.

2

Landis 3rd email.) In a fourth email, Mr. Landis continued to insult counsel for Defendants Clapham and Leonard and threatened that he would "be filing a bar complaint today against [Attorney Rachmuth] with the NY bar association." Each of these emails were sent to Defendants, their counsel, FOL's counsel, and non-party witnesses in this case. (Exhibit E, F. Landis 4th email.)

The threats, intimidation, and harassment continued on September 24, 2024, with another series of emails from Mr. Landis. At 8:03 a.m., Mr. Landis sent another email to the group, and directly addressed Mr. Hurley, using the screenname associated with the arrest warrant described above, Slickrunner1, writing "Good Morning everyone (including Slickrunner1- we are looking forward to seeing you again as it's been a while)." (Exhibit F, F. Landis 5th email.) The gratuitous reference to the witness' alleged criminal past served no purpose other than to attempt to intimidate the witness or coerce him into providing favorable testimony. Hours later, in response to an email from FOL's counsel forwarding communications from Mr. Hurley's counsel to Mr. Landis, Mr. Landis wrote to the parties, witnesses, and attorneys, and again made derogatory references to Mr. Hurley and his attorney. (Exhibit G, F. Landis 6th email.) This time, Mr. Landis's threats were far more explicit, professing "Welcome to hell … Fuck you and your confidentiality. It's nice to see you again. I was hoping I'd get the chance to destroy you too. This will be fun." (*Id.*) In his final email of the day, Mr. Landis concluded his rant by insulting the personal appearance and hygiene of Mr. Hurley's counsel, writing "One other thing, Chris, … the only thing more foul than your breath is your soul. Brush your teeth from time to time. I have PTSD from that deposition. Your breath will still be an atrocity from your diet consisting exclusively of foix gras and cheese, but the toothpaste might mask it a bit. It's a human rights violation just having to look at your obscene physique alone, but the smell that emits from the talking blob of grease that I was staring at, well, I'll never recover from that. PS I bet Greg regrets not taking that offer now 😁." (Exhibit H, F. Landis 7th email.) Mr. Landis's published insults serve no legitimate purpose, at best are pure harassment, and at worst are designed to intimidate the various recipients and to attempt to bully them into not saying anything that might further upset Mr. Landis. These emails from Mr. Landis were all spurred by his receipt of correspondence from FOL's counsel discussing

3

rescheduling Mr. Hurley's deposition.

Following these emails, counsel for ACLP Defendants requested that FOL's counsel instruct Mr. Landis to communicate to ACLP Defendants only through FOL's counsel. (Exhibit I, B. Ward and D Vedra email exchange.) FOL's counsel responded, on September 25, 2024, "I will let him know." (*Id*.)

After only two weeks of silence, on October 9, 2024, Mr. Landis again lashed out with another threatening email. (Exhibit J, F. Landis 8th email.) In response to a request by ACLP Defendants' counsel for a meet and confer related to the obstructive testimony of two of FOL's former officers, Mr. Landis, directed his wrath at counsel for ACLP Defendants, specifically Holly Cole.[1] (*Id.*) Mr. Landis falsely accused Ms. Cole of improper conduct, focused on the deposition of Ms. Merle-Huet, and described her in exceedingly inflammatory terms, in an email he intentionally sent to others. (*Id*.) This served no legitimate purpose but seemed rather to be intended to intimidate Ms. Cole, and, in particular, to intimidate ACLP Defendants out of filing a motion for contempt that was the subject of the email FOL's counsel had sent to Mr. Landis. (*Id*.)

FOL's counsel has failed to control his client and its agents, and his recent correspondence demonstrates that he finds no issue with their conduct. (Exhibit L, Emails from D. Vedra.) This improper and threatening behavior will continue unless this Court orders it to stop. Therefore, ACLP Defendants request an injunction barring any agent of FOL from communications, other than through counsel, with any Defendant or their counsel, or any potential witness, other than those affiliated with FOL. Further ACLP Defendants ask that this Court order Mr. Bell and Mr. Landis to refrain from threatening or harassing any Defendant or their counsel or any potential witness in this case.

---

[1] Mr. Bell, acting as FOL's Rule 30(b)(6) representative, and Mr. Landis both openly ridiculed Ms. Cole during their depositions. (*See* Exhibit K, Deposition Excerpts) (highlighting added). In particular, Mr. Bell said of Ms. Cole that her conduct in the deposition of Ms. Merle-Huet "couldn't be more nastier." (*Id*. 304:5.)

4

Respectfully submitted, this 11th day of October 2024.

/s/ *Bryan Ward*
Bryan Ward (*Pro Hac Vice*)
Holly Cole (*Pro Hac Vice*)
Aaron Wright (*Pro Hac Vice*)
Holcomb + Ward, LLP
3455 Peachtree Road NE,
Suite 500
Atlanta, Georgia 30326
404-601-2803
Bryan.Ward@holcombward.com
Holly@holcombward.com
Aaron@holcombward.com

*Counsel for Defendants Alexander Capital LP, Joseph Amato, Rocco Guidicipietro, Jonathan Gazdak, and NESA Management, LLC*