# Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

FLOYD'S OF LEADVILLE, INC.,
N/K/A VALUED, INC.,

                Plaintiff,

v.                              CASE NO.: 1:22-cv-03318-MKV

ALEXANDER CAPITAL, L.P.; NESA
MANAGEMENT, LLC; JOSEPH ANTHONY AMATO;
ROCCO GERARD GUIDICIPIETRO; JONATHAN GAZDAK;
GREGORY HURLEY; HOWARD DASILVA;
BARRIE CLAPHAM; MARK LEONARD;
THIEN TRUONG; PROVISION HOLDING, INC.;
TIMOTHY KELLY; AND THREE DDD LLC,

                Defendants.

## PLAINTIFF FLOYD'S OF LEADVILLE, INC., N/K/A VALUED, INC.'S OBJECTIONS AND RESPONSES TO ALEXANDER CAPITAL DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Floyd's of Leadville, Inc., n/k/a Valued, Inc. ("FOL"), through counsel, hereby submits its Objections and Responses ("Responses") to the First Request for Production of Documents ("Requests") of Alexander Capital, L.P., NESA Management, LLC, Joseph Amato, Rocco Guidicipietro, and Jonathan Gadzak (collectively, the "Alexander Capital Defendants"), as follows:

### GENERAL RESPONSES AND OBJECTIONS

1.      FOL sets forth the following General Responses and Objections (collectively, "General Objections") to these Discovery Requests, and these objections apply to each request, regardless of whether separately set forth in response to a specific request. No response to any request is or shall be deemed a waiver of these General Objections.

2.      FOL's discovery, investigation, and analysis is ongoing, and FOL may learn of additional information and documents, which may lead to substantial additions, changes, or variations to the responses set forth herein. FOL reserves the right to introduce later discovered, additional, or different evidence at trial, regardless of whether this reservation is separately stated for each request.

3.      No incidental or implied admissions are intended by any statement herein. FOL responds to the requests based upon its understanding and reasonable interpretation thereof. To the extent the Alexander Capital Defendants assert a different understanding or interpretation and that understanding or interpretation is made known to FOL, FOL reserves the right to supplement, modify, or amend its responses and/or objections.

4.      FOL objects to the requests to the extent that the requests purport to impose obligations on FOL that are inconsistent with, or beyond the scope of, those imposed by the Federal Rules of Civil Procedure or the Local Rules for the Southern District of New York. This objection includes, but is not limited to, an objection to each request to the extent such request purports to seek information outside FOL's possession, custody, or control. Information in the possession of any third party should be requested directly from that third party as permitted by law. Similarly, FOL objects to the "Definitions" and "Instructions" to the extent that they purport to impose obligations beyond those provided for by the applicable rules of civil procedure.

5.      To the extent a request set forth herein can be construed as calling for information subject to a claim of privilege or protection, including but not limited to the attorney-client privilege and/or work-product doctrine, FOL hereby claims the privilege and/or protection and objects on that basis.

2

6.     FOL objects to each request to the extent that it is not relevant to the claims or defenses of any party or not proportional to the needs of the case.

7.     FOL objects to each request on the grounds that the requests are unduly burdensome to the extent they call for information that is within the knowledge, possession, or control of the Alexander Capital Defendants.

8.     FOL objects to each request to the extent such request seeks information that can be ascertained from documents and information previously provided or otherwise available to the Alexander Capital Defendants.

9.     FOL objects to the requests to the extent that the individual requests are vague, ambiguous, and fail to state in a clear and understandable manner the information that is requested.

10.    FOL objects to the Relevant Time Period, October 1, 2017, through April 22, 2022, generally incorporated into the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case.

11.    FOL's decision to provide information in response to any request, notwithstanding the objectionable nature of any request, should not and shall not be construed as: (a) a stipulation or admission that the information is relevant, properly discoverable, or admissible at trial; (b) a waiver of the General Objections or specific objections asserted herein; or (c) an agreement that requests for similar information will be treated in a similar manner. FOL specifically reserves all objections as to the competency, relevancy, materiality, and admissibility of the information provided; all objections as to burden, vagueness, unintelligibility, overbreadth, and ambiguity; all objections which might be made to the disclosure of such information; and all rights to object to

3

the use of any information in any subsequent proceeding, including, without limitation, the trial of

this or any other action.

12.     Any response by FOL that one or more documents will be produced is not to be

construed as a representation that any specific document has been located. It is only meant to

indicate that any such document, if found by FOL, will be produced.

13.     FOL expressly reserves the right to supplement and/or correct any of the responses

as necessary and appropriate under the applicable rules of civil procedure.

### REQUESTS

**DOCUMENT REQUEST NO. 1**:  All Documents disclosed in Plaintiff's Rule 26(a)(1)
Initial Disclosures.  Documents already produced need not be reproduced.

