# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------
FLOYD'S OF LEADVILLE, INC.,                  :
N/K/A VALUED, INC.,                          :
                                             :
           Plaintiff,                        :
                                             :
      vs.                                    :   Case No.: 1:22-cv-03318-DEH
                                             :
ALEXANDER CAPITAL, L.P., NESA                :
MANAGEMENT, LLC, JOSEPH ANTHONY              :
AMATO, ROCCO GERARD GUIDICIPIETRO,           :
JONATHAN GAZDAK, GREGORY HURLEY,             :
HOWARD DASILVA, RONALD BARRIE                :
CLAPHAM, MARK LEONARD, THIEN                 :
TRUONG, PROVISION HOLDING, INC.,             :
TIMOTHY KELLY, and THREE DDD, LLC,           :
                                             :
           Defendants.                       :
                                             :
-----------------------------------------------------------------
```

**ALEXANDER CAPITAL DEFENDANTS'**
**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Alexander Capital, LP ("Alexander Capital"), NESA Management, LLC ("NESA"), Joseph Amato, Rocco Guidicipietro, and Jonathan Gazdak (collectively, "Alexander Capital Defendants") hereby submit their Second Request for the Production of Documents to Plaintiff pursuant to Fed. R. Civ. P. 26(b), Fed R. Civ. P. 34, and the Case Management Plan in the above-captioned case.

Alexander Capital Defendants request that Plaintiff produce all documents and things designated below within **30 days** of service of this request to Bryan Ward, Holcomb + Ward, LLP, 3455 Peachtree Rd NE, Suite 500, Atlanta, GA 30326. Alexander Capital Defendants prefer production via electronic means. Please send the production to bryan.ward@holcombward.com

1

and holly@holcombward.com.

I. **DEFINITIONS**

The following Definitions are applicable to each Request and other Definitions:

1. The terms "And" and "Or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request any document which might otherwise be construed to be outside the scope of this request.

2. The terms "Floyd's of Leadville, Inc.," "Floyd's," and "FOL" mean Floyd's of Leadville, Inc. n/k/a Valued, Inc., as well as its officers, representatives, servants, employees, agents, members, affiliates, and businesses owned by it, in addition to any other person or entity claiming to act on its behalf.

3. The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. The term "Copy" means a reproduction of an original; a duplicate.

5. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), in the possession, custody or control of Plaintiff or any agent, representative (including, without limitation, attorneys, investment advisors and accountants), or other person acting or purporting to act for or on behalf of Plaintiff or in concert with it, including, but not limited to, writings, emails, text messages, social media messages, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by Plaintiff into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "Draft" means any earlier, preliminary, preparatory or tentative version of all or

part of a Document, whether or not such Draft was superseded by a later Draft and whether or not the terms of the Draft are the same as or different from the terms of the final Document and shall include each and every version of a Document regardless of whether the Document was reduced to paper medium, and the term "copies" means each and every copy of any Document which is not identical in every respect with the document being produced. Identification and production of copies of the same document is requested only if the original or copies contain some material, handwritten or otherwise, that is not on the other copies or the original.

7. The term "to identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

8. The terms "Plaintiff" and "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

9. The term "Person" or "Persons," as used herein, includes any natural person or any legal entity, including, without limitation, any business or governmental entity or association, firms, partnerships, associations, joint ventures, corporations, professional corporations,

business trusts, and banking institutions.

10. The terms "Referring or Relating To," in addition to other customary and usual meanings, means assessing, compromising, concerning, constituting, containing, contradicting, describing, discussing, evidencing, identifying, interpreting, mentioning, pertaining to, recording, reflecting, regarding, setting forth, stating, summarizing and/or touching upon, in each instance, directly or indirectly and in whole or in part.

11. The use of the term "Including" shall be construed without limitation.

12. The terms "Each," "Any," and "All," shall each be construed as having the meanings of the other two as necessary to bring within the scope of this request any documents which might otherwise be construed to be outside the scope of this request.

13. "You" means Plaintiff, as well as their representatives and attorneys, accountants, servants, employees, members, agents, affiliates, or businesses owned by Floyd's of Leadville, Inc. (n/k/a Valued, Inc.) and any other person or legal entity purporting to represent Floyd's of Leadville, Inc. (n/k/a Valued, Inc.) or to act under its direction or control.

14. "ACLP" and "Alexander Capital" mean Alexander Capital, L.P. as well as its representatives, servants, employees, agents, members, affiliates, and businesses owned by it, in addition to any other person or entity claiming to act on its behalf or which Plaintiff believed was acting on its behalf.

## II. Instructions

1. With respect to each of the following requests for production, You are requested to produce all Documents that are known to You that can be located or discovered by You through diligent effort on the part of yourself, your attorneys, agents or representatives. You are requested to categorize each Document so as to conform to each numbered request.

