# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLOYD'S OF LEADVILLE, INC,, N/K/A VALUED, INC.,

Plaintiff,

vs.

Case No.: 1:22-cv-03318-DEH

ALEXANDER CAPITAL, L.P., NESA MANAGEMENT, LLC, JOSEPH ANTHONY AMATO, ROCCO GERARD GUIDICIPIETRO; JONATHAN GAZDAK; RONALD BARRIE; CLAPHAM, MARK LEONARD, PROVISIONHOLDING, INC.; TIMOTHY KELLY, and THREE DDD, LLC,

Defendants

**PLAINTIFF FLOYD'S OF LEADVILLE, INC., N/K/A VALUED, INC., HEREBY RESPONDS TO ALEXANDER CAPITAL DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Floyd's of Leadville, Inc., n/k/a Valued, Inc. hereby objects and responds to Defendants Alexander Capital, LP ("Alexander Capital"), NESA Management, LLC ("NESA"), Joseph Amato, and Rocco Guidicipietro's (Collectively "Defendants") Second Requests for Production of Documents.

**I.     DEFINITIONS**

The following Definitions are applicable to each Request and other Definitions:

**I.     DEFINITIONS**

The following Definitions are applicable to each Request and other Definitions:

1.     The terms "And" and "Or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request any document which might otherwise be construed to be outside the scope of this request.

1

2.     The terms "Floyd's of Leadville, Inc.," "Floyd's," and "FOL" mean Floyd's of Leadville, Inc. n/k/a Valued, Inc., as well as its officers, representatives, servants, employees, agents, members, affiliates, and businesses owned by it, in addition to any other person or entity claiming to act on its behalf.

OBJECTION: Plaintiff objects to this definition on the grounds that it extends the definition of the Plaintiff to include not only its representatives and agents (which would include its attorneys and invade the attorney client privilege and work product protection), but also purports to extend the definition of Plaintiff to any person who claims to act on behalf of Plaintiff. Any person can claim to act on behalf of another, even without the requisite authority of the person or entity on behalf of whom the person purports to act. Moreover, a person may claim to act on behalf of another, such as Alexander Capital was supposed to do with Plaintiff's best interests, and depart from that authority and its requirements. Accordingly, Plaintiff will not apply this definition as written, and will respond to these requests as those the only persons who may act on behalf of Floyd's of Leadville are its duly appointed officers and no other person.

3.     The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.     The term "Copy" means a reproduction of an original; a duplicate.

5.     The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), in the possession, custody or control of Plaintiff or any agent, representative (including, without limitation, attorneys, investment advisors and accountants), or other person acting or purporting to act for or on behalf of Plaintiff or in concert with it, including, but not limited to, writings, emails, text messages, social media messages, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly

2

or, if necessary, after translation by Plaintiff into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "Draft" means any earlier, preliminary, preparatory or tentative version of all of or part of a Document, whether or not such Draft was superseded by a later Draft and whether or not the terms of the Draft are the same as or different from the terms of the final Document and shall include each and every version of a Document regardless of whether the Document was reduced to paper medium, and the term "copies" means each and every copy of any Document which is not identical in every respect with the document being produced. Identification and production of copies of the same document is requested only if the original or copies contain some material, handwritten or otherwise, that is not on the other copies or the original.

7. The term "to identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

8. The terms "Plaintiff" and "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

9. The term "Person" or "Persons," as used herein, includes any natural person or any legal entity, including, without limitation, any business or governmental entity or

association, firms, partnerships, associations, joint ventures, corporations, professional corporations, business trusts, and banking institutions.

10. The terms "Referring or Relating To," in addition to other customary and usual meanings, means assessing, compromising, concerning, constituting, containing, contradicting, describing, discussing, evidencing, identifying, interpreting, mentioning, pertaining to, recording, reflecting, regarding, setting forth, stating, summarizing and/or touching upon, in each instance, directly or indirectly and in whole or in part.

