

**Bryan Ward**
Direct Line: 404.892.5695
bryan.ward@holcombward.com

October 11, 2024

<u>*Via ECF Filing*</u>

Hon. Dale E. Ho
District Court Judge,
United States District Court for the Southern District of New York

      Re:    *Floyd's of Leadville, Inc., n/k/a Valued, Inc. v. Alexander Capital, L.P., et al.*, Civil Action No. 1:22-CV-03318-DEH

Dear Judge Ho:

    Defendants Alexander Capital, L.P., NESA Management LLC, Joseph Amato, Rocco Guidicipietro, and Jonathan Gazdak ("ACLP Defendants") respectfully request a ruling on their pending motion for protective order limiting the scope of Plaintiff Floyd's of Leadville, Inc. n/k/a Valued, Inc.'s ("FOL") Notice of Deposition of ACLP. (See Dkt. 201.) The dispute between the parties continues as Plaintiff is insisting on proceeding with the deposition next week without the Court's having addressed ACLP Defendants' motion, which asks for – among other alternative relief – to conduct the Rule 30(b)(6) entirely by written questions rather than with a live witness.

    ACLP Defendants filed their motion on September 26, 2024 (Dkt. 201), and Plaintiff filed its response on September 30, 2024. The deposition was originally scheduled to take place on October 4, 2024. On September 30 and October 2, undersigned counsel wrote to Plaintiff's counsel to request that the deposition be rescheduled pending a ruling on the motion for protective order, stating "With a pending dispute as to the scope of the Rule 30(b)(6) deposition of Alexander Capital, we won't be able to fully prepare a witness or witnesses for a deposition on Friday. Do you want to set a later date for that deposition?" (Ex. A, Email correspondence between B. Ward and D. Vedra.) The parties agreed to reschedule the deposition to October 17. (*Id.*)

    Having received no ruling yet on the pending motion for protective order, undersigned counsel asked Plaintiff's counsel during a meet and confer yesterday, October 10, to continue the Rule 30(b)(6) deposition of Alexander Capital given the pending motion for protective order. The undersigned counsel then followed up with an email to Plaintiff's counsel about rescheduling the deposition:

> With respect to your Rule 30(b)(6) deposition of Alexander Capital, we'd ask that we push that after the close of fact discovery so we can fully prepare a witness or witnesses once we get confirmation from the court as to the extent of the deposition. We would object to moving forward on 10/17 because we want enough time to prepare our witness once we know the scope of the deposition. Of course, we'd waive any objection to having it after the close of discovery. We could agree to a placeholder date, but it would be subject to getting a ruling from the court with adequate time to prepare the witness(es). We want to make sure you get an adequately prepared witness.

(Ex. B, 10.10.2024 Email from B. Ward to D. Vedra.)

Plaintiff's counsel responded by formally noticing the deposition for October 17, stating that he would proceed with the deposition on October 17 because although "ACLP believes that the topics are objectionable but has nevertheless agreed to the date and time for the deposition after filing the letter motion for protective order. FOL views this as a waiver of ACLP's motion for protective order, having been agreed to without reservation or objection." (Ex. C, 10.10.2024 Email from D. Vedra to B. Ward.)

ACLP Defendants object to being forced to proceed with the deposition while their motion for protective order remains outstanding before the Court as it would cause unnecessary burden and expense. ACLP Defendants have requested a Protective Order (a) limiting the scope of notice to topics not previously covered in the September 19, 2022 Rule 30(b)(6) deposition; and (b) ordering that the examination be made by written question pursuant to FRCP 31(a)(4). Alternatively, ACLP has requested that the Court limit the time for an oral deposition to no more than three hours.

At this point, even if the Court were to rule immediately on its September 26 motion by ordering a live deposition of any scope, ACLP would have a hard time suitably preparing a Rule 30(b)(6) corporate witness for a deposition by October 17, particularly when the intervening three business days include two other depositions.

Therefore, ACLP Defendants request that the Court issue an order staying the 30(b)(6) deposition pending a ruling on their September 26 motion for protective order.

Sincerely,

Bryan Ward