# Exhibit B



Holly Cole <holly@holcombward.com>

## FOL v. ACLP et al. -- Pending Items from Meet and Confer
1 message

**Bryan Ward** <bryan.ward@holcombward.com>　　　　　　　　　　　　　　　　　　　Thu, Oct 10, 2024 at 5:09 PM
To: "Daniel J. Vedra" <dan@vedralaw.com>
Cc: Paul Rachmuth <paul@paresq.com>, Aaron Wright <aaron@holcombward.com>, Holly Cole <holly@holcombward.com>

Dan,

Thanks for your time this afternoon.  There were a few items left pending from our meet and confer:

1. We need to set a time for the agreed-upon continuation of our Rule 30(b)(6) deposition of Plaintiff.  It looks like I raised the possibility of 10/18 a couple times but didn't get confirmation from you.
    a. In my 10/7 email at 8:15 pm (Eastern), I wrote, "As for the continuation of our Rule 30(b)(6) deposition of FOL, how about October 18?"
    b. In my 10/8 email at 9:29 am (Eastern), I wrote "In that vein, let me know if October 18 works for the continuation of the Rule 30(b)(6) deposition of FOL.  If we get more time for discovery, I would want to move that deposition because I'll be out of the country on October 18 and am scheduling it then just so we can have it before the end of discovery and other dates haven't worked."

    It looks like you didn't confirm one way or another.  Regardless, I'd request that we set it for October 30 and waive objections to taking it after the end of discovery.  This was a deposition we didn't anticipate scheduling and I'll be out of town on the remaining date for discovery.  Please let me know.

2. With respect to your Rule 30(b)(6) deposition of Alexander Capital, we'd ask that we push that after the close of fact discovery so we can fully prepare a witness or witnesses once we get confirmation from the court as to the extent of the deposition.  We would object to moving forward on 10/17 because we want enough time to prepare our witness once we know the scope of the deposition.  Of course, we'd waive any objection to having it after the close of discovery.  We could agree to a placeholder date, but it would be subject to getting a ruling from the court with adequate time to prepare the witness(es).  We want to make sure you get an adequately prepared witness.

3. With respect to sealing and redactions, I proposed filing our brief seeking an order limiting FOL's direct contact with parties and witnesses with redactions in the brief and emails (and criminal complaint, if you want) to remove identifying information, including of Mr. Landis and Mr. Bell, with an unredacted version filed under seal.  Let me know if you (a) consent to that method of redaction and filing under seal and (b) if you want us to redact identifying information for Mr. Landis and Mr. Bell.

Please let us know.  Thanks,


**Bryan M. Ward**



3455 Peachtree Road NE, Suite 500
Atlanta, Georgia 30326
404-892-5695 (Direct)
404-601-2803 (Main)

404-393-1554 (Fax)

**bryan.ward@holcombward.com**
**www.holcombward.com**