# Exhibit F



Holly Cole <holly@holcombward.com>

## RE: Subpoena to Produce Documents in Floyd's of Leadville, Inc. v. Alexander Capital, LP et al.; Civil Action No. 1:22-cv-03318-DEH

1 message

**Bryan Ward** <bryan.ward@holcombward.com>  Fri, Sep 27, 2024 at 5:05 PM
To: Ross Carmel <rcarmel@srfc.law>, cmilazzo@cmfllp.com
Cc: "Daniel J. Vedra" <dan@vedralaw.com>, Paul Rachmuth <paul@paresq.com>, Holly Cole <holly@holcombward.com>, Aaron Wright <aaron@holcombward.com>

Thanks, Ross.  Mr. Milazzo, please see the attached correspondence, subpoena, and attachments.  Feel free to give me a call with any questions or issues.  Thank you,

**Bryan M. Ward | Holcomb + Ward | 404-892-5695**

**From:** Ross Carmel <rcarmel@srfc.law>
**Sent:** Friday, September 27, 2024 4:51 PM
**To:** bryan.ward@holcombward.com
**Cc:** Daniel J. Vedra <dan@vedralaw.com>; Paul Rachmuth <paul@paresq.com>; Holly Cole <holly@holcombward.com>; Aaron Wright <aaron@holcombward.com>; cmilazzo@cmfllp.com
**Subject:** Re: Subpoena to Produce Documents in Floyd's of Leadville, Inc. v. Alexander Capital, LP et al.; Civil Action No. 1:22-cv-03318-DEH

As discussed, this should be directed to Carmel, Milazzo & Feil LLP.

I have copied in Chris Milazzo here to whom it should be directed.

**Ross David Carmel, Esq.**

Sichenzia Ross Ference Carmel LLP

1185 Avenue of the Americas, 31st floor

New York, NY 10036

T: (212) 930-9700 ext. 645 | D: 646-838-1310 | F (212) 930-9725

rcarmel@srfc.law | www.srfc.law


*Sent from my iPhone*

NOTICE:  The information contained in this communication is legally privileged and/or confidential information, which is intended only for use of recipient. If the reader of this communication is not the intended recipient (or the agent or employee responsible to deliver it to the intended (recipient), you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication by error, please

immediately notify the sender by e-mail and delete this email from your system. Nothing in this email should be construed as a legal opinion or tax advice.

On Sep 27, 2024, at 4:45 PM, bryan.ward@holcombward.com wrote:

Mr. Carmel,

Please see the attached correspondence, subpoena, and attachments.  Feel free to give me a call with any questions or issues.  Thank you,

**Bryan M. Ward**

3455 Peachtree Road NE, Suite 500
Atlanta, Georgia 30326
404-892-5695 (Direct)
404-601-2803 (Main)

404-393-1554 (Fax)

bryan.ward@holcombward.com
www.holcombward.com



Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance.

**6 attachments**

**24-09-27 Letter from B. Ward to CMF re Subpoena for Documents.pdf**
239K

**Subpoena to CMF.pdf**
302K

**EXHIBIT A_CMF Doc Requests.pdf**
125K

**Def Ex 201 - First Am Compl .pdf**
431K

**Def Ex 225.pdf**
86K

**SUMMARY OF ALLEGATIONS BY FOL INVOLVING REPRESENTATION BY DICHIARA AND CARMEL MILAZZO.pdf**
121K

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Floyd's of Leadville, Inc. n/k/a Valued, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:22-cv-03318-DEH |
| Alexander Capital, LP, et al., ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Carmel, Milazzo & Feil LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A

| Place: Electronic delivery to: bryan.ward@holcombward.com | Date and Time: 10/11/2024 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/27/2024

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Alexander Capital, LP, Joseph Amato, Rocco Guidicipietro, Jonathan Gazdak , who issues or requests this subpoena, are:
Bryan Ward | bryan.ward@holcombward.com | 404.892.5695 | 3455 Peachtree Road | Suite 500 | Atlanta, GA 30326

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:22-cv-03318-DEH

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Carmel, Milazzo & Feil LLP on *(date)* 09/27/2024 .

☑ I served the subpoena by delivering a copy to the named person as follows: Chris Milazzo, Esq.
via email to cmilazzo@cmfllp.com

on *(date)* 09/27/2024 ; or

☐ I returned the subpoena unexecuted because: 																				.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 										.

My fees are $ 					 for travel and $ 					 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 09/27/2024

*Server's signature*

Bryan Ward | Holcomb + Ward, LLP
*Printed name and title*

3455 Peachtree Road, Suite 500
Atlanta, GA 30326
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**I. Definitions**

1. The terms "Floyd's of Leadville, Inc.," "Floyd's," and "FOL" mean Floyd's of Leadville, Inc. n/k/a Valued, Inc., as well as its officers, representatives, servants, employees, agents, members, affiliates, and businesses owned by it, in addition to any other person or entity claiming to act on its behalf.

2. "You" means Carmel Milazzo & Feil LLP, as well as its current and former representatives, servants, employees, agents, members, attorneys, paralegals, legal assistants, consultants and other personnel, specifically including, without limitation, Peter DiChiara and Kirill Nikonov.

3. "Lending Documents" shall refer to any of the following documents: "12% Senior Secured Promissory Notes of Floyds of Leadville Inc.," "Subscription Agreement Floyd's of Leadville Inc.," "Security Agreement" concerning FOL, "Amendment to 12% Series A Senior Secured Promissory Note," or any drafts, amendments, revisions or copies of these documents.

**II. Document Requests**

Please produce each Document, Draft, and Copy in Your possession, custody, or control which can be discovered through a good faith search which is responsive to the following Requests:

1. The entire file maintained by Carmel Milazzo & Feil LLP related to Floyd's of Leadville, Inc.

2. All documents reflecting, containing, or referring to any communications You had with Floyd's of Leadville, Inc.

3. All documents reflecting, containing, or referring to any communications You had with Floyd Landis concerning Floyd's of Leadville, Inc.

4. All documents reflecting, containing, or referring to any communications You had with Timothy Kelly concerning Floyd's of Leadville, Inc.

5. All documents reflecting, containing, or referring to any communications You had with Frank DiMartini concerning Floyd's of Leadville, Inc.

6. All notes reflecting any meetings you had with Floyd Landis, Tim Kelly, and Frank DiMartini regarding Floyd's of Leadville, Inc., including without limitation any discussion of the terms of the Lending Documents.

7. All documents reflecting, containing, or referring to drafts, edits, revisions, and final versions of the Lending Documents for Floyd's of Leadville, Inc.

8. All documents concerning the Escrow Account maintained by You for Floyd's of Leadville, Inc.

9. All documents reflecting, containing, or referring to interest payments made to lenders of Floyd's of Leadville, Inc. and the calculation of same.

10. All documents relating to your representation of Floyd's of Leadville.