

**Daniel J. Vedra**
Attorney

dan@vedralaw.com
www.vedralaw.com

VEDRA LAW LLC

T. (303) 937-6540
F. (303) 937-6547

1444 Blake Street
Denver, CO 80202

October 15, 2024

VIA CM/ECF
Hon. Dale E. Ho
District Court Judge
United States District Court for the Southern District of New York

      Re:    Floyd's of Leadville, Inc. N/K/A Valued, Inc. v. Alexander Capital L.P. &
              Clapham - Case No. 1:22-CV-03318-DEH
              *Response to Letter Motion re: Sealing*

Dear Judge Ho:

      Floyd's of Leadville, Inc. N/K/A Valued, Inc. ("FoL") has no intention of using this Court's docket as a means to publish private communications between anyone as a means to defame them. Though Alexander Capital, L.P. et al. (the "AC Defendants") refer generally to privacy interests as a reason to seal documents, they fail to identify any single such interest as the basis of the motion. Moreover, there is nothing requiring these statements to be published on the Court's document. Instead, it is the AC Defendants' litigation strategy to take the unsubstantiated accusations that Mr. Bell committed a crime to gain an advantage in this case. And it was the AC Defendants' counsel's decision to ask repeated questions about the paternity of a child in the deposition of a non-party in a case about fraudulent security sales.

      If, after reading the documents, the Court believes that they implicate these unidentified privacy interests that outweigh the presumption of public access to court records, FoL does not have an opinion otherwise. FoL did not give its consent to filing under seal solely due to two factors. First, FoL was busy preparing for depositions that it has been attempting to take for five months and did not have the time to give this matter the attention consistent with the purported seriousness of the accusations.

      Second, beyond giving the dates of the communications that the AC Defendants claim are offensive, the AC Defendants were unwilling to send those to undersigned counsel in advance of the filing. Given that the AC Defendants were able to file this motion shortly after conferral, they were ready and able (but not willing) to produce those communications for review, but they chose to file the motion rather than provide them to undersigned counsel for review. Their preference was to force counsel to search through dozens of e-mails to determine precisely what it was that they were complaining about. Again, this appears to be a part of the AC Defendants' strategy to file a flurry of motions at the close of fact discovery to distract from the important work to be done on the case.

Sincerely,

**VEDRA LAW LLC**


By:    /s/ Daniel J. Vedra
        Daniel J. Vedra

CC:    2023169/Floyd's of Leadville, Inc. N/K/A Valued, Inc.
       All Parties of Record

Encl: