

Application GRANTED IN PART. Plaintiff is directed to conduct its review and produce any discoverable materials relevant to ECF No. 207 by October 25. Both parties are reminded to confer in good faith on any pending and future discovery disputes. The Clerk of Court is directed to terminate ECF Nos. 207 and 214. SO ORDERED.

Dated: October 16, 2024
New York, New York

Dale E. Ho
United States District Judge

October 15, 2024

VIA CM/ECF
Hon. Dale E. Ho
District Court Judge
United States District Court for the Southern District of New York

      Re:    Floyd's of Leadville, Inc. N/K/A Valued, Inc. v. Alexander Capital L.P. & Clapham - Case No. 1:22-CV-03318-DEH
             *Request for Extension of Time*

Dear Judge Ho:

      Pursuant to Section 2(e) of your practice standards, Plaintiff Floyd's of Leadville, Inc. n/k/a Valued Inc. ("FoL") respectfully requests that the Court allow FoL up to and including October 29, 2024, in which to respond to Defendant Alexander Capital, L.P., et al.'s (the "AC Defendants") Letter Motion to Compel dated October 11, 2024. For the Court's information and in accordance with Practice Standard 2.e.iii, FoL provides the following information:

| | |
|---|---|
| Original Response Date: | October 15, 2024 |
| New Response Date: | October 29, 2024 |
| Number of Previous Requests for Extension: | 0 |
| Number of Denied Requests for Extension: | 0 |
| Whether the adversary consents: | Yes |
| Next Court Appearance: | December 19, 2024 |

      Discovery in this case began two years ago. FoL made its initial disclosures and responded to the AC Defendants' discovery requests. FoL made comprehensive and thorough disclosures, and did not receive a single complaint from the AC Defendants or others for nearly two years. At one point, the AC Defendants lost some of FoL's disclosure documents. In response, FoL promptly sent *every single document it has ever received or disclosed* in over four years spanning this case and the one that preceded it to the AC Defendants. After receiving that production, the AC Defendants did not complain.

      Twenty-three months after FoL's first disclosures, the AC Defendants first complained that they believed FoL's discovery responses were incomplete. When they made this first complaint nearly two years after discovery began, they did so without providing any citations to the record that they believed supported their claims that FoL's responses were deficient in twenty-nine (29) different ways. Their first complaint in two years was made while FoL was completing fact discovery and when all defendants were resisting discovery.

October 15, 2024
Page 2 of 3

    Then, the AC Defendants waited until one week prior to the discovery deadline and filed the motion to compel on the day when FoL was deposing Defendant Mark Leonard. Since then, FoL deposed Defendant Ronald Barrie Clapham after his first deposition was abruptly terminated. After this deposition, FoL was forced to file a motion for protective order after counsel for Defendants Clapham and Leonard unilaterally set a second deposition of a third-party without having subpoenaed her. In the coming days, FoL is preparing to have its CEO deposed a second time and was anticipating a second Ruel 30(b)(6) deposition of FOL.

    In this same time period, the AC Defendants then agreed to a deposition date for Alexander Capital, L.P.'s Rule 30(b)(6) deposition only to claim that was only a placeholder and that they would not be prepared for a deposition where they had agreed to the date. And to add to all of this, the AC Defendants filed a motion to enjoin FoL's CEO and another from exercising their rights to free speech and requested that their filings be made under seal. And the AC Defendants also filed a motion for contempt against two non-parties who have not been involved with FoL for years because the AC Defendants did not like the responses that they received in depositions over a month ago. In sum, the AC Defendants (and others) have used the last week of fact discovery strategically to interfere with FoL's ability to complete discovery and to bring fact discovery to a close.

    This litany of motion practice has already delayed FoL from bringing important matters before the Court. Just recently, FoL has learned that Defendants Leonard and Clapham were using a disbarred attorney to represent them in this case. FoL will request the Court to enter sanctions against those responsible, but have been delayed by filings (like the foregoing) in bringing forth this critically important issue that offends the honor and dignity of the Court.

    Given the breadth of the information that the AC Defendants claim was not produced and the flurry of discovery related motions that have landed on the Court's docket and requiring FoL's response, FoL requests that it be permitted two additional weeks to respond to the AC Defendants' motion to compel. This will enable FoL and its counsel to review the transcripts that the AC Defendants claim reveal that documents have not been produced and compare the document requests to the testimony given. This time will also permit FoL to see if there have been any gaps in production or whether the AC Defendants are simply on a fishing expedition, as their motion indicates.

Sincerely,

**VEDRA LAW LLC**

By:   /s/ Daniel J. Vedra
        Daniel J. Vedra



CC:    2023169/Floyd's of Leadville, Inc. N/K/A Valued, Inc.
          All Parties of Record

Encl: