

**Bryan Ward**
Direct Line: 404.892.5695
bryan.ward@holcombward.com

October 16, 2024

<u>*Via ECF Filing*</u>

Hon. Dale E. Ho
District Court Judge,
United States District Court for the Southern District of New York

   Re: *Floyd's of Leadville, Inc., n/k/a Valued, Inc. v. Alexander Capital, L.P., et al.*, Civil Action No. 1:22-CV-03318-DEH

Dear Judge Ho:

  Our apologies for the need to file another discovery motion. Defendants Alexander Capital, L.P., NESA Management LLC, Joseph Amato, Rocco Guidicipietro, and Jonathan Gazdak ("ACLP Defendants") seek leave to take the continued deposition of Plaintiff's Rule 30(b)(6) representative after the October 18, 2024 deadline for fact discovery. Plaintiff Floyd's of Leadville, Inc. n/k/a Valued, Inc.'s ("FOL") agreed to a continued deposition but, having failed to agree to a date for that deposition, now insists at the eleventh hour that the deposition take place on the last day of discovery when counsel for ACLP Defendants is out of the country and unavailable. Having necessitated another deposition because it failed to provide a representative willing to conduct himself according to the basic standards of a deponent — much less of a corporate representative — FOL should not now be able to force ACLP Defendants to switch examiners for the continued deposition.

  FOL designated Bob Bell to testify as FOL's Rule 30(b)(6) representative. As described more fully in the undersigned's October 2 letter attached as Exhibit A, ACLP Defendants took the Rule 30(b)(6) deposition of Bob Bell on September 25, 2024 and reserved their right to continue the deposition because (1) Mr. Bell was not prepared to testify on numerous Noticed topics and deferred to Floyd Landis on those topics rather than answer them, (2) repeatedly failed to limit his responses to the questions asked and to refrain from engaging in non-responsive colloquies, and (3) improperly lodged objections to the topics covered (although no objections were asserted by FOL's counsel). (*See* Exhibit A, 10.2.24 Letter from B. Ward to D. Vedra.)

  As one example, among others referenced in the undersigned's October 2 letter (Ex. A), when the undersigned asked if Mr. Clapham was the chairman and chief investor for London and Scottish Investments, Mr. Bell responded "I don't know." This would

have been a full and complete answer, but, rather than stopping there, Mr. Bell added that he wanted Ms. Cole to pull up Mr. Clapham's LinkedIn profile and then proceeded to share unrelated facts about Mr. Clapham. When the undersigned attempted to move on, placing a new exhibit on the screen, Mr. Bell continued to hold forth on Mr. Clapham, culminating in proffering, unprompted, that Mr. Bell had been told a story wherein Mr. Clapham made a phone call while drunk and in a bathtub with prostitutes. There was no question to which this information was plausibly related and there was no question pending at all when Mr. Bell proffered much of it. Rather, it served no purpose other than to muddy the record and to serve as a sort of filibuster. This is illustrative of the types of responses provided by Mr. Bell, who — despite numerous requests to the contrary — was determined to hold forth on his own topics of interest rather than the questions posed to him.

Given its witness's indefensible conduct, FOL agreed to the continuation of the Rule 30(b)(6) deposition on Noticed Topics 1-4, 6, 9, 11, 12, and 14-17.[1] (*See* Exhibit B, October 4, 2024 Email exchange between B. Ward and D. Vedra.)

The dispute now before the Court concerns FOL's failure to agree on a date for the continued deposition of FOL's representative. During the meet and confer on this issue, FOL's counsel, Daniel Vedra, failed to offer any available dates for the deposition, later rejected the undersigned's proposal to schedule the deposition on October 9 because Mr. Vedra was unavailable, and failed to respond to two requests as to whether October 18[2] was workable. (*See* Exhibit C, October 7-8 Email exchanges between B. Ward and D. Vedra.) From October 4 through October 11, FOL's counsel failed to either propose or agree on a date for the deposition. On October 10, during a meet and confer involving other issues as well, Mr. Vedra indicated that he would respond later that day with whether FOL would agree to a date after the close of discovery. Absent a response from Mr. Vedra, the undersigned withdrew October 18 and instead proposed October 30. (*See* Exhibit D, October 11, 2024 Email from B. Ward to D. Vedra.) Again, Mr. Vedra did not respond.

On October 14, 2024, ACLP Defendants served a Notice of Deposition for the continued deposition of FOL's 30(b)(6) to take place on October 30. (*See* Exhibit E, October 14, 2024 Email and Notice of Deposition.) On October 15, 2024, counsel for ACLP Defendants asked Mr. Vedra to confirm whether he consented to scheduling the continuation of the deposition on October 30 outside of the deadline for fact discovery.

---

[1] The parties also agreed that the continuation would be limited to three hours if Mr. Bell would confine his answers to the questions asked and avoid engaging in non-responsive colloquies.

[2] At FOL's request, the parties were discussing a one-month extension of discovery and undersigned counsel for ACLP Defendants offered October 18 as a potential date but prefaced that he would be out of the country and would prefer to schedule the deposition after his return.

Mr. Vedra responded "No. We've made Mr. Bell available on Friday [October 18]. And we consent to another examiner taking over the deposition." (*See* Exhibit F, October 15, 2024 Email correspondence between H. Cole and D. Vedra.)

It was only after receiving the Notice of Deposition for October 30 that Mr. Vedra represented that Mr. Bell would be available for the continuation of the deposition on October 18, a date that the undersigned had already indicated was not workable. Mr. Vedra's refusal to cooperate in scheduling the deposition was "made without prejudice to [FOL's] forthcoming request to seek depositions of ACLP, Hurley, Leonard, and DiMartini after the discovery window." (*Id.*)

ACLP neither noticed nor scheduled the continuation of FOL's Rule 30(b)(6) deposition for Friday, October 18. Mr. Vedra therefore has no reasonable basis to unilaterally insist that the deposition take place on that date, having failed over the course of a week to offer or agree to a date. FOL created this situation by willfully frustrating ACLP Defendants' right to obtain discovery pursuant to Rule 30(b)(6). Indeed, a review of the transcript — which ACLP Defendants will provide the Court upon request — makes clear that this was done deliberately. Having engaged in such improper behavior and wasted the efforts and attorneys' fees of ACLP Defendants, FOL should not now be permitted to dictate, in effect, which attorney ACLP Defendants can use to try to fix a situation that FOL itself caused.

Moreover, even putting aside the fact that FOL created the situation that ACLP Defendants are seeking to address, in seeking to conduct a single continued deposition outside of the current discovery window, ACLP Defendants ask for no more than what FOL has indicated that it would be seeking itself. Mr. Vedra indicated that he would need an extension of discovery, proposed a one-month extension, and ACLP Defendants agreed to join a request for a discovery extension. Mr. Vedra did not file a motion but nevertheless indicated that he will be seeking to take multiple depositions outside the discovery period. Such a position is inconsistent with objecting to ACLP Defendants' ability to do the same.

Therefore, ACLP Defendants request that the Court permit them to conduct the continued deposition of FOL's Rule 30(b)(6) representative — a deposition that was not anticipated — after the close of fact discovery, on October 30, 2024.

Sincerely,

Bryan Ward