

**Daniel J. Vedra**
Attorney

dan@vedralaw.com
www.vedralaw.com

**VEDRA LAW LLC**

T. (303) 937-6540
F. (303) 937-6547

1444 Blake Street
Denver, CO 80202

October 18, 2024

VIA CM/ECF
Hon. Dale E. Ho
District Court Judge
United States District Court for the Southern District of New York

    Re:    Floyd's of Leadville, Inc. N/K/A Valued, Inc. v. Alexander Capital L.P. & Clapham - Case No. 1:22-CV-03318-DEH
*Letter Motion re: Discovery Dispute*

Dear Judge Ho:

    Floyd's of Leadville, Inc. n/k/a Valued Inc. ("FoL") submits the following supplement to its letter motion dated ___ concerning Defendant Ronald Barrie Clapham's improper assertion of the common interest doctrine as a means to deprive FoL of discoverable information concerning Clapham's champertous conduct in sponsoring litigation against FoL.

    FoL previously wrote that the common interest doctrine is not a separate privilege but "an extension of the attorney client privilege." *United States v. Schwimmer,* 892 F.2d 237, 243 (2d Cir. 1989). "It serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *Id.* In sum, the common interest doctrine requires two things: (1) a communication from one party to another party's attorney; and (2) an agreed upon joint defense effort or strategy. Clapham has improperly asserted this extension of the attorney client privilege to shield communications between Clapham and others who were stealing information from FoL to start a competitive business.

    In FoL's prior letter, FoL argued that Clapham's interest was commercial and not legal in nature. Subsequent to FoL's prior letter, FoL deposed Clapham. Although he contended otherwise in his response to the letter motion, Clapham's sworn deposition testimony confirms FoL was correct. Here is an example.

    On August 28, 2020, Greg Hurley wrote to Clapham, Defendant Mark Leonard, and three other non-lawyers by e-mail. Not a single person on the e-mail chain was a lawyer.

    The subject of this e-mail was "Criminal Action against Floyd". Just nine days prior, Hurley had sworn out an affidavit and caused a request for temporary restraining order to be filed in Colorado against Floyd Landis and FoL. If any lawyer had given advice on bringing criminal action against Floyd Landis at the same time as these five individuals were trying to take the assets

of FoL, it likely would have been unethical.  Under the Colorado Rules of Professional Conduct, a lawyer may not "present or participate in presenting criminal, administrative or disciplinary charges solely to obtain an advantage in a civil matter."  Colo. R. Prof'l Cond. 4.5(a).

Clapham redacted the entire body of this e-mail.

Clapham confirmed in his deposition that no part of the e-mail was protected by the common interest doctrine.  FoL asked Clapham during his deposition whether he received legal advice concerning criminal action against Floyd Landis.  He did not.

312    **Dan Vedra**  Did you ever receive advice from an attorney regarding a criminal

313    complaint against Floyd Landis?

314    **Barrie Clapham**  No.

. . .

318    **Dan Vedra**  Did you ever develop a legal strategy around making a criminal complaint

319    against Floyd Landis?

320    **Paul Rachmuth**  Object.

321    **Barrie Clapham**  No.

Even after Clapham testified that he did not have legal advice or a legal strategy around making a criminal complaint about Floyd Landis, Clapham refused to produce an unredacted version of the e-mail attached hereto.  Instead, he continues to hide discoverable information behind improperly asserted privilege.

Sincerely,

**VEDRA LAW LLC**

By:   /s/ Daniel J. Vedra
      Daniel J. Vedra

CC:    2023169/Floyd's of Leadville, Inc. N/K/A Valued, Inc.
       All Parties of Record

Encl:  Redacted Document

