UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Floyd's of Leadville, Inc., n/k/a Valued, Inc,

                                   Plaintiff,

                    v.

Alexander Capital, L.P., et al.,

                                   Defendants.

22 Civ. 3318

**ORDER**

---

DALE E. HO, United States District Judge:

This order resolves the remaining discovery disputes raised by the parties:

1.    Plaintiff Floyd's of Leadville, Inc. ("FOL") filed a motion to compel Defendant Ronald Barrie Clapham to produce certain documents. *See* ECF Nos. 199, 202, 219. Defendant Clapham is **ORDERED** to produce unredacted versions of these documents for *in camera* review by October 24, 2024. After reviewing the documents *in camera*, the Court will rule as to Defendant Clapham's privilege assertions. *See Chevron Corp. v. Donziger*, 296 F.R.D. 168, 203 (S.D.N.Y. 2013) (A party claiming common interest privilege must "show that (1) it shares a common legal interest with the party with whom the documents or information were shared, and (2) the statements for which protection is sought were designed to further that interest.").

2.    Defendant Alexander Capital, L.P. ("ACLP") filed a motion to compel FOL to produce communications with Carmel, Milazzo & DiChiara LLP ("CMD"). *See* ECF Nos. 210, 217. This application is **DENIED**. ACLP refers to several requests that purportedly seek communications between FOL and CMD: Requests 2, 4, 12, 13, 16, 17, 23, and 25. *See* ECF No. 210 at 2. But most of these requests seek

*internal* documents; *see, e.g.*, ECF No. 210-3, Request 4 (seeking "All Documents concerning or reflecting any *internal* discussions or deliberations about your decision to enter into any contract or agreement with Carmel, Milazzo & DiChiara LLP") (emphasis added).  Only two of these requests actually seek communications between FOL and CMD: Requests 2 ("All Documents reflecting, containing, or referring to any communication You had with any of the individuals identified in either Plaintiff's Rule 26(a)(1) Initial Disclosures or in Alexander Capital's Rule 26(a)(1) Initial Disclosures"); and 25 ("All Documents reflecting, containing, or referring to any communications between Peter DiChiara and FOL that support the contention in Paragraph 106…").  With respect to the latter, FOL represents that no such documents exist, rendering this dispute moot as to Request 25.  *See* ECF No. 217 at 2.  With respect to the former, the Court finds that Request 2 is overly broad and disproportionate to the needs of this case, and denies the motion to compel on that basis.  Accordingly, ACLP's motion for leave to file a reply, ECF No. 220 is **DENIED** as moot.

Any requests for fees and costs related to any of these disputes are **DENIED**.

*          *          *

The Court will not grant any further extensions for discovery.  Expert discovery is scheduled to close on December 2, 2024.  ECF No. 185.  Accordingly, any future discovery disputes must be submitted to the Court **no later than November 15, 2024**.  Disputes shall be filed in one joint letter submission that shall not exceed two pages.  If the parties are unable to come to an agreement on the dispute, they must clearly lay out the views of each party in the joint two-page submission.

As previously determined, *see* ECF No. 185, the post-discovery status letter is to be submitted no later than December 12, 2024, and the post-discovery conference will be held on December 19, 2024, at 10:30 am ET.  The virtual meeting information remains unchanged; the parties shall dial 646-453-4442, enter the meeting code 145659216, and press pound (#).

The Clerk of Court is directed to terminate ECF Nos. 199, 210, 219, and 220.

SO ORDERED.

Dated: October 22, 2024
       New York, New York

_____
DALE E. HO
United States District Judge