UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Floyd's of Leadville, Inc., n/k/a Valued, Inc,<br>                            Plaintiff,<br>v.<br>Alexander Capital, L.P., et al.,<br>                            Defendants. | 22 Civ. 3318<br><br>**MEMORANDUM ORDER** |

DALE E. HO, United States District Judge:

Before the Court is Defendants' motion for reconsideration (ECF No. 225) of the Court's Order (ECF No. 224) denying Defendants' motion to compel (ECF No. 210) the production of certain documents. Plaintiff Floyd's of Leadville Inc. ("Plaintiff" or "FOL") opposes production, asserting attorney-client privilege with respect to communications between itself and its former counsel Carmel, Milazzo & DiChiara LLP ("CMD"). For the reasons stated below, the motion is **GRANTED IN PART.**

## BACKGROUND

The facts underlying this matter are set forth in the Court's decision denying Defendants' motion to dismiss, *see* ECF No. 145, familiarity with which is presumed. As relevant here, Plaintiff alleges that Defendant Alexander Capital, L.P. ("ACLP"), engaged with others, including Plaintiff's former counsel CMD, in a conspiracy to defraud Plaintiff. Among other things, Plaintiff alleges that CMD, conspiring with ACLP, engaged in various actions without Plaintiff's knowledge or authorization. In particular, Plaintiff alleges, *inter alia*, that CMD backdated its engagement agreement with Plaintiff to make it appear as if it had represented Plaintiff for a longer period of time than it actually had, *see* Am. Compl. ¶ 40; added Plaintiff's signature to various lending documents without Plaintiff's knowledge or authorization, *see id*. ¶ 88; and created asset

schedules purporting to list Plaintiff's assets, and inserted them into security agreements, again without Plaintiff's knowledge or authorization, *see id.* ¶ 98.

Defendants sought the production of communications between Plaintiff and CMD via two paths: (1) document requests directed to Plaintiff, and (2) a Rule 45 subpoena to CMD's successor entity, Carmel Milazzo & Feil, LLP ("CMF"). *See* ECF No. 210. As to the former, Plaintiff opposed Defendants' document requests, arguing, *inter alia*, that the requested communications are protected by attorney-client privilege, and that the document request to Plaintiff—which sought, *inter alia,* "All Documents reflecting, containing, or referring to any communication You had with any of the individuals identified in either Plaintiff's Rule 26(a)(1) Initial Disclosures or in Alexander Capital's Rule 26(a)(1) Initial Disclosures," including with CMD—was overly broad. *See* ECF No. 217. Plaintiff's response did not directly address the Rule 45 subpoena directed to CMF, *see id.*, though its assertions of attorney-client privilege presumably apply equally to the documents sought through the subpoena as well. For its part, CMF did not oppose production of the documents on any grounds other than attorney-client privilege (such as overbreadth). *See* ECF No. 225-2.

As to the document requests directed to Plaintiff, the Court agreed that they were overbroad, and, *inter alia*, denied Defendants' motion to compel Plaintiff to produce all documents reflecting any communications with CMD as unduly burdensome and disproportionate to the needs of this case. *See* ECF No. 224. Because the Court denied the motion to compel on that basis, it did not address Plaintiff's assertion of attorney-client privilege.

Defendants now file a motion for reconsideration, *see* ECF No. 225, noting that the Court did not rule on its request in connection with their Rule 45 subpoena requesting that CMF produce, *inter alia*, communications between CMD on the one hand, and Plaintiff, Floyd Landis, Tim Kelly, and/or Frank DiMartini on the other. Defendants note that, given the absence of any objection

other than attorney-client privilege, a ruling on this motion requires this Court to consider and decide Defendants' contention that Plaintiff has waived its attorney-client privilege with respect to its communications with CMD.

**DISCUSSION**

"The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998).  However, "[c]ourts have found waiver by implication when a client testifies concerning portions of the attorney-client communication, . . . *when a client places the attorney-client relationship directly at issue*, . . . and when a client asserts reliance on an attorney's advice as an element of a claim or defense . . . ."  *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (emphasis added) (citation omitted).  "Waiver can occur even if the asserting party does not make direct use of the privileged communication itself when that party avers material facts at issue related to the privileged communication, and where the validity of those facts can only be accurately determined through an examination of the undisclosed communication."  *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 501 (S.D.N.Y. 2019) (internal quotation marks omitted).

