UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Floyd's of Leadville, Inc., n/k/a Valued, Inc, <br> Plaintiff, <br> v. <br> Alexander Capital, L.P., et al., <br> Defendants. | 22 Civ. 3318 <br><br> **ORDER** |

DALE E. HO, United States District Judge:

Before the Court is Plaintiff Floyd's of Leadville Inc.'s ("Plaintiff" or "FOL") motion to compel Defendant Ronald Barrie Clapham ("Defendant" or "Clapham") to produce communications between Clapham and Greg Hurley, Thien Troung, Frank DiMartini, and Mark Leonard. ECF Nos. 199, 219. Clapham opposes production by asserting a joint defense, or common interest, privilege. ECF No. 202. For the reasons stated below, the motion is **GRANTED IN PART and DENIED IN PART.**

Plaintiff submits that these communications are relevant because of his allegation that Clapham and these individuals worked together to attempt to take control of FOL, and that Clapham wrongly asserts a common interest privilege. Pursuant to the Court's October 22, 2024 Order, ECF No. 224, Defendant Clapham submitted six searchable PDF files to the Court for *in camera* review on October 24. *See* ECF No. 226. These six files consist of emails to and from Clapham, on one hand, and either Mark Leonard, Thien Truong and Greg Hurley. Clapham represents that each of these individuals was a shareholder of Redemption Holdings, Inc. at the time the emails in question were sent and during the period that Redemption Holdings, Inc. was represented by counsel in connection with the "Colorado action." *See Redemption Holdings, Inc.*

*v. Floyds of Leadville, Inc.*, No. 2020 Civ. 32866 (D. Colo.). Thus, Clapham submits that these documents are privileged pursuant the common interest rule.

The common interest rule is "an extension of the attorney client privilege" that "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *United States v. Schwimmer*, 892 F.3d 237, 243 (2d Cir. 1989). The party claiming the protection of the common interest privilege must demonstrate that the parties communicating (1) have a common legal interest, rather than commercial or financial one, and (2) the disclosures are made in the course of formulating a common legal strategy. *Schaeffler v. United States*, 806 F.3d 34, 40 (2d Cir. 2015); *Alta Partners, LLC v. Getty Images Holdings, Inc.*, No. 22-cv-8916 (JSR) (S.D.N.Y. Sept. 5, 2023).

After conducting *in camera* review of Clapham's withheld documents, the Court finds that, while a majority of the correspondence may be protected by the common interest privilege, the entire corpus is not. The Court finds the common interest privilege to be correctly asserted for those documents that discuss actual or anticipatory action and strategy in the Colorado action or with relation to Redemption Holdings, Inc. However, the privilege is insufficient to protect production of communications regarding Floyd Landis, FOL, and FOL noteholders broadly—when such correspondence was *not* directly related to Redemption Holdings, Inc. and/or the Colorado action. Examples include documents Bates stamped as "Leonard emails to Clapham," 154-55 of 155; and "Clapham emails to Greg Hurley," 957-58 of 1609.

Accordingly, Plaintiff's motion to compel is **GRANTED IN PART and DENIED IN PART**. Defendant Clapham is directed to produce documents highlighted on the attached privilege log that he previously withheld if they do not directly relate to, or discuss, the Colorado action or Redemption Holdings, Inc. Defendant shall produce (1) documents consistent with this

Order, and (2) a privilege log identifying any redactions from such documents and the basis for them no later than November 22, 2024.

    SO ORDERED.

Dated: November 15, 2024
       New York, New York

                                                DALE E. HO
                                      United States District Judge