UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FLOYD'S OF LEADVILLE, INC.,
n/k/a VALUED, INC.,

                                      Plaintiff,

            -against-                      Docket No.1:22-cv-3318

ALEXANDER CAPITAL, L.P.; NESA
MANAGEMENT, LLC; JOSEPH ANTHONY
AMATO; ROCCO GERARD GUIDICIPIETRO;
JONATHAN GAZDAK; GREGORY HURLEY;    ATTORNEY AFFIRMATION
HOWARD DASILVA; RONALD BARRIE         OF PAUL A. RACHMUTH
CLAPHAM; RONALD BARRIE CLAPHAM;
THIEN TRUONG; PROVISION HOLDING,
INC.; TIMOTHY KELLY; AND THREE DDD
LLC,

                                     Defendants.
----------------------------------------------------------X

PAUL A. RACHMUTH, an attorney duly admitted to practice in the Courts of the State of New York and the United States District Court for the Southern District of New York declares the following to be true, fully cognizant of the penalties of perjury:

      1.      I am counsel for defendants Mark Leonard and R. Barrie Clapham (collectively the "defendants").  I submit this declaration in opposition to plaintiff's motion to strike the defendants' answers.

      2.      I first note that the their appears to be an error in plaintiff's papers; they purport to be both a Notice of Motion, but also demands that defendants show cause why certain orders shouldn't be entered - except they have not been submitted to the Court for signature. Regardless, I respond to the substance of Mr. Vedra's complaint while ignoring his unsupported innuendo ("it appears that…) and needless and disingenuous statement of the facts.

      3.      I was not immediately informed by Bryan McKenna that he had resigned from the Bar of the State of New York, nor of the First Department, Appellate Division's acceptance of his

resignation. Rather, Mr. McKenna informed me that he had accepted a full-time position with an investment group and could no longer work on this action. From that point forward, I was the sole counsel for the defendants herein.

4. At one point, I complained to Mr. Mckenna that the defendants had been sanctioned as a result of his failure to timely provide discovery responses when he was counsel. Mr. McKenna said that he felt responsible for that delay and would pay the sanction. He later informed me that he contacted Mr. Vedra and paid the sanction, which Mr. Vedra confirmed with the Court. At that time, Mr. McKenna was no longer litigating the case but had not informed me that he had resigned from the bar.

5. Regarding the answers filed by Mr. McKenna on the defendants' behalf, I did not understand that Mr. McKenna's filings prior to the Court's order confirming his resignation could be rendered ineffective due to the State Court's Order stating that it was *nunc pro tunc*. I have found no case law on the issue. If that is the case, however, I respectfully request that the Court grant defendants' cross-motion for an extension time to file Answers to the Amended Complaint, which I annex hereto as Exhibits A and B. These Answers are exactly the same the answers filed by Mr. McKenna but filed under my signature.

6. It is notable that the plaintiff has not alleged that it has been or will be prejudiced in any way by the answers having been signed and filed by an attorney who later resigned from the bar *nunc pro tunc* to a date prior to the answers' filings.

Accordingly, defendants respectfully request that plaintiff's motion be denied in all respects or, in the alternative, grant defendants' cross-motion to file Answers to the Amended Complaint on behalf of Messrs. Leonard and Clapham.

[Signature Page Follows]

The foregoing is true and correct under penalty of perjury.

Dated: Rockville Centre, New York
      November 18, 2024               /s/ Paul Rachmuth
                                           Paul A. Rachmuth (pr-1566)