UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FLOYD'S OF LEADVILLE, INC.,
n/k/a VALUED, INC.,

                                  Plaintiff,

          -against-

                                    Docket No.1:22-cv-3318

ALEXANDER CAPITAL, L.P.; NESA
MANAGEMENT, LLC; JOSEPH ANTHONY
AMATO; ROCCO GERARD GUIDICIPIETRO;
JONATHAN GAZDAK; GREGORY HURLEY;
HOWARD DASILVA; RONALD BARRIE          DECLARATION OF
CLAPHAM; RONALD BARRIE CLAPHAM;         MARK LEONARD
THIEN TRUONG; PROVISION HOLDING,
INC.; TIMOTHY KELLY; AND THREE DDD
LLC,

                                  Defendants.
-------------------------------------------------------X

MARK LEONARD, under penalty of perjury, declares as follows:

      1.      I am defendant in this action and submit this declaration in opposition to plaintiff's motion to strike my answer. I invested $200,000 in Floyd's of Leadville Inc. and remain a shareholder of the company. I also brought other investors to Floyds of Leadville and brought Floyd's of Leadville a total of $800,000 in investments. I also marketed Floyd's of Leadville's products for no remuneration. In this action, I have denied liability because I have done nothing to cause any damages to plaintiff.

      2.      In this motion, Daniel Vedra, Esq. accuses me of knowingly employing unlicensed attorneys. He states that I employed my cousin, C.J. Kuhn, Esq., to represent me in this action. Although it is clear (and I did not hide) that I had discussed having my cousin assist me in this litigation, it never occurred. I learned that he is not admitted in New York and so I did not retain him and went no further. To be clear, I have never had my cousin act for me in this action or draft anything for me.

3. As to my interaction with Greg Hurley in asking the Court for time to respond to the Complaint, Mr. Hurley sent me a copy of what he was filing which he told me he obtained on the Court website. I edited it to make it on my behalf, called plaintiff's attorney (at the time), Ryan Billings, Esq., who agreed to the extension of time to respond to the complaint. Mr. Hurley explained to me through how to file it with the Court. Neither Mr. Hurley nor I had counsel, and we figured out how to act on our own until we could retain counsel. I did not consider that Mr. Hurley was acting as an attorney, did not consider this to be obtaining legal advice, and I still do not.

4. As to Bryan McKenna, I did not know that he had resigned during part of the period when I interacted with him and in fact I do not know if I ever spoke to him after he resigned. During the litigation, in early 2024, Mr. McKenna stopped working the case and since then I have only worked with Mr. Rachmuth. Mr. Rachmuth told me that Mr. McKenna had taken a full-time job and would no longer be on this case. Later, he informed me that Mr. McKenna had resigned from the bar. I do not know for certain, but I think that I worked with Mr. McKenna only before he resigned.

5. Regarding the answers filed by Mr. McKenna on my behalf, if the Court finds that this was inappropriate, I respectfully request that the Court permit accept my answer as completed by Mr. Rachmuth. I do not see how any of plaintiff's complaints about me, most of which are incorrect and untrue, have affected his case in any way.

Accordingly, I respectfully request that plaintiff's motion be denied in all respects and if the Court deems necessary, that the Court accept Mr. Rachmuth's answer on my behalf.

I declare that the foregoing is true and correct under penalty of perjury.

Dated: San Jose, California
November 18, 2024

_____
Mark Leonard