UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FLOYD'S OF LEADVILLE, INC.,
n/k/a VALUED, INC.,

                            Plaintiff,

    -against-                             Civil Action No.1:22-cv-3318

ALEXANDER CAPITAL, L.P.; NESA                    **DECLARATION OF**
MANAGEMENT, LLC; JOSEPH ANTHONY          **BRYAN A. MCKENNA**
AMATO; ROCCO GERARD GUIDICIPIETRO;
JONATHAN GAZDAK; GREGORY HURLEY;
HOWARD DASILVA; RONALD BARRIE
CLAPHAM; RONALD BARRIE CLAPHAM;
THIEN TRUONG; PROVISION HOLDING,
INC.; TIMOTHY KELLY; AND THREE DDD
LLC,

                            Defendants.
---------------------------------------------------------X

BRYAN A. MCKENNA, under penalty of perjury, declares as follows:

1.      I am a former attorney and was formerly counsel for defendants Mark Leonard and R. Barrie Clapham. I have been asked to and submit this declaration to respond to certain allegations made in the Motion to Strike filed by the plaintiff in this action.

2.      As noted by plaintiff, I submitted my resignation to the Bar of the State of New York. It was my understanding that until the Court accepted my resignation, I was still an attorney. In fact, I had specifically spoken with counsel at the Appellate Division about completing certain matters until my resignation was accepted and was told that this would not be a violation. It was not explained to me that the Appellate Division's order would have *nunc pro tunc* effect.

3.      After the Appellate Division accepted my resignation, I no longer engaged in the practice of law. I told Paul Rachmuth, Esq., counsel for Messrs. Leonard and Clapham, that I had accepted a position "in house" and could no longer work on the litigation. I did not inform him of my resignation.

4.      After the Court awarded attorneys' fees to plaintiff as a result of a discovery dispute, I contacted Daniel Vedra, Esq. I told him that I felt personally responsible for the award of sanctions and would pay the amount awarded, which I did.

5. I only later informed Mr. Rachmuth of my bar resignation when he asked me to cover a deposition. I then explained that I could not because I was no longer a member of the bar.

6. In the case cited by Mr. Vedra, *Icon International, Inc. v. Elevation Health, LLC*, I submitted a letter to the Court informing the Court that I was no longer admitted to practice because in that action I was the only counsel representing the plaintiff. Although I no longer acted as an attorney, I have never "withdrawn" from this case because I was never the attorney of record, I had always only acted as of counsel to Mr. Rachmuth's office, who remained as attorney for the defendants.

The foregoing is true and correct under penalty of perjury.

Dated: Rockville Centre, New York
       November 18, 2024

                                                Bryan A. McKenna