UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 --------------------------------------------------------X
 FLOYD'S OF LEADVILLE, INC.,
 n/k/a VALUED, INC.,

                      Plaintiff,       Civil Action No.1:22-cv-3318

           -against-


ALEXANDER CAPITAL, L.P.; NESA
MANAGEMENT, LLC; JOSEPH ANTHONY
AMATO; ROCCO GERARD GUIDICIPIETRO;
JONATHAN GAZDAK; GREGORY HURLEY;
HOWARD DASILVA; RONALD BARRIE
CLAPHAM; RONALD BARRIE CLAPHAM;
THIEN TRUONG; PROVISION HOLDING,
INC.;
TIMOTHY KELLY; AND THREE DDD LLC,

                   Defendants.
 --------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF OPPOSIOTN TO MOTION
TO STRIKE AND IN SUPPORT OF CROSS MOTION TO FILE ANSWER**



Law office of Paul A. Rachmuth
Attorney for the Plaintiff
265 Sunrise Highway, Ste. 1515
Rockville Centre, New York 11570
(516) 330-0170
paul@paresq.com

Counsel for Defendants
Ronald Barrie Clapham
And Mark Leonard

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 --------------------------------------------------------X
 FLOYD'S OF LEADVILLE, INC.,
 n/k/a VALUED, INC.,

                                    Plaintiff,        Civil Action No.1:22-cv-3318

              -against-


ALEXANDER CAPITAL, L.P.; NESA
MANAGEMENT, LLC; JOSEPH ANTHONY
AMATO; ROCCO GERARD GUIDICIPIETRO;
JONATHAN GAZDAK; GREGORY HURLEY;
HOWARD DASILVA; RONALD BARRIE
CLAPHAM; RONALD BARRIE CLAPHAM;
THIEN TRUONG; PROVISION HOLDING,
INC.;
TIMOTHY KELLY; AND THREE DDD LLC,

                                    Defendants.
 --------------------------------------------------------X

### MEMORANDUM OF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND IN SUPPORT OF CROSS-MOTION TO FILE CORRECTED ANSWERS

Defendants, Ronald Barrie Clapham and Mark Leonard, by counsel, Paul A. Rachmuth

submit this Memorandum of Law in opposition to plaintiff's motion to strike and in support of

their cross-motion for leave to file corrected answers signed by Paul A. Rachmuth.

### FACTUAL BACKGROUND

The facts necessary to a decision on this motion are set forth in the Declarations of Ronald

Barrie Clapham, Mark Leonard, Paul Rachmuth and Bryan McKenna.

### ARGUMENT

### PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED

While pursuant to Federal Rule of Civil Procedure 11, all pleadings, motions and other

papers presented by an attorney to a court must be signed by the attorney and include the attorney's

address (*See* Fed.R.Civ.P. 11), "[I]n the absence of prejudice, the district court can treat the defect as technical and should grant leave to correct a failure to sign …" 5A Wright & Miller, Federal Practice & Procedure § 1333 (3d ed. 2004). Here, while the attorney who filed the original answers later resigned from the bar, *nunc pro tunc* to a date prior to the filing of the answers, plaintiff has not even argued that it was prejudiced.

Plaintiff seeks to create a sanctionable pattern and practice where none exists. Planitff presents texts wherein Messrs. Leonard and Clapham and Greg Hurley discuss whether to retain Mr. Leonard's cousin as counsel, but they present no facts indicating that he was ever retained or ever drafted anything submitted in this action. Moreover, except for a motion on consent for an extension of time to respond to the complaint, Mr. Leonard has not acted *pro se* at any time in this case.

Plaintiff then asserts that Mr. Leonard utilized Gregory Hurley as counsel despite Mr. Hurley not being an attorney. Plaintiff bases its allegations on the fact that they both used the same form. But Mr. Leonard readily admits that he and Mr. Hurley conferred on how to obtain extensions of time to respond and, nonetheless the filings are far from identical, each of Mr. Leonard and Hurley describing the particulars of service upon them.

As to Messrs. Clapham and Leonard's having Mr. McKenna file their answers, Mr. McKenna was admitted to practice before this Court when the answers were filed. It was only after they were filed, was Mr. McKenna's resignation accepted by the Appellate Division. And while the defendants concede that when Mr. McKenna's resignation was accepted, its effect was was nunc pro tunc to the date it was filed, neither Messrs. Clapham nor Leonard, nor even Mr. Rachmuth knew of Mr. McKenna's resignation.

Plaintiff's papers are replete with unfounded allegations but lack any evidence of prejudice. As stated in Wright & Miller, "in the absence of prejudice, the district court can treat the defect as technical and should grant leave to correct a failure to sign …" Id.  Similarly, in *Memisevich v. St. Elizabeth's Medical Center*, 443 F. Supp. 2d 276 (N.D.N.Y. 2006), where an unsigned complaint was filed, rather than striking it, the Court granted the plaintiff time after the motion was brought in order to sign the document and correct the defect.  See also, *Small v. Arch Capital Group, Ltd.*, 03 Civ. 5604 (JFK), (S.D.N.Y. Oct. 12, 2005) (holding "[d]efendants already had been timely served with the Complaint, the Court sees no prejudice to Defendants," in allowing Plaintiffs refile the complaint with the correct signature).  The same is true here.  There is no prejudice to plaintiff, the plaintiff has had the defendants answers for months, as such the Court may treat this defect as technical and grant leave to file corrected answers.

In contrast, the prejudice to defendants if their answers were stricken would be considerable.  The Second Circuit has expressed a "strong preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F. 3d 90, 95 (2nd Cir. 1993) (citations omitted).  Here, striking defendants' answers would amount to providing plaintiff a default judgment and would deny them the opportunity to be heard on the merits.  Plaintiff has sued two individuals who have invested great sums into the plaintiff and done nothing wrong.  Striking their answers would provide plaintiff an undeserved windfall at expense of two defendants where the allegations against them are consist of nothing but baseless allegations.  As the Supreme Court has instructed: "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."  *Foman v. Davis*, 371 U.S. 178, 181 (1962).

PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE DENIED

In addition to seeking to strike the defendants' answers, plaintiff also seeks the sanction of attorneys' fees.  Stated succinctly, the Court need not even reach this on the basis of denying the motion to strike.  Secondly, plaintiff has gilded the lily by submitting a motion bloated with inaccuracies and replete with exaggerations.  Plaintiff has not shown that the defendants conducted themselves as plaintiff's alleged and but have shown by silence that no prejudice will come to plaintiff by denying plaintiff's  motion in its entirety.

CONCLUSION

For the reasons stated herein, the lack of prejudice herein and the unusual facts leading to an answer perhaps being retroactively disqualified, the Court should deny plaintiff's motion or, in the alternative, grant defendants' cross-motion to file corrected answers.


DATED:  Rockville Centre, New York
            November 18, 2024


                                               /s/ Paul Rachmuth
                                               Paul Rachmuth (pr-1566)

                                               Law Office of Paul A. Rachmuth
                                               Attorney for the Plaintiff
                                               265 Sunrise Highway, Ste. 1515
                                               Rockville Centre, New York 11570
                                               (516) 330-0170
                                               paul@paresq.com

                                               Counsel for Defendants
                                               Ronald Barrie Clapham
                                               and Mark Leonard