



**Daniel J. Vedra**
Attorney

dan@vedralaw.com
www.vedralaw.com

**VEDRA LAW LLC**

T. (303) 937-6540
F. (303) 937-6547

1444 Blake Street
Denver, CO 80202

November 15, 2024

VIA CM/ECF
Hon. Dale E. Ho
District Court Judge
United States District Court for the Southern District of New York

    Re:    Floyd's of Leadville, Inc. N/K/A Valued, Inc. v. Alexander Capital L.P. &
              Clapham - Case No. 1:22-CV-03318-DEH
              *Joint Motion*

Dear Judge Ho:

    Pursuant to this Court's order dated October 22, 2024 (Dkt. 224), the parties submit the following discovery disputes.[1]

*Floyd's of Leadville ("FoL") Dispute with Mark Leonard Regarding Bank Statements and Documentation of Share Purchase*

**FOL's Statement:** Defendant Leonard allegedly purchased stock in FoL from defaulted defendant Timothy Kelly. FoL was forced to issue shares to Leonard due to threats from ACLP. During his deposition testimony, Leonard testified that he had a contract for their purchase. It has not been produced.

    FoL has conferred with counsel for Leonard. Leonard's remaining counsel has not produced the contract.

**Leonard's Statement:**

    Mark Leonard has reviewed his records and has not located the sale contract for his FOL stock purchase from Harpoon Capital, LLC (Timothy Kelly's company).

---

[1] ACLP Defendants read the Court's Order of October 22, 2024 (Dkt. 224) to apply to discovery disputes not previously submitted to the Court, as the Court required that this letter address "future discovery disputes," while FOL reads the Order to apply to any and all remaining discovery disputes. ACLP Defendants, therefore, wish to note that there is an ongoing dispute between ACLP Defendants and FOL as to whether or not FOL has complied with the Court's Order of October 16, 2024 (Dkt. 215.) ALCP Defendants and FOL are still attempting to resolve this pending discovery dispute in good faith, as directed by the Court. ACLP Defendants are hopeful this matter can be resolved without further action by the Court but note that this dispute is ongoing to preserve their right to file a motion for contempt if they are unable to resolve the issue with FOL.

November 15, 2024
Page 2 of 2

*FoL Dispute with Alexander Capital L.P. ("ACLP") Regarding Tax Returns*

**Per FOL:** FoL requested documents evidencing the ownership of ACLP to assess ACLP's claim that it is a limited (not general) partnership. As part of prior conferrals, ACLP agreed to produce tax returns, but failed to produce signed tax returns. The identity and the capacity of the person signing the tax returns bears on whether ACLP was actually operated as a limited partnership or whether ACLP was operated as a general partnership. Although tax returns must be signed, 26 C.F.R. § 31.6061-1, and kept indefinitely, 26 C.F.R. § 6001-1, ACLP does not have such records. ACLP is attempting to obtaining tax transcripts, but those generally do not show who signed the return. ACLP insists that it is not owned by Rocco Guidicipietro and Joseph Amato, but ACLP's chief compliance officer testified in her deposition that they are the owners. If ACLP is unable or unwilling to provide signed tax returns, FoL requests that the Court permit an adverse inference. *Mali v. Fed. Ins. Co.*, 720 F.3d 387 (2d. Cir. 2013)

**Per ACLP Defendants:** ACLP Defendants take the following positions: (1) None of FOL's discovery requests call for the production of these documents. (2) Notwithstanding the fact that it had no obligation to do so, ACLP has produced relevant portions of the tax returns, as kept by ACLP, and they show that ACLP filed as a limited partnership. After a diligent search, ACLP has been unable to locate the signed versions that FOL now seeks. (3) ACLP has offered to have an officer of the company affirm, in a signed document, that the tax returns produced are the tax returns filed, but FOL has refused this offer. (4) ACLP has requested their tax transcripts from the IRS and will produce the relevant portions of what it receives. (5) Prior to sending a draft of this letter, FOL never raised the issue of the "identity and capacity" of who signed the tax returns. That issue is irrelevant to the case and is not the subject of any of FOL's discovery requests. For these reasons, ACLP Defendants take the position that any request from FOL concerning these documents be denied.

The application is **DENIED** without prejudice. FOL may move the Court again as to any potential adverse inferences to be made regarding these two disputes at the appropriate time.

Sincerely,

**VEDRA LAW LLC**

The Clerk of Court is directed to terminate ECF No. 234. SO ORDERED.

By: /s/ Daniel J. Vedra
Daniel J. Vedra

Date:  November 19, 2024
         New York, New York

Dale E. Ho
United States District Judge

**VEDRA LAW LLC**