The application at ECF No. 248 is DENIED, and accordingly, the application at ECF No. 249 is GRANTED. The Court recognizes that the ACLP Defendants appear to have attempted to resolve these issues in good faith and referenced these issues in the November 15, 2024 status letter.  But in light of the procedural posture of this case, the Court will not consider the motion as it comes more than a month after the deadline for discovery motions (for which multiple extensions were granted).  The Clerk of Court is directed to close the referenced entries.  SO ORDERED.

Dated: December 20, 2024
   New York, New York

*[signature]*
Dale E. Ho
United States District Judge

<u>*Via ECF Filing*</u>

Hon. Dale E. Ho
District Court Judge
United States District Court for the Southern District of New York

    re:    *Floyd's of Leadville, Inc., n/k/a Valued, Inc. v. Alexander Capital, L.P., et al.*, Civil Action No. 1:22-CV-03318-DEH

Dear Judge Ho:

    On October 16, 2024, in response to ACLP Defendants' motion to compel discovery (Dkt. 207), this Court ordered, in relevant part, that "Plaintiff is directed to conduct its review and produce any discoverable materials relevant to ECF No. 207 by October 25." (Dkt. 215.) Plaintiff has failed to do so. Accordingly, ACLP Defendants now file this letter motion for contempt.

    In response to this Court's order, Plaintiff produced, on October 25, 2024, four previously unproduced emails, along with a letter about the production. (Letter D. Vedra to B. Ward, October 25, 2024, attached as "Exhibit A.") In that letter, Plaintiff, rather than detailing a good faith effort to comply with the Court's Order, argued that the materials sought in Dkt. 207 were "duplicative of prior requests, vague, or speculative in nature, and seem designed to unearth information that is either irrelevant or nonexistent." (Ex. A.) The limited production of October 25 evidenced other documents that had not been produced, and the some of the production contained unusable sections. For example, Plaintiff produced, at FOL_SUPPROD_0047 – 0294, an email forwarding an email chain between Plaintiff's 30(b)(6) witness, Mr. Bell, and potential witness Frank Squilla to Plaintiff's counsel. (Exhibit B.) This chain shows several earlier emails that have not been produced. (*See* Ex. B at FOL_SUPPROD_0048-0054.) It also contains several pages of unreadable text resulting from the indentation of the chain, along with several blank pages. (*See id.* at FOL_SUPPROD_0055 – 147 and at FOL_SUPPROD_0147 – 290, respectively.)

    The October 25 production was manifestly incomplete, omitting documents responsive to multiple categories of documents sought.

Judge Dale E. Ho
December 18, 2024
Page 2

On November 13, 2024, Plaintiff produced several additional documents. These documents addressed some, but not all, of the continuing deficiencies in Plaintiff's production.

Mindful of the Court's instruction to attempt to resolve further discovery disputes in good faith, ACLP Defendants held a two-and-a-half-hour meet-and-confer call with Plaintiff on November 6, 2024, and memorialized that call in a November 8, 2024 letter. (November 8, 2024 letter B. Ward to D. Vedra attached as "Exhibit C.") A second call, lasting approximately an hour and a half, was held on December 3, 2024 and memorialized in a December 4, 2024 letter. (December 4, 2024 letter B. Ward to D. Vedra attached as "Exhibit D.") As these letters evidence, ACLP Defendants attempted to work with Plaintiff to avoid bringing this matter to the Court's attention, but the parties were unable to resolve all outstanding issues. Matters were further complicated by Plaintiff's apparent decision to walk-back several of the resolutions reached during that latter call, as evidenced by Plaintiff's December 11, 2024 letter attached hereto as "Exhibit E."[1]

The parties disagreed as to what this Court ordered when it ordered the production of "any discoverable materials relevant to ECF No. 207" with Plaintiff taking a restrictive view as to which enumerated items in ECF No. 207 (as detailed at Dkt. 207-5) constituted "discoverable" materials. Regardless, by any reasonable interpretation, Plaintiff has failed to comply with the Order.

Plaintiff's non-compliance can be broken into the following six categories.

First, there are items that Plaintiff verbally asserted were complete and that Plaintiff now refuses to affirm are complete. (*Compare* Ex. D *with* Ex. E at 2.) Because Plaintiff's counsel will not affirm the truth of his previous verbal representations, ACLP Defendants must assume that there remain discoverable items that have not been produced. (*Id.*) These missing items include discoverable communications sent by text and by the messaging applications WhatsApp and Wire, text messages between potential witness Mr. Kelly and Plaintiff, written communication between Plaintiff and various potential witnesses, text messages that Mr. Landis purported to have from Defendant Guidicipietro, documents related to various loans made to Plaintiff, documents related to prospective buyers of assets held by Plaintiff that could have been used to repay the debts at issue, documents related to Plaintiff's ability to repay the loans at issue, documents showing the relevant notes had been repaid in full, documents showing that Mr. Guidicipietro wanted to have Mr. Landis fired, and financial documents related to Plaintiff, including tax returns, profit and loss statements, and balance sheets.[2] (Ex. D at p. 2 §2, p 3 §V, p. 3 §VI, and p. 4 §VI.) ACLP Defendants must raise these items with the

---

[1] Plaintiff's letter bears the date of October 31, 2024, but this is in error. The letter, which references the correspondence of December 4, 2024, was sent on December 11.

