

**Daniel J. Vedra**
Attorney

dan@vedralaw.com
www.vedralaw.com



**VEDRA LAW LLC**

T. (303) 937-6540
F. (303) 937-6547

1444 Blake Street
Denver, CO 80202

February 23, 2026

**VIA ECF**

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> The parties are **DIRECTED** to meet and confer and to propose, **by February 27, 2026**, a single schedule for summary judgment briefing on all issues for which they intend to seek summary judgment. If leave is granted, Plaintiff will be permitted to file a single opening brief as to all Defendants. Any filings by Defendants must be consolidated into a single filing. If any Defendant intends to cross-move, then each side will be permitted only 2 briefs (i.e., 1 opening brief and 1 consolidated opposition/reply, with simultaneous deadlines). The Clerk of Court is respectfully directed to terminate ECF No. 268.
>
> **SO ORDERED.**
>
> Dale E. Ho
> United States District Judge
>
> February 24, 2026
> New York, NY

Re:    Request for Leave to File Motion for Summary Judgment
       *Floyd's of Leadville, Inc. v. Alexander Capital, L.P., et al.*, Case No. 1:22-cv-3318 (DEH)

Dear Judge Ho:

Pursuant to Your Honor's Individual Practices, Plaintiff Floyd's of Leadville, Inc., n/k/a Valued, Inc. ("FOL") respectfully submits this letter to request a pre-motion conference and leave to file a Motion for Partial Summary Judgment against Defendant Alexander Capital, L.P. ("ACLP"). FOL seeks summary judgment on a discrete portion of its breach of contract claim (Count X)—specifically, ACLP's contractual obligation to indemnify and promptly reimburse FOL for legal fees and expenses.

## I.    Background and Procedural Context

FOL acknowledges the Court's admonition that motions for summary judgment are discouraged in non-jury cases. Following the Court's recent ruling that FOL is entitled to a jury trial on its non-contractual claims (including fraud, securities fraud, and breach of fiduciary duty), FOL respectfully submits that the efficiency rationale for deferring all issues to trial has shifted, and resolving at least part of FOL's contract claims in advance of trial will streamline the presentation of issues at trial.

By way of factual background, FOL hired ACLP to serve as its exclusive placement agent and financial advisor pursuant to an engagement agreement dated October 20, 2017 (the "Engagement Agreement"). ACLP raised capital by inducing investors to lend funds to FOL based on terms—including a 30% maturity premium and aggressive equity conversion rights—that were never agreed to by FOL. Moreover, ACLP's agents represented to the lenders that FOL's founders and officers had engaged in fraud and engaged in transactions that diminished the value of collateral intended to secure the loans. As a result of these misrepresentations made by ACLP's agents, FOL was unable to refinance the notes and was sued by investors in the "Colorado

Litigation", which lasted multiple years.

The existence of these misrepresentations is now beyond dispute. Discovery has established these facts through: (i) email communications provided by ACLP; (ii) a formal retraction letter signed by the President of the lender group formed to sue FOL, Greg Hurley; and (iii) Mr. Hurley's own sworn deposition testimony. FOL intends to move for summary judgment on the interpretation and enforcement of the "Indemnification" provision in Exhibit B of the Engagement Agreement to establish ACLP's liability for the substantial fees FOL has incurred due to these documented misstatements.

## II.    The Contractual Obligation to Reimburse and Indemnify

The Engagement Agreement contains an expansive and mandatory indemnification and reimbursement clause. Exhibit B provides, in relevant part:

> "Alexander agrees to indemnify and hold harmless the Company . . . against any and all loss, charge, claim, damage, expense and liability whatsoever, including, but not limited to, all attorneys' fees and expenses . . . *related to or arising in any manner out of, based upon, or in connection with any untrue statement or alleged untrue statement of a material fact* made by Alexander or any omission or alleged omission of Alexander to state a material fact . . . and will promptly reimburse the Company for all expenses (including reasonable fees and expenses of legal counsel) as incurred in connection with the investigation of, preparation for or defense of any pending or threatened Claim related to or arising from such misstatement." (Emphasis added).

## III.    Basis for Summary Judgment

Summary judgment is appropriate because the duty to indemnify and reimburse is a clear and discrete legal obligation. Under New York law, where an indemnification provision is unambiguous, it must be enforced according to its terms. *O&G Indus. v. AMTRAK*, 537 F.3d 153, 165 (2d Cir. 2008). Under the unambiguous terms of the indemnification clause in the Engagement Agreement, ACLP must (1) indemnify FOL; (2) for any and all losses, charges, claims, damages, expenses, and liabilities whatsoever; (3) related to or arising in any manner; (4) out of, based upon, or in connection with; (5) any untrue or allegedly untrue statement; and (6) made by ACLP in connection with the offering of FOL's securities. This is a broad and sweeping obligation that requires ACLP to indemnify for both false untrue and allegedly untrue statements made by ACLP.

There is no genuine dispute that each of these requirements is met. Mr. Hurley's retraction letter, which he attested to under oath during his deposition, confirms that ACLP misrepresented the material terms of the investment in FOL. While the indemnity provision requires only an *allegedly untrue* statement of a material fact, the recipient of the untrue statement has confirmed that the untrue statements were made and were untrue. Moreover, Mr. Hurley's statements confirm



**VEDRA LAW LLC**

that the misstatements resulted in indemnifiable losses because they further complicated an already complex dispute.  Despite demand, ACLP has not indemnified FOL for its losses.

ACLP cannot reasonably dispute these facts.  FOL submits, therefore, that it would be both appropriate and beneficial to permit FOL to submit a narrowly focused and singular motion for summary judgment on this portion of its claim for breach of contract.  FOL anticipates that the briefing will be short and to the point, and will not require the Court to wade through voluminous discovery to resolve.  FOL is prepared to discuss a briefing schedule at the Court's convenience.

## IV.    Conclusion

FOL seeks to file a motion for summary judgment on a discrete issue to streamline the issues in the case.  The *purpose is not* to use this Court's valuable time to see which claims might prevail.  Instead, the purpose is to eliminate a straightforward contractual issue that is not reasonably in dispute.  FOL intends to be focused and narrow in its motion to avoid the unnecessary expenditure of time on issues that cannot be resolved on summary judgment.

In the event that the Court grants the motion, FOL requests that the Court permit it four (4) weeks in which to file its motion.  For the Court's consideration, FOL also intends to file a motion for summary judgment on liability only against Defendants Mark Leonard and Ronald Barrie Clapham, who have admitted the essential elements of liability through their discovery responses, deposition testimony, and failure to answer requests for admission.  FOL reads the Court's practice standards to require leave only to seek summary judgment on non-jury issues, and neither Leonard nor Clapham has argued that the claims against them may not be presented to a jury.  Consequently, FOL does not request leave to file such a motion, and FOL remains willing to seek leave if required by the Court.

FOL understands that ACLP does not oppose leave to file a motion for summary judgment on these claims, and neither does FOL oppose ACLP's anticipated motion for leave.

Sincerely,

**VEDRA LAW LLC**

By:    /s/ Daniel J. Vedra
        Daniel J. Vedra

CC:    2023169/Floyd's of Leadville, Inc. N/K/A Valued, Inc.
        All Parties of Record

Encl:  None

