

**Daniel J. Vedra**
Attorney

dan@vedralaw.com
www.vedralaw.com

**VEDRA LAW LLC**

T. (303) 937-6540
F. (303) 937-6547

1444 Blake Street
Denver, CO 80202

April 13, 2026

**VIA ECF**

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  Opposition to Motion for Additional Pages in Summary Judgment
> Briefing
> *Floyd's of Leadville, Inc. v. Alexander Capital, L.P., et al., Case No. 1:22-cv-3318 (DEH)*

Dear Judge Ho:

On Friday, May 8, 2026, the ACLP Defendants have requested that this Court double the page limitations for summary judgment set by your practice standards and prior orders. (Doc. 274). In multiple filings to the Court, all remaining defendants recognized and accepted the page limitations. Rather than address these limitations before all parties were actively drafting their motions and Rule 56.1 Statements, the ACLP Defendants waited until two weeks before briefing is due to ask the Court to double the length. Plaintiff Floyd's of Leadville, Inc. ("FOL") did not and does not anticipate filing such a long brief and statement of facts for itself, and this late request would put FOL in the position that the defendants will file a cross motion for summary judgment that is twice as long as FOL's. If this request is granted, FOL will have to re-evaluate its approach to summary judgment on the eve of filing.

FOL attempted to confer in good-faith to see whether a reasonable accommodation could be reached. None of the four attorneys representing Defendants Leonard and Clapham attended the telephone conference. The ACLP Defendants' counsel participated in good-faith and was unable to give specific reasons why doubling the page limitations was necessary other than what is stated in their letter motion: this is a complex, multi-faceted dispute with numerous allegations of fraudulent activity that the ACLP Defendants could not reasonably seek to dismiss under Rule 12(b).

Rather than using summary judgment to attempt to narrow the issues for trial, it appears that the defendants are seeking judgment on each count and every factual issue. Given the breadth and depth of discovery that the ACLP Defendants describe in their letter motion, it is unlikely that

there are no disputed material facts, and a wide-ranging motion for summary judgment is unlikely to succeed for any party. It is more likely to unduly burden FOL and the Court. Indeed, if the complaint were as bereft of factual support as defendants likely claim it is, their motion could rely on the *Celotex* burden shifting framework to put FOL to its proof. This almost certainly would not take fifty pages of briefing and forty pages of allegedly undisputed facts.

There is a better way to limit the issues presented to the Court. This case requires context for all parties and the Court. FOL has proposed that the parties meet and confer regarding facts that are not disputed and likely to provide valuable, uncontroversial background information that all parties are likely to include and repeat. For example, no party is going to dispute that FOL engaged ACLP to act as its financial advisor and that fact is admitted in the complaint. This unremarkable and uncontroversial point will likely be included in each side's statement of undisputed facts, and there is no need for each side to present it to the Court separately and cross admit it.

To this end, FOL has already presented all defendants with a six page statement of facts for their consideration and hopefully stipulation. These stipulated facts can be filed as a separate statement to the Court outside of the Rule 56.1 Statement. Given the advanced stage of briefing and looming deadline, the parties should be able to complete this process in a week. FOL would agree to extend the deadline for filing cross motions to May 29, 2026, to accommodate this process. If, after completing this process in good faith, the defendants still believe that they need additional space to file their brief, FOL has committed to considering a reasonable enlargement. This approach does not appear objectionable to the ACLP Defendants, and Leonard and Clapham's counsel have yet to respond to it (having not participated in conferral or responded to multiple e-mails on the matter).

If the Court does not approve this approach, FOL objects to the defendants' request. FOL read the rules and the Court's orders, and FOL planned and prepared accordingly. Giving the defendants twice the length at this late hour would give defendants an unfair opportunity to play by a different set of rules while FOL has planned and relied upon the existing limits to submit a narrow motion based on undisputed facts.

Sincerely,

**VEDRA LAW LLC**

By:    /s/ Daniel J. Vedra
         Daniel J. Vedra

CC:    2023169/Floyd's of Leadville, Inc. N/K/A Valued, Inc.
       All Parties of Record

Encl:  None

