

Holly Cole
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
Holly.Cole@lewisbrisbois.com
Direct: 404.476.2027

May 19, 2026

**Application GRANTED IN PART.  The page limits for the Memoranda of Law and SOMFs are hereby EXTENDED to 35 and 30 pages, respectively.  The Parties may also file a separate joint statement of stipulated facts.  The Parties are reminded that summary judgment is appropriate only where there is *no genuine* dispute as to a *material* fact.  The Clerk of Court is respectfully directed to terminate ECF No. 278 and ECF No. 280.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: May 20, 2026
New York, New York

Hon. Dale E. Ho
District Court Judge
United States District Court
Southern District of New York

Re:  Floyd's of Leadville, Inc., n/k/a Valued, Inc. v. Alexander Capital, LP, et al
Civil Action No. 1:22-cv-03318-DEH
Joint Letter on Defendants' Request for Extra Pages for Summary Judgment

Dear Judge Ho:

The parties submit this Joint Letter as directed by the Court's May 15, 2026 Order at Dkt. 277.

On May 15, 2026, the Court denied without prejudice to renewal Defendants' request to double the page length limitations for their motion for summary judgment and Rule 56.1 Statement of Material Facts. In that order, the Court directed the parties to use reasonable efforts and good faith conferral to reach a resolution on page limitations and stipulated facts.

Defendants' Position

Although the parties have conferred regarding the submission of stipulated facts in connection with their respective summary judgment motions, Defendants Alexander Capital, L.P., NESA Management LLC, Joseph Amato, Rocco Guidicipietro, and Jonathan Gazdak ("ACLP Defendants"), along with Ronald Barrie Clapham and Mark David Leonard ("Investor Defendants"), renew their request for leave to increase the page limitations of their combined memorandum in support of summary judgment and Rule 56.1 Statement of Material Facts for the reasons stated in their prior letter motion filed on May 8, 2026 and for the following additional reasons.

Defendants have reviewed and considered Plaintiff's proposed Stipulated Facts and have agreed to the majority of them with some minor modifications. *See* Ex. A attached hereto, ACLP Defendants' Redlines to Plaintiff's Proposed Stipulated Facts. ACLP Defendants and Investor Defendants provided Plaintiff with their respective proposed stipulated facts in the evening on May 18 and Plaintiff has declined to agree to the bulk of the Defendants' proposed material facts, as expected. *See* Ex. B attached hereto, Plaintiff's Redlines to ACLP and Investor Defendants' Proposed Stipulated Material Facts.

While Plaintiff's proposed facts may provide helpful background for the Court, the majority of those facts are not material to the issues Defendants intend to raise on summary judgment.  As the Court is aware,

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
176895779.1

Hon. Dale E. Ho
May 19, 2026
Page 2

a fact is material for purposes of summary judgment when it has the potential to affect the outcome of the case  under the governing substantive law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (explaining that in evaluating a fact's materiality, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs"). Only "disputes over facts that might affect the outcome of a suit under the governing law will properly preclude the entry of summary judgment." *Id*. But "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.; see also Kramer v. Showa Denko K.K.*, 929 F. Supp. 733, 739 (S.D.N.Y. 1996) (citing *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11–12 (2d Cir.1986), *cert. denied*, 480 U.S. 932 (1987)).

As a result, even if the parties are able to agree to some limited universe of material facts at the end of the day, there will be no appreciable impact on Defendants' need for additional pages for their combined brief and SMF. The ACLP Defendants and the Investor Defendants have been ordered to submit a single combined brief, though the claims against them are distinct, the parties are unrelated and have no affiliation with each other, and are represented by separate counsel. The claims are neither simple nor straightforward and Plaintiff is seeking significant damages in the tens of millions of dollars. Defendants are merely asking that they be allowed the minimum page numbers permitted under this Court's Individual Practice Rules if they were permitted to fileseparate motions for summary judgment.

For these reasons, Defendants renew their request for leave to increase the page number for their combined summary judgment brief to 50 pages and their combined Rule 56.1 Statement of Material Facts to 40 pages.

Plaintiff's Position

The deadline to confer was today, May 19, 2026.  In the late evening of May 18, 2026, the ACLP Defendants sent a ten-page statement of additional facts.  These facts consisted primarily of at-length quotations from documents that—if provided to Plaintiff as an exhibit—Plaintiff would stipulate to after review and avoid the need to quote a document that can be placed in the record.

Later in the evening of May 18, 2026, Defendants Leonard and Clapham (referred to as the "Investor Defendants") provided their proposed stipulated facts.  The next morning, they revised that statement without providing a redline.  Their statement consisted primarily of contentious issues that contradict admissions that these Defendants have made in written discovery.

Later that same morning, the ACLP Defendants stipulated the majority of facts that Plaintiff had proposed.  The Investor Defendants stipulated the same.  The parties then conferred on a video conference and discussed the remaining issues.  Plaintiff requested the ACLP Defendants to provide the documents referred to in their proposal as exhibits so that Plaintiff may consider stipulating the exhibit as opposed to at-length quotations from an unidentified document.  The ACLP Defendants have not yet provided those.

Plaintiff then reviewed the proposed stipulated facts from both sets of defendants.  After review, and if the proposals discussed in conferral are accepted, the parties would be able to submit approximately twelve pages of double-spaced stipulated facts, most of which are background information as Plaintiff proposed.

Hon. Dale E. Ho
May 19, 2026
Page 3

Nevertheless, Defendants still insist that they need to double the page limitations already ordered by the Court. They provide no substantive reason why this is required, and they do not at presently know how long their own statement will span. They assert that the case is lengthy and complex, but overlook that the claims on which the Investor Defendants will seek judgment overlap both factually and legally with the claims against the ACLP Defendants. For example, the legal standards for aiding and abetting breach of fiduciary duty and aiding and abetting fraud overlap almost entirely with the standards for breach of fiduciary duty and fraud. They simply have two additional elements: knowledge of the underlying tort and substantial assistance. Adding two minor elements to a five-element claim does not require *double* the amount of space. It requires twenty percent more. And it certainly does not require double when the parties are prepared to stipulate approximately twelve pages of stipulated facts.

All Defendants assert that the facts that Plaintiff proposed and they agreed to are not helpful to their brief. Taking this argument as true, they had an opportunity to put forth facts that Plaintiff could agree to (as it has) that would provide relevant background to their position. Instead, Defendants submitted context-dependent excerpts from deposition testimony divorced from the underlying documents and facts. Given that Defendants had Plaintiff's proposed stipulated facts for a full week prior to the deadline, Defendants had the opportunity to provide similar context and background, but they chose not to make the most of it.

Plaintiff suggested in conferral that it would not oppose a five-page increase to the limits. Given that Defendants have known about the limits since at least February and did not immediately seek relief, this was the biggest enlargement that Plaintiff could agree to without realigning its own submission at this late hour. Because Defendants have not sought to compromise from their initial request to double the page limits—even after agreeing in principle to twelve pages of stipulated facts—a substantial increase and departure from the Court's prior orders would prejudice Plaintiff and cause undue delay.

Accordingly, Plaintiff respectfully requests that the Court permit only a five-page increase for Defendants for both their memorandum of law and their Rule 56.1 Statement of Material facts. Plaintiff requests that the parties be permitted to submitted a separate statement of stipulated facts outside of these limitations.

Respectfully,

Holly Cole of
LEWIS BRISBOIS BISGAARD & SMITH LLP

176895779.1