**Daniel J. Vedra**
Attorney

dan@vedralaw.com
www.vedralaw.com

VEDRA LAW LLC

T. (303) 937-6540
F. (303) 937-6547

1444 Blake Street
Denver, CO 80202

July 7, 2026

**VIA ECF**

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Response to Motion to Strike
*Floyd's of Leadville, Inc. v. Alexander Capital, L.P., et al., Case No. 1:22-cv-3318 (DEH)*

Dear Judge Ho:

Defendants have asked this Court to strike Plaintiff's Rule 56.1 Statement of Undisputed Material Facts or provide them a three-week extension of time to respond to Plaintiff's Motion for Summary Judgment. They acknowledge that Plaintiff promptly provided the correct Rule 56.1 Statement, which was sent to them within 19 minutes of Plaintiff being notified of the filing error. During the time since providing the correct statement to Defendants, Plaintiff and its counsel have been diligently working on Plaintiff's response to Defendants' thirty-five page motion for summary judgment that seeks judgment on every claim and includes nearly ten-thousand pages of documents. It has been all encompassing, and Plaintiff did not correct the docket until yesterday.

Defendants have not conferred nor identified any prejudice that they have suffered or will suffer from this filing error. "[S]triking portions of a pleading is a drastic remedy disfavored by the courts, and is sparingly granted. *Bishop v. Toys'"R" Us-NY, LLC*, 2009 U.S. Dist. LEXIS 17377, at *8 (S.D.N.Y. Feb. 19, 2009). Courts have declined to strike pleadings absent a showing of prejudice. *Id.* Defendants are not seeking to strike the motion for summary judgment entirely or the materials referenced in the motion, memorandum, or statement of undisputed material facts. Instead, they are seeking to strike just a portion of the summary judgment or a three-week extension of time for a document they received five days later than intended.

While it is embarrassing for undersigned counsel to have incorrectly filed the statement in the first instance, there is no prejudice to Defendants. Defendants have had both the materials referenced in the Rule 56.1 Statement and the memorandum of law since the filing deadline. They received the correct Rule 56.1 Statement five days after the filing deadline. They do not explain how this five-day delay caused any prejudice, why the prejudice cannot be cured by an extension

commensurate with the delay in providing them the statement, or how they have been harmed by having the document that was not docketed.

In place of arguing the existence of prejudice, Defendants point to the Court's practice standards for seeking extensions of time. Plaintiff did not seek an extension of time because it had thought it had timely filed the Rule 56.1 Statement, and Plaintiff suggests those standards do not address filing errors realized after the filing.

Plaintiff's counsel apologizes for the delay in docketing the correct Rule 56.1 Statement. Plaintiff does not have the resources to employ multiple law firms and lawyers to prosecute this case, and Plaintiff's focus on the substance of the motion took priority over timely docketing the correct statement when notified. Plaintiff's counsel should have docketed the corrected filing at the same time that he provided the correct statement to Defense counsel. Striking that statement, absent clear evidence of prejudice, would be drastic.

Defendants did not seek to confer on the motion to strike or request an extension of time and did not notify Plaintiff that they intended to seek this relief. Plaintiff would have consented to an extension of one week to cure the five-day delay that resulted from counsel's error. Plaintiff suggests that a one-week extension, for all parties to respond to the duly-filed motions, is an appropriate remedy.

Sincerely,

**VEDRA LAW LLC**

By: /s/ Daniel J. Vedra
Daniel J. Vedra

CC:

Encl:

**Based on Plaintiff's representation that the correct 56.1 statement, now at ECF No. 303, was shared with Defendants within five days of the filing deadline, the Court concludes that Defendants have failed to establish prejudice from the accidental filing of the wrong document. Because Plaintiff consents to a one-week extension, Defendants' Motion is GRANTED IN PART. The deadline for response briefs is EXTENDED to July 17, 2026. The Clerk of Court is respectfully directed to terminate ECF No. 304.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: July 8, 2026
New York, New York