## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

FLOYD'S OF LEADVILLE INC., N/K/A VALUED, INC,

    Plaintiff,

v.

ALEXANDER CAPITAL, L.P., et al.,

    Defendants.

Civil Action No.: 1:22-cv-03318-DEH

**MOTION TO STRIKE DECLARATION OF FLOYD LANDIS FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendants Alexander Capital, L.P., NESA Management, LLC, Joseph A. Amato, Rocco G. Guidicipietro, and Jonathan Gazdak ("ACLP Defendants"), hereby move to strike certain portions of the Declaration of Floyd Landis filed by Plaintiff in support of its Motion for Partial Summary Judgment, respectfully showing the Court as follows:

Plaintiff relies predominately on the Declaration of Floyd Landis (Dkt. 293-2) to support its Motion for Partial Summary Judgment. The Landis Declaration contains numerous conclusory and unsupported factual assertions that lack any foundation in the underlying record produced by the parties during discovery in this matter. Moreover, the Landis Declaration purports to state facts as undisputed that are not within Landis's direct personal knowledge or that are contradicted by the documentary evidence. Therefore, the Court must strike these portions of the Landis Declaration.

1

### I.      The Second Circuit authorizes a Motion to Strike as an Appropriate Means to Challenge Evidence on Summary Judgment

"[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013). Under Rule 56, "a declaration used to support or oppose a motion for summary judgment must be 'made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated." *Fed. Trade Comm'n v. Vantage Point Servs., LLC*, 266 F. Supp. 3d 648, 654 (W.D.N.Y. 2017) (quoting Fed. R. Civ. P. 56(c)(4).) A declaration not based on personal knowledge carries no weight. *Id.*; *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (holding that inadmissible statements in affidavits submitted in support of summary judgment motion are incapable of raising material issues of fact). When a declaration fails to comply with Rule 56's requirements, the offending portions should be disregarded by the court. *Fed. Trade Comm'n,* 266 F. Supp. 3d at 654; *Wahad v. FBI*, 179 F.R.D. 429, 435 (S.D.N.Y. 1998).

Courts in the Second Circuit have recognized that a motion to strike is an appropriate means for challenging evidence submitted in connection with a motion for summary judgment, particularly where the evidence contains inadmissible hearsay, conclusory statements, or has not been properly authenticated. *See, e.g., Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (1999) (finding that district court acted well within its discretion by striking inappropriate portions of the affidavit that "flagrantly disregard[ed] the requirements of Rule 56(e)" and was "riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge"); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 681 F.Supp.2d 141 (2009). A court "may strike those portions of a declaration that are not made upon the declarant's personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements." *Fed. Trade Comm'n,* 266 F. Supp. 3d at 654 (citing

*United States v. Private Sanitation indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995)); *Hollander*, 172 F.3d at 198; *see also Pugliese v. Verizon N.Y., Inc.*, No. 05-cv-4005 (KMK), 2008 WL 2882092 (S.D.N.Y. July 10, 2008) (Judge K. Karas) ("Because a decision on the motion to strike may affect [the movant's] ability to prevail on summary judgment, it is appropriate to consider a motion to strike prior to a motion for summary judgment.").

## II.    The Landis Declaration Contains Inadmissible Conclusory and Unsupported Statements

The Declaration of Floyd Landis (Dkt. 293-2) contains inadmissible conclusory statements that are not supported by the citation of any other evidence in the record and are not based on his personal knowledge.

### Paragraph 5

In Paragraph 5 of his Declaration, Landis purports to attest that "Timothy Kelly was an associate of Defendant ACLP." Many of FOL's claims against ACLP are premised on the faulty allegation in the First Amended Complaint that Kelly was an agent of ACLP, expressly stating that "references to 'Alexander Caiptal' refer to both the partnership and the conduct of its agents, primarily Gazdak, DiMartini and Kelly." (Dkt. 165 at 5, n. 3.) Landis provides no evidentiary support for his assertion that Kelly was an associate of ACLP, and his Declaration fails to substantiate the basis for any personal knowledge of the purported professional affiliation/relationship between ACLP and Kelly. Landis's conclusory and unsupported assertion is also directly contradicted by his Deposition testimony in the Colorado action and this action. Landis testified that he met Kelly "through some folks that live nearby by Alex in Larchmont, New York." (Deposition of Floyd Landis (6/13/22) at 182:25-184:2.) Landis testified that Kelly introduced him to DiMartini and he understood Kelly "was a business partner of Frank DiMartini." (*Id.* at 54:19-22; 182:19-184:2.) He testified, "I met Tim Kelly as Tim Kelly and understood him

3

to be Alexander Capital," even though he did not meet Tim Kelly through anyone at ACLP. (Landis Dep. (9/26/24) at 23:20-24:3.) Landis admitted that no one told him that Kelly was a broker at ACLP and that Kelly never represented to him that Kelly worked at ACLP. (*Id.* at 25:4-15; 105:13-106:5.) Landis admitted that he does not have any direct knowledge of a deal between ACLP and Kelly for Kelly to receive commissions on the offering. (*Id.* at 172:18-23.) He just made an assumption that Kelly had a deal with ACLP. (*Id.* at 171:16-172:9.)

