**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FLOYD'S OF LEADVILLE, INC., N/K/A VALUED, INC.<br>Plaintiff,<br><br>v.<br><br>ALEXANDER CAPITAL, L.P., et al.,<br>Defendants. | Case No.: 1:22-cv-03318-DEH<br><br>**DECLARATION OF PAUL A. RACHMUTH IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, Paul A. Rachmuth, an attorney authorized to practice in the United States District Court for the Southern District of New York, affirm under penalty of perjury under the laws of the United States as follows:

1.      I am an attorney at Paul Rachmuth Law Office, PLLC, and am one of the attorneys for Defendants Ronald B. Clapham ("Clapham") and Mark D. Leonard ("Leonard," together with Clapham the "Investor Defendants") in this action.

2.       I submit this Declaration in opposition to Plaintiff's motion for summary judgment.

3.      On May 29, 2026, Plaintiff filed its motion for summary judgment against the Investor Defendants on its claims for intentional interference with prospective economic advantage, on its claim against Clapham for Aiding and Abetting Fraud, and on its claim against Leonard for Conversion. ECF 291.

4.      In support of its motion, Plaintiff filed its Supplement Rule 56.1 Statement of Undisputed Material Facts (the "SOF.") ECF 303-1.

5.      Paragraph 191 of the SOF states as follows:

On March 15, 2024, FOL served requests for admission on Leonard and Clapham. (PX 41). Pursuant to Fed. R. Civ. P. 36(a)(3), responses were due on or before April 14, 2024. As of May 29, 2026, it has been 775 days since responses were due. Despite multiple notices, in writing and by phone, to Leonard and Clapham's counsel, past and present, no responses have been received. Therefore, the following matters are deemed admitted. ECF 303-1 at ¶ 191.

6.    Plaintiff relies heavily on these "deemed admitted" facts in support of its motion for summary judgment against the Investor Defendants. *See* ECF 293.

7.    However, Plaintiff's requests for admission with respect to the Investor Defendants were served solely via email. *See* ECF 294 – 42.

8.    Service via electronic mail is only appropriate if the person to be served in that manner "consented to it in writing." See Fed.R.Civ.P. 5(b)(2)(E).

9.    To the best of my knowledge and recollection, and based on a review of my files, neither I, nor any other attorney for the Individual Defendants, consented to have the requests for admission or any other document served on the Individual Defendants or their counsel via email prior to, during, or after service of Plaintiff's requests for admission.

10.    Moreover, to the best of my knowledge and recollection, and based on a review of my files, contrary to Plaintiff's representation in ECF 303-1 at ¶ 191, I never received a notice from Plaintiff, whether by writing or by phone, stating that the responses of the Individual Defendants to Plaintiff's requests for admission were outstanding.

Further Declarant says not.

Date:   July 15, 2026
        Rockville Center, New York

Respectfully Submitted,

Paul A. Rachmuth