UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Floyd's of Leadville, Inc. N/K/A Valued, Inc.,
Plaintiff,

v.

Alexander Capital L.P., et al.,
Defendants.

22-CV-3318 (DEH)

ORDER

DALE E. HO, United States District Judge:

Currently before the Court is the Cross-Motion of Defendants Mark Leonard and Ronald Barrie Clapham, ECF No. 329, filed as a motion for a preliminary injunction. Leonard and Clapham ("the Individual Defendants") seek an order requiring Plaintiff Floyd's of Leadville, and those acting in concert with it, to obtain leave from this Court before filing any action in any forum against a party to this action or its counsel that arises from this litigation or this Court's orders. *See* Mem. of L. in Supp. of Cross-Mot. at 17, ECF No. 330. For the reasons below, the Motion is **DENIED**.

First, to the extent the Individual Defendants seek a preliminary injunction, as the docket entry for the Cross-Motion indicates, they have entirely failed to brief the relevant factors, let alone demonstrate they are satisfied. *See, e.g., Gov't Emps. Ins. Co. v. Patel,* 166 F.4th 280, 290-91 (2d Cir. 2026) (listing preliminary injunction factors). Regardless, any such request fails because the Individual Defendants have not demonstrated non-speculative, non-remote irreparable harm, "which, as the single most important prerequisite for the issuance of a preliminary injunction, must be satisfied before the remaining requirements need be considered." *Id.* at 291. The Individual Defendants filed their cross-motion after the filing of a single lawsuit in Colorado. *See* Mem. of L. at 18, ECF No. 330. However one characterizes the Colorado action (and the parties indeed

dispute how to characterize it), the filing of that one lawsuit does not provide a basis for prospective injunctive relief against future potential lawsuits. The Individual Defendants have failed to articulate more than a speculative possibility that Plaintiff will bring further lawsuits against them. Nor is that changed by the Individual Defendants' representation, on reply, that Plaintiff's counsel "intends" to file another suit in Georgia. *See* Reply in Supp. of Cross-Mot. at 5, ECF No. 338; Decl. of Serge Krimnus ¶ 7, ECF No. 339.

Even putting aside the preliminary injunction factors, a pre-filing order of the type the Individual Defendants seek is warranted only in "extraordinary circumstances," which they fail to show are present here. *See Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019). The Second Circuit has articulated the following factors for courts to consider when determining whether a restriction on party's ability to file lawsuits is appropriate:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Here, the Court need not delve deep into the disputed Colorado action to conclude that the Individual Defendants are not entitled to the relief they seek. Most importantly, they have failed to demonstrate that Plaintiff has a history of vexatious, harassing or duplicative lawsuits. Again, they point only to the single Colorado action. While there is no "strict numerosity requirement that must be met" under *Safir*, *see Eliahu*, 919 F.3d at 714, the lack of a pattern of multiple lawsuits weighs heavily against the Individual Defendants' drastic request.

Relatedly, while the Colorado action undoubtedly caused expenses to others, a single suit that was resolved on the pleadings does not pose such an unnecessary burden as to require a pre-

filing order. And as Plaintiff notes, there are other sanctions that can deter the abusive litigation that the Individual Defendants fear, such as attorneys' fees in such actions. The Individual Defendants have not shown at this point that such deterrence is inadequate.

All in all, the Individual Defendants fail to show that the circumstances here warrant the extraordinary relief they seek. The ultimate question under *Safir* is "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Eliahu*, 919 F.3d at 714 (citing *Safir*, 792 F.2d at 24). The Individual Defendants have not shown that to be the case here.

The Individual Defendants' Cross-Motion is therefore **DENIED**. The Court will proceed to consider the parties' remaining motions to strike and for Rule 11 sanctions in due course when it adjudicates Plaintiff's pending motion for partial summary judgment—a prospect that is not hastened by unnecessary additional motions practice. *See* ECF Nos. 314, 320, 327.

The Clerk of Court is respectfully directed to close ECF No. 329.

SO ORDERED.

Dated: November 20, 2026
New York, New York

DALE E. HO
United States District Judge