**RESPONSE TO DOCUMENT REQUEST NO. 1**:  FOL objects to this Request as

vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case

to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time

Period. Subject to and without waiving these objections, FOL will produce the documents it

referenced in FOL's Initial Disclosures.

**DOCUMENT REQUEST NO. 2**:  All Documents reflecting, containing, or referring to
any communication You had with any of the individuals identified in either Plaintiff's Rule
26(a)(1) Initial Disclosures or in Alexander Capital's Rule 26(a)(1) Initial Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 2**:  FOL objects to this Request as

vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case

to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time

Period.  FOL further objects to this Request on the grounds that it seeks documents not relevant to

the claims or defenses of any party to the extent it seeks documents related to "any

communication," with no limitation by subject matter. FOL further objects to this Request to the

4

extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce documents dated between October 1, 2017, and August 19, 2020, that are relevant to the claims or defenses at issue and are found after a reasonable search.

**DOCUMENT REQUEST NO. 3**:   All Documents concerning or reflecting any internal discussions or deliberations about your decision to enter into any contract or agreement with Alexander Capital.

**RESPONSE TO DOCUMENT REQUEST NO. 3**:

FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents not relevant to the claims or defenses of any party to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce documents dated between October 1, 2017, and August 19, 2020, that are relevant to the claims or defenses at issue and are found after a reasonable search.

**DOCUMENT REQUEST NO. 4**:  All Documents concerning or reflecting any internal discussions or deliberations about your decision to enter into any contract or agreement with Carmel, Milazzo & DiChiara LLP (n/k/a Carmel, Milazzo & Feil, LLP).

**RESPONSE TO DOCUMENT REQUEST NO. 4**:

FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents not relevant to the claims or defenses of any party to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents

5

protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce documents dated between October 1, 2017, and August 19, 2020, that are relevant to the claims or defenses at issue and are found after a reasonable search.

**DOCUMENT REQUEST NO. 5**:  All Documents reflecting, containing, or referring to any communications between Floyd Landis and Tim Kelly.

**RESPONSE TO DOCUMENT REQUEST NO. 5**:

FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents not relevant to the claims or defenses of any party to the extent it seeks "all documents" and is not connected to any specific subject-matter (let alone a subject-matter relevant to the claims or defenses of any party) and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce documents dated between October 1, 2017, and August 19, 2020, that are relevant to the claims or defenses at issue and are found after a reasonable search.

**DOCUMENT REQUEST NO. 6**:  All Documents reflecting, containing, or referring to any communications between Floyd Landis and/or FOL and Frank DiMartini.

**RESPONSE TO DOCUMENT REQUEST NO. 6**:

FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents not relevant to the claims or defenses of any party to the extent it seeks "all documents" and is not connected to any specific subject-matter (let alone a subject-matter relevant to the claims or defenses of any party) and because it

incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce documents dated between October 1, 2017, and August 19, 2020, that are relevant to the claims or defenses at issue and are found after a reasonable search.

**DOCUMENT REQUEST NO. 7**:  All Documents reflecting, containing, or referring to Tim Kelly's representation to FOL that he worked as a broker and/or agent of Alexander Capital.

**RESPONSE TO DOCUMENT REQUEST NO. 7**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents not relevant to the claims or defenses of any party to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce documents dated between October 1, 2017, and August 19, 2020, that are relevant to the claims or defenses at issue and are found after a reasonable search.

**DOCUMENT REQUEST NO. 8**:  All Documents concerning, reflecting, or relating to any agreements, contracts, proposals, or business discussions had by or on behalf of FOL with any investment banking firm, financial advisor, or other entity or person engaged in the business of raising capital, other than Alexander Capital, from October 20, 2017 to January 1, 2020.

**RESPONSE TO DOCUMENT REQUEST NO. 8**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents not relevant to the claims or defenses of any party to the extent it seeks "all documents." FOL further objects to this Request to the extent it seeks documents concerning unrelated FOL business dealings that are not relevant to the claims or defenses of any party in the

7

case. Subject to and without waiving these objections, FOL will produce documents that are relevant to the claims or defenses at issue and are found after a reasonable search.

**DOCUMENT REQUEST NO. 9**:  All Documents that support your allegation that the lending documents, as defined in Paragraphs 31 and 57 of your Complaint, were based on Alexander Capital templates.

**RESPONSE TO DOCUMENT REQUEST NO. 9**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents not relevant to the claims or defenses of any party to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce documents dated between October 1, 2017, and August 19, 2020, that are relevant to the claims or defenses at issue and are found after a reasonable search.