2. All Documents shall be produced as they are kept in the ordinary course of business and

       shall be identified by the title of the file, the individual owner or custodian, and the location of the file in which the documents were located. The originals of all documents produced in copy form shall be available for inspection. When producing the Documents, designate the specific paragraph or paragraphs of this request in response to which each Document is produced.

3. If an objection is taken to any of the following Requests, or if a Request is otherwise not answered in full, state the nature of the objection, the subject matter to which the objection pertains, and the legal rule upon which you rely in effecting your objection. Further, respond to the Request to the full extent to which there is no objection.

4. In the event that a particular Document called for by this Request is withheld on the basis of any claim of privilege or any similar claim, as to each Document, provide the following so as to allow a ruling to be had thereon: (a) the date of the Document, communication or item of information; (b) the author(s) and addressee(s) of such Document, communication or item of information; (c) the nature of the Document, communication or item of information (e.g., letter, memorandum, tape recording); (d) the subject matter of the Document, communication, or item of information; (e) the nature of the privilege or immunity claimed; (f) when not apparent, the relationship of the author(s) and addressee(s) to each other; and (g) the request for production or part of the request for production calling for such Document.

5. If any Document requested herein or fairly comprised within the scope of the following request has been lost or destroyed, you are required to provide, in lieu of a true and correct copy thereof, a list of each Document so lost or destroyed together with the following information: (a) the date and origin of such Document; (b) a brief description of such

|   | |
|---|---|
|   | Document; (c) the author(s) of the Document, the addressee(s), and the recipient(s) of any indicated or blind copies; (d) the number of pages, as well as the existence and number of pages of any attachments, exhibits, or appendices; (e) all persons to whom the Document was distributed, shown or explained; (f) the date of loss, destruction or disposal; (g) the identity of the person or persons authorizing destruction or disposal; and (h) the identity of the person or persons destroying or disposing of the Document. |
| 6. | In the event that any such Document has been, but is no longer, in your possession, custody or control, identify the person or persons to whom it was transferred and its present custodian(s). A Document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. |
| 7. | Unless otherwise set forth herein, this Request seeks documents for the time period from **October 1, 2017 through April 22, 2022** (the "Relevant Time Period"). |
| 8. | The plural shall include the singular and the singular shall include the plural. |
| 9. | Whenever the male gender is used, the request is also deemed to refer to the female gender and the neutral gender. Whenever the female gender is used, the request is also deemed to refer to the neutral gender and the male gender. Whenever the neutral gender is used, the request is also deemed to refer to the male gender and female gender. |
| 10. | This Request shall be deemed continuing so as to promptly require further and supplemental production if you receive, discover, or create additional responsive documents which fall within the scope of the following requests at any time prior to the |

conclusion of this litigation. Moreover, Alexander Capital Defendants reserve the right to serve additional requests for production of documents, pursuant to the Case Management Plan.

11. For any page of any Document that has any information on either its front side or its back side, Plaintiff shall produce copies of all information contained

### III.    Requests

Please produce each Document, Draft, and Copy in Your possession, custody, or control which can be discovered through a good faith search which is responsive to the following Requests:

1. All deposition transcripts from the Redemption Lawsuit.

2. All documents that evidence Your finances from October 1, 2022 to the present. This includes, but is not limited to, state and federal income tax returns, bills, receipts, invoices, contracts, 1099 forms, W2 forms, cancelled checks, pay stubs, bank account statements, profit and loss forms, letters, notices, and all other types of documents that relate to any such transactions.

3. All Documents reflecting, containing, or referring to FOL's exercise of its purchase option on the dispensaries pursuant to §9 of the Settlement Agreement in the Redemption Lawsuit. This includes, but is not limited to, FOL's exercise of its right of first refusal.

4. All Documents reflecting, containing, or referring to any communications between You and any investor from February 24, 2023, the effective date of the Redemption Settlement, and the present.

5. All Documents reflecting, containing, or referring to any communications between You and any other Defendant from April 22, 2022, the date of the filing of the Complaint in this action,

and the present.

Respectfully submitted this 29th day of January 2024.

/s/ *Bryan Ward*
Bryan Ward (*Pro Hac Vice*)
Holly Cole (*Pro Hac Vice*)
Holcomb + Ward, LLP
3455 Peachtree Road NE
Suite 500
Atlanta, Georgia 30326
404-601-2803
Bryan.Ward@holcombward.com
Holly.Cole@holcombward.com

*Counsel for Defendants Alexander Capital LP, Joseph Amato, Rocco Guidicipietro, Jonathan Gazdak, and NESA Management, LLC*