11. The use of the term "Including" shall be construed without limitation.

12. The terms "Each," "Any," and "All," shall each be construed as having the meanings of the other two as necessary to bring within the scope of this request any documents which might otherwise be construed to be outside the scope of this request.

13. "You" means Plaintiff, as well as their representatives and attorneys, accountants, servants, employees, members, agents, affiliates, or businesses owned by Floyd's of Leadville, Inc. (n/k/a Valued, Inc.) and any other person or legal entity purporting to represent Floyd's of Leadville, Inc. (n/k/a Valued, Inc.) or to act under its direction or control.

14. "ACLP" and "Alexander Capital" mean Alexander Capital, L.P. as well as its representatives, servants, employees, agents, members, affiliates, and businesses owned by it, in addition to any other person or entity claiming to act on its behalf or which Plaintiff believed was acting on its behalf.

**II.   Instructions**

1. With respect to each of the following requests for production, You are requested to produce all Documents that are known to You that can be located or discovered by You through diligent effort on the part of yourself, your attorneys, agents or representatives. You are requested to categorize each Document so as to conform to each numbered request.

2. All Documents shall be produced as they are kept in the ordinary course of business and shall be identified by the title of the file, the individual owner or custodian, and the location of the file in which the documents were located. The originals of all documents produced in copy

form shall be available for inspection. When producing the Documents, designate the specific paragraph or paragraphs of this request in response to which each Document is produced.

OBJECTION: Plaintiff objects to this instruction on the grounds that it attempts to impose requirements beyond Fed. R. Civ. P. 26 and 34.

3. If an objection is taken to any of the following Requests, or if a Request is otherwise not answered in full, state the nature of the objection, the subject matter to which the objection pertains, and the legal rule upon which you rely in effecting your objection. Further, respond to the Request to the full extent to which there is no objection.

OBJECTION: Plaintiff objects to this instruction on the grounds that it attempts to impose requirements beyond Fed. R. Civ. P. 26 and 34.

4. In the event that a particular Document called for by this Request is withheld on the basis of any claim of privilege or any similar claim, as to each Document, provide the following so as to allow a ruling to be had thereon: (a) the date of the Document, communication or item of information; (b) the author(s) and addressee(s) of such Document, communication or item of information; (c) the nature of the Document, communication or item of information (e.g., letter, memorandum, tape recording); (d) the subject matter of the Document, communication, or item of information; (e) the nature of the privilege or immunity claimed; (f) when not apparent, the relationship of the author(s) and addressee(s) to each other; and (g) the request for production or part of the request for production calling for such Document.

5. If any Document requested herein or fairly comprised within the scope of the following request has been lost or destroyed, you are required to provide, in lieu of a true and correct copy thereof, a list of each Document so lost or destroyed together with the following information: (a) the date and origin of such Document; (b) a brief description of such Document; (c) the author(s) of the Document, the addressee(s), and the recipient(s) of any indicated or blind copies; (d) the number of pages, as well as the existence and number of pages of any attachments, exhibits, or appendices; (e) all persons to whom the Document was

5

distributed, shown or explained; (f) the date of loss, destruction or disposal; (g) the identity of the person or persons authorizing destruction or disposal; and (h) the identity of the person or persons destroying or disposing of the Document.

OBJECTION: Plaintiff objects to this instruction on the grounds that it attempts to impose requirements beyond Fed. R. Civ. P. 26 and 34.

6. In the event that any such Document has been, but is no longer, in your possession, custody or control, identify the person or persons to whom it was transferred and its present custodian(s). A Document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

OBJECTION: Plaintiff objects to this instruction on the grounds that it attempts to impose requirements beyond Fed. R. Civ. P. 26 and 34. This instruction attempts to make each Request for Production into an Interrogatory, which is not provided for in the Rules.

7. Unless otherwise set forth herein, this Request seeks documents for the time period from **October 1, 2017 through April 22, 2022** (the "Relevant Time Period").