Here, Defendants seek production of, among other things, the "entire file maintained by" CMD related to FOL, ECF No. 225-1, 5, contending that Plaintiff has waived attorney-client privilege across the board with respect to all its communications with CMD.  The Court cannot agree to that broad proposition, and the email from Plaintiff to CMD terminating their attorney-client relationship cited by Defendants, *see* ECF No. 210-4, does not clearly support such a broad waiver as to all communications between them.

Nevertheless, the Court finds that Plaintiff has implicitly waived attorney-client privilege as to at least some categories of communications with CMD, by making various allegations the accuracy of which can only be determined through an examination of certain communications

3

between Plaintiff and CMD. Plaintiff makes numerous allegations in its Amended Complaint (ECF No. 165) regarding actions taken by CMD in connection with CMD's representation of Plaintiff, but which Plaintiff alleges were taken without its authorization or knowledge. Specifically, Plaintiff places certain categories of communications between it and CMD at issue by alleging:

- that "DiChiara and CMD arranged for the engagement agreement [between FOL and CMD, which was allegedly entered into in December 2017] to be backdated to October 15, 2017" because "FOL believes that [ACLP] and CMD wanted to create a false record," Am. Compl. ¶ 40;

- that CMD "add[ed] FOL's electronic signatures to whatever document Alexander Capital wanted to send out to the Investors, and . . . add[ed] FOL's signature page whenever Alexander Capital wanted to change the terms of those documents," while CMD "was purportedly acting as FOL's counsel," but did not "ask FOL for FOL's approval in entering into any of the lending documents or for any of the many changes Alexander Capital and CMD made to these documents without informing FOL of the changes or obtaining FOL's consent," *id.* ¶ 88;

- that CMD, without FOL's knowledge or approval, "created some asset schedules" listing FOL's purported assets in connection with various security agreements, and "added them after-the-fact to the security agreements, and then sent them to the investor as if they had been part of the investment agreement all along," *id.* ¶ 98.

Defendants contend that Plaintiff has effectively placed at least some of Plaintiff's communications with CMD at issue by alleging that Plaintiff had no knowledge of and gave no approval authorization to CMD to take any of these actions; and further, that Defendants cannot adequately defend against these allegations if they are not permitted discovery as to whether, in fact, Plaintiff had no knowledge of, and gave no authorization to CMD to engage in, these acts.

Accordingly, the Court finds that Plaintiff has waived attorney-client privilege as to a narrow range of communications between it and CMD, by placing into issue the scope of the authority it granted, and knowledge it possessed of, CMD's actions with respect to the bullet points above. Specifically, the Court finds that Plaintiff has waived attorney-client privilege as to any

communications between CMD on the one hand, and Plaintiff, Landis, Kelly, and/or DiMartini on the other, to the extent that such communications reflect:

1. the date on which Plaintiff and CMD entered into an engagement agreement;

2. CMD's authority to sign or add Plaintiff's signature to lending documents, and Plaintiff's knowledge of CMD's actions as alleged in Paragraph 88 of the Amended Complaint;

3. CMD's authority to create asset schedules listing FOL's purported assets in connection with security agreements, and Plaintiff's knowledge of CMD's actions as alleged in Paragraph 98 of the Amended Complaint;

To the extent Defendants seek to pierce attorney-client privilege with respect to any other documents, the Court finds that Defendants have not adequately demonstrated that Plaintiff placed other categories of communications between it and CMD at issue in this litigation.

## CONCLUSION

Accordingly, Defendants' motion for reconsideration is **GRANTED IN PART and DENIED IN PART** consistent with the terms of this Order. CMF shall produce documents falling into the three narrow categories listed above (if any exist) to Plaintiff, no later than November 1, 2024. Plaintiff may review such documents; make appropriate redactions to preserve any information covered by attorney-client privilege, or any other privilege, that the Court has not deemed waived in this Order; and, by no later than November 8, 2024, shall produce to Defendants: (1) documents consistent with this Order, and (2) a privilege log identifying any redactions and the basis for them.

The Clerk of Court is respectfully directed to terminate ECF No. 225.

SO ORDERED.

Dated: October 24, 2024
      New York, New York

DALE E. HO
United States District Judge