[2] These are identified in Dkt. 207-5 as Items 3, 4, 5, 13, 14, 15, 16, 19, 20, 25, 28, and 29.

Judge Dale E. Ho
December 18, 2024
Page 3

Court because, and solely because, Plaintiff – having verbally made numerous representations about the completeness of its production – will not affirm such representations. Because ACLP Defendants cannot rely on representations that Plaintiff now disavows, they must believe that these productions are not complete, that discoverable items remain to be produced, and that Plaintiff has failed to produce them.

Second, there are items that Plaintiff verbally asserted were produced but that cannot be found in Plaintiff's production and that Plaintiff now refuses to affirm in writing were produced. (*See* Ex. E at 2.) These items include communications made between Plaintiff and various related persons via the messaging application WhatsApp, a purported email in which Mr. DiChiara stated he represented Alexander Capital in the transaction between it and Plaintiff, documents reflecting interest payments made to noteholders in mid-2020, and documents showing that Mr. DiMartini was fired for sexual harassment.[3] (Ex D at p. 2 §III.)

Third, there are responsive email communications that have not yet been produced. (Ex. D at p. 3 §VI, *see also* Dkt. 207-5 at Item 17). Plaintiff has refused to produce e-mails known to exist, and evidenced in Plaintiff's production, that have not been produced as kept in the normal course of business and that have not been produced in a readable or usable manner. (*See e.g.* Ex. B.) The exact number of such emails is unknown, but the production to date indicates that there are dozens of such emails. In addition, Plaintiff has refused to produce communications that are known to exist but not evidenced in the production, such as the emails sent by Plaintiff to various witnesses at issue in the motion at Dkt. 206. (*See* Ex. E at 2-3.) Given the known gaps in Plaintiff's production and Plaintiff's refusal to affirm that a search has been conducted and all responsive documents produced, ACLP Defendants believe there may be additional, as yet unknown and unproduced, emails to be discovered.

Fourth, the document identified as D-224 contains hyperlinks to various other documents. Plaintiff has refused to affirm that it would produce the specific items linked, so ACLP Defendants must request that all such documents be produced so that it may properly identify which items were linked to this letter. (Ex. D at p. 4 §VI, *see also* Dkt. 207-5 at Items 21 and 22.)

Fifth, there are the documents from Plaintiff's pending litigation against Jake Sitler. (Ex. D at p. 4 §VI, *see also* Dkt. 207-5 at Item 23.) Plaintiff has simply refused to produce these documents, despite the Court's Order and their plain relevance to the issue of damages. Plaintiff's CEO and damages expert testified that Mr. Sitler, along with Plaintiff's former bookkeeper "cost [Floyd's] tens of millions of dollars." (Excerpt from F. Landis deposition, 14:19-21, attached as "Exhibit F".) Certainty, an alleged theft, which occurred after the allegedly tortious actions of ACLP Defendants, which cost Plaintiff tens of millions of dollars is relevant to the issue or damages, as well as to the

---

[3] These are identified in Dkt. 207-5 as Items 4, 9, 12, and 18.

Judge Dale E. Ho
December 18, 2024
Page 4

issue of causation. Plaintiff, nonetheless, has refused to produce the documents related to that matter, in violation of the Court's Order.

Sixth, there are documents related to Plaintiff's ownership of PBVille LLC. (Ex. D at p. 4 §VI, *see also* Dkt. 207-5 at Item 26.) Plaintiff's CEO and damages expert Floyd Landis testified that, at one point, this entity was a wholly owned subsidiary of Floyd's of Leadville, and that, at some unknown point in time, it ceased to be so. (Ex. F. at 298:9-17, and at 300:19 – 301:14.) The transfer of assets away from Plaintiff is plainly a relevant issue, particularly as these assets played a major role in the related Colorado litigation. Despite this, and the Court's order, Plaintiff refuses to produce these documents.

In short, ACLP Defendants sought, and received, an order from the Court requiring Plaintiff to produce certain relevant documents. Plaintiff did not do so by the date ordered by the Court, and Plaintiff continues to refuse to do so. Despite ACLP Defendants' extensive efforts to convince Plaintiff to make the required production, it has not done so. ACLP Defendants are left with no choice but to ask this Court to sanction Plaintiff for its non-compliance with this order.

ACLP Defendants therefore request that the Court, (1) Order Plaintiff to produce each of the items enumerated above; (2) pay all of ACLP Defendants' legal fees and costs associated with ACLP Defendants' attempts to convince Plaintiff to comply with the Court's Order of October 16; and (3) order any other remedies the Court deems necessary to enforce its October 16 Order.

Sincerely,

Bryan Ward