It is clear from Landis's contrary testimony that the statement in his Declaration is conclusory, unsupported, and is not based on any personal knowledge that Kelly was an associate, partner, or agent of ACLP. Accordingly, the Court should strike the statement and reject all inferences that Kelly's actions are attributable to ACLP.

**Paragraph 20**

In Paragraph 20 of Declaration, Landis purports to attest that "DiChiara had a longstanding relationship with ACLP." Landis provides no evidentiary support for this assertion and Landis fails to substantiate the basis for any personal knowledge of the purported nature and extent of the professional relationship between ACLP and DiChiara. Landis's conclusory and unsupported assertion is directly contradicted by the record evidence (Defs' Resp. to Pl's SMF ¶ 27; Gazdak Decl., Dkt. 290 ¶ 16; Defs.' Rule 56.1 ¶¶ 13–17; Gazdak 2nd Decl. ¶ 6; Defs' Ex. ACLP-G) and should be given no credence by the Court.

**Paragraph 33**

In Paragraph 33 of the Declaration, Landis attests that, "[a]fter increasing the Offering to $4 million, ACLP did not notify earlier Lenders that the Offering had exceeded the $3 Million limit reflected in their documents." Landis provides no evidentiary support for this assertion and Landis fails to substantiate the basis for any personal knowledge of ACLP's communications with

the lenders. Landis's statement is pure speculation that is contradicted by other evidence in the record.  (Defs' Resp. to Pl's SMF ¶ 66; Gazdak 2nd Decl. ¶ 8; Defs' Ex. ACLP-O.) Accordingly, the Court should strike the statement.

**Paragraphs 56, 61-64, and 67**

Paragraphs 56, 61-64, and 67 are all based on pure speculation and lack any evidentiary foundation to support Landis's conclusory statements.

In Paragraph 56 of the Declaration, Landis states "Gazdak knew that Bob Bell was not an attorney." Landis provides no evidentiary support for this assertion and Landis fails to substantiate the basis for any personal knowledge as to Gazdak's knowledge of whether Bell was an attorney.

In Paragraphs 61 through 64, and 67, Landis purports to attests to the following:

61.      FOL could not borrow to refinance the Promissory Notes because the Lenders, with ACLP acting as their agent, believed they were entitled to a payoff that was 30% greater than was required.

62.       FOL could not obtain a loan without an accurate payoff amount.

63.      After Redemption accused FOL of fraud, no reasonable lender would lend to FOL while it was embroiled in heated litigation.

64.      Because FOL participated in good-faith negotiations with the Advisory Board to repay the Lenders, and the Advisory Board quickly acted to sue FOL once FOL began pursuing direct repayment with the Lenders, FOL missed the opportunity to refinance the Promissory Notes with a third party.

67.      This occurred while ACLP was actively selling shares in FOL and could have sold FOL treasury shares for FOL's benefit.

Landis does not state that FOL actually sought to obtain a loan or financing to repay the lenders or that FOL was denied such financing. Landis does not identify specifically any actual opportunities to refinance the notes with any identified third parties. Nor does Landis provide any evidentiary support for the purely speculative assertion that ACLP could have sold Leonard's stock as treasury shares for FOL's benefit. Accordingly, the Court should strike each of these statements.

5

In sum, the conclusory statements in Landis's Declaration are insufficient to establish the asserted facts for purposes of FOL's entitlement to summary judgment against ACLP and should be stricken. *See, e.g., Att'y Gen. of U.S. v. Irish N. Aid Comm.*, 668 F.2d 159, 162 (2d Cir. 1982).

Dated: July 17, 2026

Respectfully submitted,

Attorneys for Defendants Alexander Capital, L.P., NESA Management, LLC, Joseph A. Amato, Rocco G. Guidicipietro, Jonathan Gazdak

By:    /s/ Bryan Ward
       Bryan Myerson Ward
       Marvin Lim
       Holcomb & Ward, LLP
       2296 Henderson Mill Rd NE, #116
       Atlanta, GA 30345
       404-601-2803
       bryan.ward@holcombward.com

       Holly Cole
       Lewis Brisbois
       600 Peachtree Street NE, Suite 4700
       Atlanta, GA 30308
       404.476.2027
       Holly.Cole@lewisbrisbois.com

       Aaron Wright
       Alexander Capital, L.P.
       10 Drs. James Parker Blvd.
       Red Bank, NJ 07701
       (732) 256-8106 (office)
       (212) 687-5649 (fax)
       aaron@alexandercapitallp.com