**DOCUMENT REQUEST NO. 10**:  All Documents concerning, reflecting, or relating to any objections by FOL to the receipt of additional investment funds in senior secured debt raised by Alexander Capital in excess of the $2,000,000 private placement raise contemplated in the Engagement Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 10**: FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without

waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 11**:  All Documents concerning, reflecting, or relating to FOL's understanding of the terms of the lending documents as described in Paragraphs 32 through 34 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 11**: FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it both incorporates an overly broad Relevant Time Period and is vague as to time (as FOL's understanding changed over time). FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 12**:  All Documents concerning or reflecting any internal discussions or deliberations about the terms of the lending documents.

**RESPONSE TO DOCUMENT REQUEST NO. 12**: FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

9

**DOCUMENT REQUEST NO. 13**:  All Documents concerning or reflecting any internal discussions or deliberations about the amount of capital to be raised pursuant to the engagement with ACLP.

**RESPONSE TO DOCUMENT REQUEST NO. 13**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 14**:  All Documents reflecting communications between FOL and Alexander Capital concerning or relating to FOL's contention that Alexander Capital recommended that FOL borrow money in excess of the $2,000,000 referenced in the Engagement Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 14**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 15**:  All Documents reflecting communications between Alexander Capital and the investors concerning, reflecting, or relating to the alleged "secret side deal" described in Paragraphs 66 through 68 your Complaint.

10

**RESPONSE TO DOCUMENT REQUEST NO. 15**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 16**:  All Documents reflecting communications between FOL and Alexander Capital concerning or relating to FOL's contention that Alexander Capital recommended that FOL utilize the legal services of Carmel, Milazzo & DiChiara as described in Paragraphs 38 and 39 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 16**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 17**:  All Documents concerning, reflecting, or relating to FOL's contention that Carmel, Milazzo & DiChiara and DiChiara were actively representing Alexander Capital in connection with the FOL engagement, including advising Alexander Capital

concerning the lending documents that are the subject of this lawsuit, as described in Paragraph 38 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 17**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 18**:  All Documents concerning, reflecting, or relating to FOL's contention that Alexander Capital promised FOL that the 12% senior secured notes would be renegotiated before maturity as described in paragraph 60 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 18**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 19**:  All Documents reflecting, containing, or referring to any communications from Jonathan Gazdak in which he revealed he was aware of a "secret side deal" as alleged in Paragraph 79 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 19**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 20**: All Documents that support your contention that Alexander Capital inserted Floyd Landis's electronic signatures into the lending documents as alleged in Paragraphs 82, and 85 through 87 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 20**: FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

13

**DOCUMENT REQUEST NO. 21**:  All Documents referred to in Paragraph 92 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 21**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 22**: All Documents that support your contention in Paragraph 99 of your Complaint that Alexander Capital applied scanned signature pages supplied by the Investors to various documents that Alexander Capital "changed at will."

**RESPONSE TO DOCUMENT REQUEST NO. 22**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 23**:  All Documents that support your contention in Paragraph 104 of your Complaint that Alexander Capital placed Tim Kelly in control of the escrow account maintained by CMD in which funds solicited from the investors were temporarily held.

**RESPONSE TO DOCUMENT REQUEST NO. 23**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case

to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 24**:  All Documents that support your contention in Paragraph 105 of your Complaint that Alexander Capital arranged for unauthorized kickbacks to be paid to Three DDD and CMD.

**RESPONSE TO DOCUMENT REQUEST NO. 24**: FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 25**:  All Documents reflecting, containing, or referring to any communications between Peter DiChiara and FOL that support the contention in Paragraph 106 of your Complaint that Tim Kelly and Frank DiMartini were working together on the FOL engagement and that Tim Kelly was entitled to receive a commission even though he was not an employee of Alexander Capital.

15

**RESPONSE TO DOCUMENT REQUEST NO. 25**: FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges.

**DOCUMENT REQUEST NO. 26**: All Documents that support your contention that Alexander Capital threatened to "cut off FOL's access to funds" from investors solicited by Alexander Capital as alleged in Paragraph 109 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 26**: FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 27**: All Documents that support your contention that Alexander Capital received a $50,000 secret cash kickback from Provision in connection with FOL's contract with Provision as alleged in Paragraphs 127 and 132 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 27**: FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the

attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 28**:  All Documents that support your contention that Mark Leonard's sale of his shares of common stock in FOL was fraudulent as alleged in Paragraphs 129 to 130 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 28**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 29**:  All Documents reflecting, containing, or referring to any communications between FOL and John Burgess.

**RESPONSE TO DOCUMENT REQUEST NO. 29**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents" related to "any communications" between FOL and John Burgess without reference to any particular subject-matter (let alone a subject-matter that is relevant to the claims or defense of any party), and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents

17

protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 30**:  All Documents reflecting, containing, or referring to any communications between Alexander Capital and FOL concerning the allegations in Paragraphs 137 through 140 of your Complaint that Alexander Capital proposed that FOL execute a reverse IPO with a Canadian company.