8. The plural shall include the singular and the singular shall include the plural.

9. Whenever the male gender is used, the request is also deemed to refer to the female gender and the neutral gender. Whenever the female gender is used, the request is also deemed to refer to the neutral gender and the male gender. Whenever the neutral gender is used, the request is also deemed to refer to the male gender and female gender.

10. This Request shall be deemed continuing so as to promptly require further and supplemental production if you receive, discover, or create additional responsive documents which fall within the scope of the following requests at any time prior to the conclusion of this litigation. Moreover, Alexander Capital Defendants reserve the right to serve additional requests for production of documents, pursuant to the Case Management Plan.

11. For any page of any Document that has any information on either its front side or its back side, Plaintiff shall produce copies of all information contained.

### III. Requests

Please produce each Document, Draft, and Copy in Your possession, custody, or control which can be discovered through a good faith search which is responsive to the following Requests:

1. All deposition transcripts from the Redemption Lawsuit.

OBJECTION: The parties are working out a means to production based upon the requirements of the confidentiality agreement entered in the Redemption Lawsuit and Plaintiff will provide upon receipt of an order from the Court.

2. All documents that evidence Your finances from October 1, 2022 to the present. This includes, but is not limited to, state and federal income tax returns, bills, receipts, invoices, contracts, 1099 forms, W2 forms, cancelled checks, pay stubs, bank account statements, profit and loss forms, letters, notices, and all other types of documents that relate to any such transactions.

OBJECTION: Plaintiff objects to this request on the grounds that it does not describe what is sought with reasonable particularity to enable Plaintiff to respond with relevant documents. For example, this request purports to require Plaintiff to provide "all other types of documents that relate to" Plaintiff's finances. This request would include every purchase order for every consumer product ordered from Plaintiff over a nearly two year period. Such a limitless search would be unduly burdensome and not proportional to the needs of this case.

RESPONSE: Plaintiff is producing all Documents in its possession, custody, and control that were found after a diligent search.

3. All Documents reflecting, containing, or referring to FOL's exercise of its purchase option on the dispensaries pursuant to §9 of the Settlement Agreement in the Redemption Lawsuit. This includes, but is not limited to, FOL's exercise of its right of first refusal.

OBJECTION: Plaintiff objects to this request on the grounds that it does not seek information that is proportional to the needs of this case. Specifically, it is unclear how the exercise of a purchase option is relevant to any claim or defense in this action.

RESPONSE: Plaintiff does not have any responsive documents.

4. All Documents reflecting, containing, or referring to any communications between You and any investor from February 24, 2023, the effective date of the Redemption Settlement, and the present.

OBJECTION: Plaintiff objects to this request on the grounds that it does not define what is meant by "investor" and contains not limitation to the subject area of the communication. Plaintiff will interpret this undefined term to mean a person or organization that puts money into financial plans, property, etc. with the expectation of achieving a profit. All documents reflecting, containing, or referring to communication between any investor and Plaintiff would include every communication between Plaintiff and Floyd Landis, by way of example. This is plainly not relevant to this case. This request would include a limitless search of emails that would be unduly burdensome and unreasonable given the subject matter of this case.

RESPONSE: To the extent that this request seeks only communications with the purported lenders to FOL, Plaintiff has no documents.

5. All Documents reflecting, containing, or referring to any communications between You and any other Defendant from April 22, 2022, the date of the filing of the Complaint in this action, and the present.

OBJECTION: Plaintiff objects to this requestion the grounds that it is intended to harass Plaintiff. This request would require Plaintiff to produce all communications between all parties in this case for two years. This information is in the possession of the Defendants, including ACLP.

RESPONSE: After a diligent search, Plaintiff does not have any such documents that are not already in the possession, custody, or control of Defendants.

8

Respectfully submitted this 18th day of April 2024.

>	/s/ Daniel J. Vedra
>	Daniel J. Vedra
>	Vedra Law LLC
>	1444 Blake Street
>	Denver, CO 80202
>	  303-937-6540
>	dan@vedralaw.com
>
>	*Counsel for Plaintiff*