**RESPONSE TO DOCUMENT REQUEST NO. 30**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents and communications that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 31**:  All Documents reflecting, containing, or referring to any communications between FOL and the Advisory Board in June of 2020 in which a "secret side deal" was revealed to FOL for the first time as alleged in Paragraph 158 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 31**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents." FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce documents responsive to this Request that are found after a reasonable search.

18

**DOCUMENT REQUEST NO. 32**:  All Documents that support your contention that the Advisory Board instructed investors not to negotiate with or accept payment from FOL as alleged in Paragraph 161 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 32**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will responsive produce documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 33**:  All Documents that support your contention that Alexander Capital participated in creating Redemption Holdings, Inc. as alleged in Paragraph 164 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 33**: FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request as unduly burdensome to the extent it seeks documents that are within the possession, custody or control of the Alexander Capital Defendants. Subject to and without waiving these objections, FOL will responsive produce documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

**DOCUMENT REQUEST NO. 34**:  All Documents that support your contentions in Paragraphs 177 and 178 of your Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 34**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents not relevant to the claims or defenses of any party to the extent it seeks "all documents." FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. FOL further objects to this Request on the basis that it seeks documents with the Alexander Capital Defendants' possession, custody or control, or that are publicly available. Subject to and without waiving these objections, FOL will produce documents responsive to this Request that are found after a reasonable search.

**DOCUMENT REQUEST NO. 35**:  All documents relating to, containing, or referencing the calculation of damages in this matter, including any reports created by any expert witnesses hired by you and communications related to same.

**RESPONSE TO DOCUMENT REQUEST NO. 35**: FOL objects to this Request as premature to the extent it seeks production of expert reports or other documents concerning expert analysis of FOL's damages, which FOL will produce in accordance with Fed. R. Civ. P. 26(a)(2) and the Court's Scheduling Order in this case. FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce expert materials at the times set by the Court, and will produce other documents responsive to this Request that are found after a reasonable search.

**DOCUMENT REQUEST NO. 36**:  All documents relating to, containing, or referencing any report or analysis by an expert witness or other expert hired by You or on Your behalf to provide analysis or expert testimony in this case, including any communications, drafts, or support relating to same.

**RESPONSE TO DOCUMENT REQUEST NO. 36**:  FOL objects to this Request as premature to the extent it seeks production of expert reports, testimony or related documents, which FOL will produce in accordance with Fed. R. Civ. P. 26(a)(2) and the Court's Scheduling Order in this case. FOL further objects to this Request to the extent it seeks drafts of any expert reports, which are shielded from disclosure under Fed. R. Civ. P. 26(b)(4)(B). FOL further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, and other privileges. Subject to and without waiving these objections, FOL will produce non-privileged expert materials at the times set by the Court, and will produce other documents responsive to this Request that are found after a reasonable search.

**DOCUMENT REQUEST NO. 37**:  All documents showing any efforts on Your part to mitigate the damages alleged in this matter.

**RESPONSE TO DOCUMENT REQUEST NO. 36**:  FOL objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "all documents," and because it incorporates an overly broad Relevant Time Period. Subject to and without waiving these objections, FOL will produce responsive documents dated between October 1, 2017, and August 19, 2020, that are found after a reasonable search.

Dated this 31st day of October, 2022.

As to Objections and Responses to Document Requests,

*/s/ Ryan M. Billings*
Ryan M. Billings, #1084543 (WI)
**KOHNER, MANN & KAILAS, S.C.**
4650 N. Port Washington Road
Milwaukee, WI 53212
RBillings@kmksc.com

21

Matthew J. Smith, #32043 (CO)
Nicholas W. Katz, #55136 (CO)
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
mjsmith@hollandhart.com
nwkatz@hollandhart.com

*Attorneys for Plaintiff Floyd's of Leadville, Inc., n/k/a Valued, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned certifies that on the 31st day of October, 2022, a true and correct copy of the foregoing *Plaintiff Floyd's of Leadville, Inc., n/k/a Valued, Inc.'s Objections and Responses to Alexander Capital, L.P. Defendants' First Request for Production of Documents* was served via electronic mail upon the following parties:

   Michael S. Holcomb
   Holly P. Cole (holly@holcombward.com)
   Bryan Ward (bryan.ward@holcombward.com)
   Holcomb + Ward, LLP
   17 State Street, 5th Floor
   New York, NY 10004
   *Attorneys for Defendants Alexander Capital, L.P.; NESA Management, LLC;*
   *Joseph Amato; Rocco Guidicipietro; and Jonathan Gazdak*

              */s/ Billie Jo Jentsch*

23